

**HAREL TALASAZAN, Esq.**
535 N FULLER AVENUE
LOS ANGELES, CA 90036
HARELTALA@GMAIL.COM
Telephone:    (310) 254-4232

Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

1  ///
   ///
2  ///
   ///
3  ///
   ///
4  ///
   ///
5  ///
6  ///
   ///
7  ///
   ///
8  ///
   ///
9  ///
   ///
10 ///
   ///
11 ///
   ///
12 ///
   ///
13 ///
   ///
14 ///
   ///
15 ///
   ///
16 ///
   ///
17 ///
   ///
18 ///
   ///
19 ///
   ///
20 ///
   ///
21 ///
   ///
22 ///
   ///
23 ///
   ///
24 ///
   ///
25 ///

2:24-CV-01356-CJC-AGR

COMPLAINT AND PETITION HT.V.02_20_2024          - 1 -

| | |
|---|---|
| 1  HAREL TALASAZAN, an individual, AND ALL OTHERS SIMILARLY | Case No.: |
| 2  SITUATED, | |
| 3 | **COMPLAINT FOR:** |
|    Plaintiff, | **1)**    QUIET TITLE |
| 4 | **2)**    RACKETEERING INFLUENCED |
|                            vs. | AND CORRUPT ORGANIZATIONS ACT (RICO) |
| 5 | |
| 6 | **3)**    FREEDOM OF INFORMATION ACT |
| 7  ROBERT M. FARRELL, CLERK OF The District court of Massachusetts, | **4)**    FREEDOM OF INFORMATION ACT |
| 8  Boston Division, | **5)**    BREACH OF CONTRACT |
| 9  Maria R. Hamilton, Clerk of the | **6)**    CONVERSION |
|    Court of Appeals of the First | **7)**    AMERICANS WITH |
| 10  Circuit located in Boston, | DISABILITIES ACT (ADA), ADA of 1990, the ADA Amendments Act of |
| 11  Honorable Denise Jefferson | 2008, California's Unruh Civil |
|    Casper, in her personal, | Rights Act, and the California |
| 12  administrative, and/or official | Disabled Persons Act, California |
|    capacities, | Civil Code Sections 54.1 up to |
| 13 | and including 55.32 |
| 14  Lisa Hourihan, courtroom clerk, | **8)**    42 USCS §§ 1981, 1983, |
|    in her personal, administrative, | AND 1985 |
| 15  and/or official capacities, | **9)**    42 USCS § 1983 |
| 16  Haley Currie, in her personal, | **10)**    42 USCS § 1983 |
|    administrative, and official | **11)**    42 USCS § 1985 |
| 17  capacities, | **12)**    SECTIONS 501 UP TO AND |
| 18 | INCLUDING 12 UNITED STATES CODE |
|    DOE Judges 1-10 of the District | **13)**    SECTIONS 501 UP TO AND |
| 19  Courts of the First Circuit, in | INCLUDING 12 UNITED STATES CODE |
|    his or her personal, | **14)**    QUIET TITLE |
| 20  administrative, and/or official | |
| 21  capacities, inclusive, | **JURY TRIAL DEMANDED ON ALL** |
| 22  Robin Carnahan in her personal, | **CAUSES OR CLAIMS TRIABLE BY JURY** |
|    administrative, and official | |
| 23  capacity as Administrator of the | Complaint and Petition |
|    General Services Administration, | -Filed: |
| 24 | Transfer Date: |
|    Maura Healey, the governor of | Trial Date: |
| 25  the commonwealth of the state of | |
| 26  Massachusetts, in her personal, | |
|    administrative, and/or official | |
| 27  capacities, | |
| 28 | |

1  Curtis M. Wood, in his personal, official, and/or administrative

2  capacities,

3  Jason Snyder, Commissioner of the Massachusetts Department of

4  Revenue in his personal, administrative, and/or official

5  capacity,

6

7  Robert Foley, Chief Operations Officer of the Massachusetts Department of Revenue, in his

8  personal, administrative, and/or official capacity,

9

10  William Francis Gavin, secretary of state of the commonwealth of

11  the state of Massachusetts, in his official, personal, and/or

12  administrative capacities,

13

14  Stephen J. Murphy, Register of Deeds for Suffolk County, Massachusetts, and/or the First

15  District of the Commonwealth of Massachusetts, or both said

16  county and district, in his personal, administrative, and/or

17  official capacities,

18

19  Maria C. Curtatone, Register of Deeds for the Southern Division of Middlesex County,

20  Massachusetts, in her personal, administrative, and official

21  capacities,

22

23  Kimberly Budd, Chief Justice of the Supreme Judicial Court of the Commonwealth of the State of

24  Massachusetts, in her personal, administrative, and official

25  capacities,

26

27  Gordon H. Piper, Chief Justice of the Land Court of the Commonwealth of Massachusetts,

28

1  in his personal, administrative, and official capacities,

2

3  David Lowy, Associate Justice of the Supreme Judicial Court of the Commonwealth of the State of

4  Massachusetts, in his personal, administrative, and/or official

5  capacities,

6

7  Board of Bar Overseers of the Commonwealth of the State of Massachusetts, in its official,

8  administrative, and fiduciary capacities,

9

10  Joseph Berman, general counsel of the board of bar overseers of

11  the commonwealth of the state of Massachusetts, in his personal,

12  official, and/or administrative capacities,

13

14  Dorothy Anderson in her personal, administrative, and/or

15  official capacities,

16  David Sean Ferriero, in his personal, administrative, and/or

17  official capacities,

18

19  Joy Shogan, in her personal, administrative, and/or official capacity,

20

21  Michelle Wu, Mayor of Boston, in her personal, administrative

22  and/or official capacities,

23  Deborah Goldberg, treasurer and receiver general of

24  Massachusetts, in her official, administrative, and/or personal

25  capacities,

26

27  Amy Stewart, in her personal, official and/or administrative capacities

28

1   Maura Doyle, in her personal,
    administrative and/or official
2   capacities

3   Michael Clifford, in his
    Personal, Administrative, and/or
4   representative capacity,

5   
    Yehudah Weinhaus, in his
6   personal, professional, and/or
    administrative capacities,
7   
    Susan M. Collins, in her
8   personal and individual
    capacities,
9   
10  Ronald O'Hanley, in his personal
    and individual capacities,
11  
    Sushil K. Tuli,
12  in his personal and individual
    capacities,
13  
14  Jeanne A. Hulit,
    in her personal and individual
15  capacities,

16  Stephen J. Cronin, in his
    personal, administrative,
17  fiduciary, and/or official
    capacities,
18  
19  David Marks, in his personal,
    official, administrative,
20  professional, and/or
    administrative capacities,
21  
22  Attorney Poonam Patidar, also
    known as Bond Counsel, in her
23  administrative, professional,
    fiduciary, official and personal
24  capacities,
    Brian Thomas Moynihan, in his
25  personal, individual,
    administrative, and official
26  capacities,

27  
    The Deposit Trust & Clearing
28  Corporation, including but not

1    limited to its participants,
     affiliates, agents, subsidiary
2    Depository Trust Company,
     successors, and/or assigns,
3
     PENNY PRITZKER, in her personal,
4    official, administrative,
     associative, fiduciary, and/or
5    participatory capacities,
6
     NICHOLAS J. PRITZKER, in his
7    personal, official,
     administrative, associative,
8    fiduciary, and/or participatory
     capacities,
9
10   AND
11   DOES 1-50
12
13           Defendants and Respondents
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## TABLE OF CONTENTS

| | |
|---|---|
| INTRODUCTION | PAGE 10 |
| PRELIMINARY STATEMENT | PAGE 13 |
| PARTIES | PAGE 15 |
| JURISDICTION AND VENUE | PAGE 53 |
| FACTS AND BACKGROUND INFORMATION | PAGES 55-104 |
| FIRST CAUSE OF ACTION | PAGE 104 |
| SECOND CAUSE OF ACTION | PAGE 119 |
| THIRD CAUSE OF ACTION | PAGE 124 |
| FOURTH CAUSE OF ACTION | PAGE 128 |
| FIFTH CAUSE OF ACTION | PAGE 131 |
| SIXTH CAUSE OF ACTION | PAGE 133 |
| SEVENTH CAUSE OF ACTION | PAGE 135 |
| EIGHTH CAUSE OF ACTION | PAGE 139 |
| NINTH CAUSE OF ACTION | PAGE 143 |
| TENTH CAUSE OF ACTION | PAGE 148 |
| ELEVENTH CAUSE OF ACTION | PAGE 152 |
| TWELFTH CAUSE OF ACTION | PAGE 158 |
| THIRTEENTH CAUSE OF ACTION | PAGE 162 |
| FOURTEENTH CAUSE OF ACTION | PAGE 164 |

## TABLE OF AUTHORTIES CITED

### A. United States Constitution

1. U.S. Const. amend. V: (Nor [shall any person] be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use without just compensation) (EMPHASIS SUPPLIED).

2. U.S. CONST., art. I, § 10, cls. 1, 3: (No State shall, without the Consent of Congress, lay any Duty of Tonnage, keep Troops, or Ships of War in time of Peace, enter into any Agreement or Compact with another State, or with a foreign Power, or engage in War, unless actually invaded, or in such imminent Danger as will not admit of delay).

3. Fourteenth Amendment, Section 1: All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws).

## B. <u>UNITED STATES CODE</u>

1)    5 U.S.C. § 552
2)    28 U.S.C. § 1631
3)    28 U.S.C. § 1651-1654
4)    40 U.S.C. § 301
5)    28 U.S.C. §1331
6)    28 U.S.C. §1337
7)    18 U.S.C. §1964
8)    42 U.S.C. §1332(a)(1)
9)    28 U.S.C. §1367(a)
10)   28 U.S.C. §1391
11)   18 U.S.C. §1965(b)
12)   28 U.S.C. §754
13)   28 U.S.C. § 1734
14)   28 U.S.C. § 1735
15)   28 U.S.C. §1367(a)
16)   28 U.S.C. § 1346(a)(1)
17)   28 U. S. C. § 2071
18)   28 U. S. C. § 2072
19)   28 U. S. C. § 2073
20)   28 U. S. C. § 2074
21)   28 U.S.C.A. § 2409a
22)   40 U.S.C. § 257
23)   40 U.S.C. § 602, 604(a)
24)   40 U.S.C. § 490(a) (12)
25)   40 U.S.C. § 258a
26)   28 U.S.C. § 1914
27)   28 U.S.C.A. § 1917
28)   AMERICANS WITH DISABILITIES ACT
29)   Americans with Disabilities Act (ADA) of 1990
30)   ADA Amendments Act of 2008
31)   42 U.S.C. § 1981
32)   42 U.S.C. § 1983
33)   42 U.S.C. § 1985
34)   12 U.S.C. §§ 501 - § 522

## C. <u>UNITED STATES STATUTES AT LARGE CITED</u>

1) 115 STAT. 4, PUBLIC LAW 107-2

## D. <u>FEDERAL RULES OF CIVIL PROCOEDURE CITED</u>
1) Federal Rules of Civil Procedure Rule 60
2) Federal Rules of Civil Procedure Rule 70
3) Federal Rules of Civil Procedure Rule 71.1

## E. <u>US SUPREME COURT CASES CITED</u>
1) Kohl v. United States, 91 U.S. 367, 372-373 (1876)

2) Kirby Forest Indus. v. United States, 467 U.S. 1 (1984)
3) Schlagenhauf v. Holder, 379 U.S. 104, 112 (1964)
4) PennEast Pipeline Co. v. New Jersey, 594 U. S. ___, 141 S.Ct. 2244, 2251–2252 (2021)
5) McColluch v. Maryland, 17 U.S. 316 (1819)
6) Ex Parte Wall, 107 U.S. 265 (1883)
7) Ex Parte Burr, 22 U.S. 529 (1824)
8) Rose v. Himley, 8 U.S. 241, 4 Cranch 241 (1808)
9) Clearfield Trust Co. v. United States, 318 U.S. 363 (1943)
10)  Los Angeles Brush Corp. v. James, 272 U.S. 701 (1926)
11)  Marbury v. Madison, 5 U.S. 137 (1803)

F. UNITED STATES CIRCUIT AND DISTRICT COURT CASES CITED
1) In Re: Kirkland, 75 F.4th 1030 (9th Cir. 2023)
2) Aldana v. Del Monte Fresh Produce N.A., Inc. 741 F.3d 1349, 1359 (11th Cir. 2014)
3) Arbitraje Casa de Cambio v. United States Postal Service, 297 F.Supp. 2d 165 (2003)
4) In Regards: MoveIt Customer Data Security Breach Litigation, J.P.M.L., No. 3083, 123MD03083D

G. CALIFORNIA AUTHORITIES CITED
1) California's Unruh Civil Rights Act
2) Civil Code §51 et seq. (the "Unruh Act")
3) California Disabled Persons Act
4) Cal. Civ. Code, § 54.1 up to and including § 55.32
5) Cal. Civ. Code § 3281 up to and including § 3296

H. MASSACHUSETTS AUTHORITIES CITED
1) Mass. SJC Rule 1:01 cognate to Fed. R. Civ. P.
2) Subsection 1 of section 7 of rule 4:01 of the rules of the Supreme Judicial court.

I. MASSACHUSETTS CASES CITED
1) Radway v. Selectmen of Dennis, 165 N.E. 410, 411 (Mass. 1929), 266 Mass. 329 (1929)
2) Nextera Energy Resources, LLC v. Dep't of Public Utilities & others, 485 Mass. 595 (2020)
3) The Salem Glass Co. v. The Federal Reserve Bank of Boston, Suffolk County Superior court, Case File Docket Number 07553A

J. NEW YORK STATE AUTHORITIES CITED
1) Holt et al. v. Feigenbaum, 52 N.Y.2d 291 297–299 (1981)
2) New York Bank v. Sullivan, 214 N.Y. 332, 108 N.E. 558 (1915)

**K. SECONDARY AUTHORITIES CITED**
1) **Ames, History of Assumpsit, 2 Harv L Rev 1**
2) **Slade's case, (4 Coke 91a, 92b, 76 Eng Rep 1072, 1074 [KB]),**

## INTRODUCTION

1.   Plaintiff and Petitioner Harel Talasazan brings this Complaint and Petition for Writ of Prohibition, Writ of Mandamus, Writ of Assistance, or one or more of such writs, pursuant to Section 1631 and, Sections 1651 up to and including 1655 of 28 United States Code.

2.   Plaintiff and Petitioner Talasazan brings this independent action for relief from the order of dismissal in civil case 1:22-CV-11764 in the U.S. District Court for the District of Massachusetts, pursuant to Federal Rule of Civil Procedure 60(d). This is on behalf of himself, and all others similarly situated, as described in more detail below. Talasazan alleges the following based on personal knowledge as to his own acts, and on information and belief after investigation as to all other matters. Talasazan shows substantial evidentiary support exists or will exist after further investigation and discovery. Additionally, Petitioner Talasazan will file or lodge a Petition for Writ of Prohibition, Writ of Mandamus, Writ of Assistance, or one or more of such writs. This is on behalf of himself, and all others similarly situated, as will be described in more detail below.

Talasazan petitions this court to issue such writs directed to the Clerks of:

a) The Clerk of the District Court of Massachusetts,
b) The Clerk of the First Circuit Court of Appeals, and
c) The District courts, Tax courts, and Bankruptcy courts
   of the First Circuit, inclusive

**3.**    Alternatively, Talasazan requests the transfer of this action, the writs, or both said action and writs, inclusive, to the U.S. Supreme Court under the Rules Enabling Act. (See The Rules Enabling Act, 28 U. S. C. § 2072[1] (see footnote 1); *Schlagenhauf v. Holder*, 379 U.S. 104, 112 (1964) (citing *Los Angeles Brush Corp. v. James*, 272 U.S. 701, 706) ("[W]here the subject concerns the enforcement of the . . . Rules which by law it is the duty of this Court to formulate and put in force . . . it may . . . deal directly with the district court . . . ."). Talasazan requests transfer of the writs to the Supreme Court of the United States under the Rules Enabling Act, so it may either directly address the issues itself or transfer the case to an appropriate court. This is so the Court

---

[1] which provides:

(a) The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including proceedings before magistrate judges thereof) and courts of appeals.
(b) Such rules shall not abridge, enlarge or modify any substantive right. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect.
(c) Such rules may define when a ruling of a district court is final for the purposes of appeal under section 1291 of this title. The Supreme Court shall have the power to prescribe, by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure of the district courts of the United States in civil actions.

may address, among other things, the void title and material defects to, on, and around the John Joseph Moakley United States Courthouse (as per H.R. 559, 115 Stat. 4 – An act to designate the United States courthouse located at 1 Courthouse Way in Boston, Massachusetts, as the "John Joseph Moakley United States Courthouse"), assist Harel Talasazan condemn the property by eminent domain to rectify its title to the land and buildings erected thereon (as per *Kohl v. United States*, 91 U.S. 367, 372-373 (1876) (espousing the principle that the federal government is empowered "to appropriate lands or other property within the states for its own uses . . . to enable it to perform its *proper functions*." Id. at 371., and as more recently articulated in *PennEast Pipeline Co. v. New Jersey*, 594 U. S. ___, ___, 141 S.Ct. 2244, 2251-2252 (2021) (Per Roberts, C.J.), and repel encroachments and encumbrances by private entities, the State of Massachusetts, and the City of Boston that impinge on the John Joseph Moakley United States Courthouse. Moreover, the states surrendered their immunity from the exercise of the federal domain power when they ratified the constitution, *PennEast Pipeline Co. v. New Jersey*, 594 U. S. ___, 141 S.Ct. 2244, 2251-2252 (2021). This Court confirmed the federal eminent domain power espoused in the *Kohl* case, Ibid, as recently as *PennEast Pipeline Company, LLC v. New Jersey*, 594 U.S. — , 141 S. Ct. 2244, 2255 (2021) which empowers a private party to condemn property for and on behalf of the federal

sovereign where, as here, federal statutory law enables the same to do so. Id.

4.    Talasazan petitions the United States Supreme Court to issue such writs directed to the Clerks of:

> a) The Clerk of the District Court of Massachusetts,
> b) The Clerk of the First Circuit Court of Appeals, and
> c) The District courts, Tax court, and Bankruptcy court of the First Circuit, inclusive

<u>PRELIMINARY STATEMENT</u>

5.    This case challenges the legality of the actions taken by the Defendants the Board of Bar Overseers, the Office of Bar Counsel, Joseph Berman, and Dorothy Anderson, among others, in the ultra vires regulation and administration of attorney discipline proceedings, including but not limited to, against Plaintiff, Talasazan. Talasazan alleges these actions serially and diffusely violate the rules, statutes, and authorities of the United States. Talasazan is a resident of Los Angeles, California. In October of 2022 he filed a federal lawsuit in the District Court of Massachusetts, Boston Division (case Number 1:22-CV-11764) as a preemptive action. His goals were to enjoin the attorney discipline proceedings against him and expose alleged corruption in the Massachusetts legal system, particularly relating to the COVID-19 pandemic.

6.    The Defendants subsequently initiated an attorney discipline case against Talasazan in May and July 2023 before the Supreme Judicial Court of Massachusetts (case number BD-23-045, referred

to here as "045"). In this case, they recommended a two-year suspension of Talasazan's license to practice law.

7.    Talasazan contends the Defendants acted without and wanting of jurisdiction, with reckless indifference to the controlling rules and authorities. He also alleges Defendants had lacked proper jurisdiction and failed to provide requisite notice and an opportunity for him to be heard. Talasazan argues he satisfies all requirements to pursue this independent legal action challenging the disciplinary proceedings, whether in this court or in the Supreme Court of the United States.

8.    Talasazan is totally and permanently deaf in his left ear. He alleges that the Defendants further violated his rights under the Americans with Disabilities Act (ADA) of 1990 and the ADA Amendments Act of 2008 by failing to provide reasonable accommodations for his hearing disability throughout the disciplinary proceedings. More specifically, Talasazan contends that he made numerous requests for accommodations such as written transcripts of oral arguments and the hearings related to case 045. However, the Defendants repeatedly denied these requests in reckless indifference to their legal obligations under the ADA. Talasazan argues this systemic denial of accommodations for his disability compounds the due process violations and unlawful actions by the Defendants in pursuing the baseless disciplinary case against him.

## PARTIES

**9.** Plaintiff and Petitioner is Harel Talasazan (referred to here as "Talasazan"). At all relevant times, Talasazan was and still is a resident of the state of California. Talasazan is the Plaintiff in 11764 and Talasazan is the Respondent in 045.

**10.** Defendant and Respondent is Robert M. Farrell. He is sued in his personal, administrative, and official capacities. Mr. Farrell is the Clerk of the District Court for the District of Massachusetts located in Boston. The said district court for the District of Massachusetts located in Boston is in the building officially known and designated as the John Joseph Moakley United States Courthouse. (as per H.R. 559, 115 Stat. 4 - An act to designate the United States courthouse located at 1 Courthouse Way in Boston, Massachusetts, as the "John Joseph Moakley United States Courthouse" supra). Said courthouse is located at One Courthouse Way Boston, Massachusetts.

**11.** Defendant and Respondent is Maria R. Hamilton, Clerk of the Court of Appeals of the First Circuit located in Boston. She is sued in her personal, administrative, and official capacities. The said appeals court for the first circuit court of appeals is located in the building officially known and designated as the John Joseph Moakley United States Courthouse (as per H.R. 559, 115 Stat. 4 - An act to designate the United States courthouse located at 1 Courthouse Way in Boston, Massachusetts, as the "John Joseph

Moakley United States Courthouse" supra). Said courthouse is located at One Courthouse Way Boston, Massachusetts.

**12.**    Defendant and Respondent is the Honorable Denise Jefferson Casper. She is sued in her personal, administrative, and/or official capacities. Among other things detailed below, Judge Casper was the judge who had been assigned to 11764.

**13.**    Defendant and Respondent is the Madam Clerk Lisa Hourihan. She is sued in her personal, administrative and/or official capacities. Ms. Hourihan was the courtroom clerk for said judge Casper who had been assigned to 11764.

**14.**    Defendant and Respondent is Haley Currie. She is sued in her personal, administrative, and official capacities. Ms. Currie was the docket clerk for said judge who had presided over 11764.

**15.**    Talasazan is without knowledge of other judge(s) who had presided in any parallel case that had commenced or proceeded in relation to 11764. Talasazan is informed and believes that at all relevant times there are parallel cases, including but not limited to cases which, by the local rules of the District Court for the District of Massachusetts were heard and/or presided without notice to or an opportunity for Harel Talasazan to be heard. Talasazan is informed and believes, and based thereon alleges, that, by admission of the administrative support staff of the Executive Office of the First Circuit court, a parallel case had commenced in Maine. Further research Talasazan conducted in this respect suggests that it involves a cyber security breach pertaining to

the Redstone family and CBS Broadcasting Inc. formerly known as Columbia Broadcasting System. Talasazan reserves his rights, including but not limited to, amend this Complaint and/or the Petition filed herewith, and sue Doe Judge 1 up to and including Doe Judge 10.

**16.** Defendant Robin Carnahan is sued in her personal, administrative, and official capacity as Administrator of the General Services Administration ("GSA"). The GSA is a federal agency established under the Federal Property and Administrative Services Act of 1949 (40 U.S.C. § 301 et seq.) and in more specific detail:

a) The GSA, through its contracting officers and agents, entered into and executed multiple contracts by and between itself on the one hand, and Quadient Holdings USA, Inc., Quadient Finance USA, Inc., Quadient, Inc., and Quadient CXM USA, Inc. and their agents, subsidiaries, predecessors, affiliates, and assigns, inclusive (collectively "Quadient"), on the other hand. In more specific detail, the GSA and Quadient, entered into and executed:

   - Contract Number GS-25F-0110M, signed and executed on November 9, 2001, located at 100 S Independence Mall West Philadelphia, Pennsylvania 19106.

   - Contract MODIFICATION NUMBER PS-A837, signed and executed on October 11, 2021 by GSA's contracting officer and administrator located at 50 United Nations Plaza San

Francisco, CA 94102. This modified Solicitation Number 47QSMD20R0001, Refresh Number 8, pertaining to the 2001 contract.

- The GSA contracted with QUADIENT (including any affiliates, predecessors, subsidiaries, agents, and assigns) formerly known as Neopost and referred to collectively as "QFKN".

- QFKN has offices at 478 WHEELERS FARMS RD MILFORD, CT 06461-9105 and engages in interstate and global commerce.

17.   Defendant and Respondent is her excellency Maura Healey, the current governor of the commonwealth of the state of Massachusetts. She is sued in her personal, administrative, and/or official capacities. Governor Healey directs and/or supervises and/or manages and/or administrates, among other persons and entities, the Executive Office of Technology Services and Security ("EOTSS"), the Massachusetts Department of Revenue, the Governors council of the commonwealth of the state of Massachusetts, the secretary of state of the commonwealth of the state of Massachusetts, the Register of Deeds for Suffolk County and/or the register of deeds of the first district or both, the Register of Deeds for the Southern Division and the Northern Division of Middlesex County, inclusive.

18.   Defendant and Respondent is Curtis M. Wood (referred to here as "Mr. Wood"). He is sued in his personal, official, and administrative capacities. Mr. Wood was the former Secretary and

Chief Information Officer of Executive Office of Technology Services and Security ("EOTSS"). Mr. Woods' tenure in such office began on or about circa 2017 up to and including 2022. Pertinently, Mr. Wood was the agent of the Commonwealth of the State of Massachusetts who:

a) Signed and/or executed the volume licensing contract for, inter alia, Microsoft products and services, by and between the Commonwealth of the State of Massachusetts, on the one hand, and Microsoft Corporation, on the other hand. (Refer to Exhibit 3, "Agreement 5348" in First Amended Complaint of 11764); and

b) Mr. Wood had also managed and/or supervised and/or administrated the Geographic Information Systems[2] ("GIS") in respect to the neglect, dereliction, and/or oversight pertaining to the city of Boston parcel information system publishing of the property which the John Joseph Moakley United States Courthouse is built thereon, which in February of 2023 had shown that title ownership had been addressed to: 200 Arlington Street, Chelsea, MA 02150. Said address contains the following state

---

[2] "The Massachusetts Interactive Property Map, developed by MassGIS, enables developers, banks, realtors, businesses, and homeowners to view seamless property information across the Commonwealth. One of a handful of such state-sponsored tools in the country, the ongoing effort is the product of MassGIS working with community assessors, their mapping consultants, and other stakeholders."
(Massachusetts%20Interactive%20Property%20Map%20_%20Mass.gov.html; accessed 09/12/2023) Quoting Massachusetts Geographic Information System website (Quoting website text published) (emphasis added)

agencies: The Division of Capital Asset Management and Maintenance ("DCAMM") which manages facility services at the Massachusetts Information Technology Center (DCAMM is responsible for capital planning, public building construction, facilities management, and real estate services for the Commonwealth ); and/or Executive Office of Public Safety and Security, Department of Criminal Justice Information and Services;

c) In conjunction with (or without) the Governors council of the commonwealth of the state of Massachusetts, by its use of its subpoena power to issue secret financial warrants, money had been diverted from the John Joseph Moakley United States Courthouse to line the pockets of and corruptly convert money for agents of the commonwealth by its use of said Boston parcel to 200 Arlington Street, Chelsea, MA 02150. Either one of the said state agencies, or both of such, defrauded and/or embezzled and/or defalcated and/or depredated the federal fisc during the public health emergency that had been declared as a result from the outbreak of the corona virus disease of 2019. Either one of the said state agencies, or both of such, depredated the federal fisc by its use of personal and sensitive information of United States Citizens, its prisoners incarcerated in its prison system and the land on which the commonwealth

of the state of Massachusetts held ownership or property rights thereon; and,

d) Mr. Wood had also directed and/or supervised and/or managed and/or administrated (see footnote 8, infra) the online publication, of the appropriations, as signed by Governor Baker on July 16, 2021 in the Fiscal Year of 2022 General Appropriations Act, in pertinent part, the following:

    i.    $1.4 Million Dollars ($1,400,000.00 U.S.) for cloud hosting and maintenance costs such as

    ii.    Commonwealth Information Warehouse (CIW). Pertinently, CIW "ha[d] moved to the AWS [Amazon Warehouse Services] Redshift environment as of February 18, 2022.

    iii.    The Netezza (CIW_Prod) environment will no longer be available. This change will affect all CIW users and the Service Desks which support the CIW[;]" and

    iv.    EOHHS Virtual Gateway, and

    v.    Mass[achusetts] G[eographic] I[nformation] S[ystems](See and Refer to Footnote 1, above; see also *Nextera Energy Resources, LLC v. Dep't of Public Utilities & others*, 485 Mass. 595 (2020) (describing in detail the geographic

information system, adjudging and decreeing to its accuracy and reliability).); and

j.          MoveIT, which had sustained a serious and broadly encompassing cyber-attack that compromised and damaged the integrity of files and data of persons and entities including, but not limited to, Plaintiff and Petitioner, Citrix, Inc. and the Defendant and Respondent Supreme Judicial Court of Massachusetts, Tyler Technologies, Defendant and Respondent Board of Bar Overseers, Defendant and Respondent Office of Bar Counsel of the Board of Bar Overseers, Defendant and Respondent Joseph Berman, and Defendant and Respondent Dorothy Anderson. Despite the fact that the Commonwealth of Massachusetts publishes a yearly data breach notification report applicable to consumers and businesses, as promulgated by the Massachusetts legislature, neither notice to or from Defendants and Respondents Supreme Judicial Court of Massachusetts, Board of Bar Overseers, Office of Bar Counsel of the Board of Bar Overseers, Joseph Berman, and Dorothy Anderson was reported or merely forwarded to the Executive Office of Technology Services and Security, nor were any consumers or businesses who deal with any of these respondents and Defendants informed, nor was the damage that had affected, damaged, and/or impaired

the integrity and regularity of any proceedings involving the same corrected or rectified; and

k.        several  Health  and  Human  Services  (HHS) programs.  (emphasis supplied)

**19.**  Defendant  and  Respondent  Jason  Snyder  is  the  current Commissioner of the Massachusetts Department of Revenue. He is sued in his personal, administrative, and/or official capacity. Mr. Snyder oversees the Massachusetts Department of Revenue (DOR), which is a state government agency that oversees taxes and child support in Massachusetts. DOR is closely connected with the Massachusetts Family and Probate courts and the Registry of Motor Vehicles[3]; it administers tax laws, collects tax revenues, provides limited  assistance  to  taxpayers,  and  enforces  child  support obligations.  Prior  to  this  appointment,  Mr.  Snyder  was  the Secretary and Chief Information Officer of the Commonwealth of the State of Massachusetts and the head of EOTSS. Mr. Snyder manages, administrates, and/or supervises:

a) Matthew Gorzkowicz, the Secretary of the Executive Office for  Administration  and  Finance.  Mr.  Gorzkowicz  manages

[3] See, in pertinent part: https://www.boston25news.com/news/local/more-than-50k-mass-drivers-will-receive-new-id-licenses-due-printing-anomaly/BVSVINH4TNBJDEUQEIEPXNUP6E/, OR https://www.nbcboston.com/news/local/53k-mass-drivers-licenses-id-cards-being-replaced-after-printer-mishap/2739868/ (Jun 6, 2022 — More than 50,000 new driver's licenses and identification cards are being mailed out in Massachusetts Monday because of a printing error. IDEMIA [the vendor that prints its licenses reported an "anomaly"]) but which, more likely than that, was the result of employee misconduct or a cyber-attack, see case cited in the First Amended Complaint, 11764, case cited pertaining to "Mignenco" former employee of said Idemia (and its predecessor in interest). (emphasis supplied)

COMPLAINT AND PETITION HT.V.02_20_2024        - 23 -

and/or supervises and/or directs: Deb Wagner, Director, Bureau of Accounts and Anthony Rassias, Deputy Director, Bureau of Accounts;

b) Christopher Wilcock, Chief of the Bureau of Local Assessment of Massachusetts;

c) Kenneth Woodland, Chief of the Municipal Finance Law Bureau of Massachusetts;

d) Zack Blake, Chief of the Financial Management Resource Bureau of Massachusetts; and

e) Kirsten Shirer, Chief of the Data Analytics and Resources Bureau of Massachusetts, and Lisa Krzywicki, Deputy Chief of the same said Bureau.

**20.**    Defendant and Respondent is Robert Foley. He is sued in his personal, administrative, and official capacity. Mr. Foley is the Chief Operations Officer of DOR[4]. Mr. Foley is the official at the Massachusetts Department of Revenue who handles, among other

---

[4] Mr. Foley handles disseminating short term rental data and reports from the DOR to relevant government agencies and officials. Mr. Foley works in a position that gives him access to the raw data sets and reporting compiled by the DOR on short term rental activity and taxes in Massachusetts. Mr. Foley's email address is listed with the DOR domain and he is the point of contact for requests related to short term rental data and reports, as stated here:

> "If you are a representative of a regional planning agency, municipality or other public agency seeking to obtain data sets pursuant to MGL 64G Section 17 or a prior report, please contact Bob Foley at foleyr@dor.state.ma.us."

https://www.mass.gov/doc/fy2021-short-term-rental-economic-activity-report/download (accessed 12/25/2023).

things, information requests and data sharing related to short term rental economic activity reporting, serving as a liaison between the DOR and government agencies seeking this tax data.

21.    Defendant and Respondent William Francis Gavin is the current secretary of state of the commonwealth of the state of Massachusetts. Mr. Gavin is sued in his official, personal, and/or administrative capacities. Mr. Gavin directs and/or supervises and/or manages the custody, care or control of the state records.

22.    Defendant and Respondent Stephen J. Murphy is the Register of Deeds for Suffolk County, Massachusetts, and/or the First District of the Commonwealth of Massachusetts, or both said county and district, inclusive. He is sued in his personal, administrative, and/or official capacity. As Suffolk County Register of Deeds, and/or the First District of the Commonwealth of Massachusetts, or both said county and district, Mr. Murphy heads the Registry and office which is responsible for recording, archiving, and providing public access to real estate documents and land records for Suffolk County, including property deeds, mortgages, liens, plans, among other things, tangible and electronic. As head of this office, Mr. Murphy ultimately oversees the land records archives and recording system for Suffolk County's and/or the First District's, or both said county and district, Registry of Deeds.

23.    Defendant and Respondent Maria C. Curtatone is the Register of Deeds for the Southern Division of Middlesex County in Massachusetts. She is sued in her personal, administrative, and

official capacity. As Middlesex County Register of Deeds, Ms. Curtatone manages the Southern Division registry office and land records for that district of Middlesex County. Her responsibilities involve maintaining and managing the recording system and public archives for real estate documents including deeds, plans, mortgages that relate to the Southern Division of Middlesex County.

**24.** Defendant and Respondent is Kimberly Budd, Chief Justice of the Supreme Judicial Court of the Commonwealth of the State of Massachusetts. She is sued in her personal, administrative, and official capacities. Chief Justice Budd administrates and/or supervises and/or manages and/or directs and/or assigns cases to associate justices of the Supreme Judicial Court of Massachusetts, administrates and supervises the Board of Bar Overseers including but not limited to its agents, subsidiary organizations, and affiliates.

**25.** Defendant and Respondent is Gordon H. Piper, Chief Justice of the Land Court of the Commonwealth of Massachusetts. He is sued in his personal, administrative, and official capacities. Judge Piper in his personal, official and/or administrative capacities, is the judge of the land court that, in pertinent part, had entered a judgment in favor of the city of Boston taking by eminent domain, the John Joseph Moakley United States Courthouse. Among other persons and entities to which these encroachments pertain, Calamari Court Inc[.], which is a fish restaurant among other things, appeared as title owner of the John Joseph Moakley United States

courthouse in or about January up to and including March of 2023. A true and correct copy of the case docket sheet pertaining to said "Calamari Court" is appended herewith as **Exhibit 1**. A true and correct copy of the land court case records pertaining to said "Calamari Court" is appended herewith as **Exhibit 2** (See also Exhibit 43 (Case 1:22-cv-11764-DJC Document 52-43 Filed 03/27/23 Page 49 of 53 (Massachusetts GIS records)); See also Case 1:22-cv-11764-DJC Document 52-51 Filed 03/27/23 Pages 5 up to and including Page 28 of 32 Pages, 11764 (Massachusetts GIS records); see also, *Nextera Energy Resources, LLC v. Dep't of Public Utilities & others*, 485 Mass. 595 (2020), supra; see also, paragraph 131., subparagraphs "a)" up to and including "f)", INFRA; see also, Footnotes 22, 24, infra). A true and correct copy of the city of Boston assessment records pertaining to the city of Boston assessment search results and property assessment records pertaining to the John Joseph Moakley United States Courthouse being mis-identified and mis-located as "12 Northern Avenue Boston, Massachusetts" published, transmitted, and retrieved on the City of Boston's web domain address of "boston.gov" circa 2023 is attached herewith as **Exhibit 3**. A true and correct copy of the purported "instrument of taking" that is "executed as a sealed instrument" on "December 18, 2012" and notarized the same said date, pertaining to said John Joseph Moakley United States Courthouse being mis-identified and mis-located as "12 Northern Avenue Boston, Massachusetts" recorded, transmitted, and/or

published in the Suffolk County Registry of Deeds of Massachusetts and/or the First District Registry of Deeds of Massachusetts, or both said county and district, inclusive, dated 02/01/2013, and retrieved 2/12/2023 as per the cover page of as per the cover page of said register of deeds "Document Detail Report" and within Page 232 of Book 50922 that follows immediately thereafter, is appended herewith as **Exhibit 4**. A true and correct copy of the purported "notice of taking" that "Francis M. Roache, Register Suffolk County Registry of Deeds" purportedly "ATTEST[s]" (emphasis supplied) on "06/19/2015" pertaining to said John Joseph Moakley United States Courthouse being mis-identified and mis-located as "12 Northern Avenue Boston, Massachusetts" recorded, transmitted, and/or published in the Suffolk County Registry of Deeds of Massachusetts and/or the First District Registry of Deeds of Massachusetts, or both said county and district, inclusive, as per "No. 001051 T.L." OF THE "COMMONWEALTH OF MASSACHUSETTS LAND COURT DEPARTMENT OF THE TRIAL COURT" retrieved 2/12/2023 as per the cover page of said register of deeds "Document Detail Report" and within Page 232 of Book 50922 that follows immediately thereafter, is appended herewith as **Exhibit 5**. Despite the fact that Talasazan had furnished evidence to the District Court of Massachusetts showing this is being done, see Exhibits 43, 52, Docket Entry Number 52 of 11764, supra, and that, thereafter, the State Defendants were window washing direct evidence contemporaneously when a motion for sanctions Talasazan filed was under advisement in 11764, showing

and to proving the same, the court did nothing and like all motions that preceded it, said motion and all documents filed with it in support of the same only languished on the docket like the rest of Talasazan's filings. Instead of at the very least acting on the said Motion, or in the best of situations protect and defend the federal sovereign from state encroachments infecting and rotting the impartiality and fairness of the court, the federal fisc, and the case itself, the District Court Judge assigned to 11764 not only failed in the fundamental duty of ruling on said motion in a timely fashion, thereby amputating any interlocutory appeal that may have been pursued, but persisted in the failure to act or rule on it while these depredations and encroachments raged on. When the court in 11764 did rule on all the motions and the case entirely, it is as if the supreme judicial court furnished the executioner and the court in 11764 the guillotine, and as more detailed below, acted in concert conterminously.

**26.**   Defendant and Respondent David Lowy is an Associate Justice of the Supreme Judicial Court of the Commonwealth of the State of Massachusetts. He is sued in his personal, administrative, and/or official capacities. Judge Lowy, in his official, administrative and/or personal capacities, was the single justice Chief Judge Budd assigned to 045, which is the purported attorney discipline case regarding Talasazan but is wanting of jurisdiction.

**27.**   Defendant and Respondent is the Board of Bar Overseers of the Commonwealth of the State of Massachusetts. The Board of Bar

Overseers of the Commonwealth of the State of Massachusetts, in its official, administrative, and fiduciary capacities, was the Defendant in 11764 and the Plaintiff (also known as the complainant) in 045. The Board of Bar Overseers was created under Rules promulgated by the supreme judicial court of the commonwealth of Massachusetts pursuant to its authority under the Massachusetts General Laws in or about circa 1974. The supreme judicial court of the commonwealth of Massachusetts is supposed to administrate and supervise the Board of Bar Overseers, as it enables and is principal to the board of bar overseers, its agent, whose primary function is to oversee the conduct of attorneys who are licensed to practice law in its state. The Board of Bar Overseers contains a number of sub-agencies, in pertinent part, the office of bar counsel, the Attorney and Consumer Assistance program, the client's security board, and the Massachusetts Interest on Lawyers Trust Accounts ("IOLTA") committee. The Board of Bar Overseers was the Defendant in 11764, and the purported plaintiff also known as the complainant in 045 which is without and wanting of jurisdiction.

**28.** Defendant and Respondent is Joseph Berman. He is sued in his personal, official, and/or administrative capacities. Joseph Berman is the general counsel of the board of bar overseers. Joseph Berman had electronically signed the purported complaint which is also known as the "information" in 045 but not under oath or affirmation. 045 is the purported Attorney discipline case before

the supreme judicial court but is without and wanting of jurisdiction.

29. Defendant and Respondent is Dorothy Anderson. She is sued in her personal, administrative, individual, and/or official capacities. Ms. Anderson is also known as Dorothy Scheck Anderson. Dorothy Anderson is a named Defendant in 11764. More detailed information pertaining to Ms. Anderson is as follows:

    a) Ms. Anderson is a attorney licensed in the state of Massachusetts.

    b) She is employed at the Office of Bar Counsel, which is an agent of the Supreme Judicial Court of Massachusetts and functions as the investigatory and prosecutorial arm of the attorney disciplinary system. Ms. Anderson serves as the assistant bar counsel at the office of Bar Counsel, and is a unionized employee.

    c) Little distinguishes the Office of Bar Counsel and the Board of Bar Overseers, these two use and occupy the second floor office located at or about 99 High Street Boston, Massachusetts; they use the same domain name for the purposes of transmitting e-mails; and they use the same website to publish libelous and defamatory information about Harel Talasazan or store such data for third parties to publish and disseminate;

d) Ms. Anderson is an agent of the "Attorney and consumer assistance program"[5] which is also part of the Office of the Bar Counsel of the Board of Bar Overseers. (see link in footnote 2);

e) Ms. Anderson is an agent of the "Massachusetts IOLTA Committee", which is both dependent on and independent of the State of Massachusetts and its subdivisions, created by judicial fiat and decree, and the maker and overseer of its own banking ecosystem irrespective of the state of California among the other states of the union and the federal sovereign, where the potential for abuse of person's livelihoods and takings of property is diffuse and contravenes the bill of rights and the constitutional diffusion of power to the states and the separation of power to the three co-equal branches of government;

f) Ms. Anderson is also an agent of the said Board of Bar Overseers;

g) On or about June 21, 2023 Ms. Anderson had argued ex-parte on behalf of the board of bar overseers in 045 which is without and wanting of jurisdiction, notwithstanding. To the extent Anderson had testified during said hearing, if true, she perjured herself.

---

[5] See link below: https://www.massbbo.org%2Fs%2Fwho-we-are-obc-acap&usg=AOvVaw2MGQ9YQd8lE9GCvIQeIIXA&opi=89978449

h) Biographically, Ms. Anderson persists as assistant bar counsel even though her history is checkered with frauds, egregious ethical misconduct, concealments in furtherance of frauds, depredations of the federal fisc, and misrepresentations.

i) Ms. Anderson's current primary residential address is 466 Lowell Avenue, Newton Massachusetts which is also referred to as 466 Lowell Avenue, Newtonville Massachusetts. (For Ms. Anderson's Deed to this property, See Page 68 up to and including Page 69 of Book 62623 recorded, transmitted, and published in the Registry of Deeds of the Southern Division of Middlesex County, Massachusetts on or about 9/12/2013 and, for the Mortgage referring to "Newtonville" see Page 70 up to and including Page 86 of Book 62623 recorded, transmitted, and published in the Registry of Deeds of the Southern Division of Middlesex County, Massachusetts on or about 9/12/2013 (the same day).).

j) Within encumbrances among but many other instruments recorded primarily in the Middlesex County Registry of Deeds, Southern Division, Ms. Anderson's conveyances and purchases are replete with fraud of lenders she had borrowed money from, inasmuch as grantees and purchasers she had conveyed and sold property to. (See "l)" below). Antecedent to Ms. Anderson's purchase and conveyance of

466 Lowell Avenue Newton or Newtonville, Massachusetts, Ms. Anderson resided at or around 27 Hillside Road Newton, Massachusetts.

k) On or about September 14, 2012 a judgment of divorce nisi was adjudged, ordered, and decreed between Ms. Anderson and her former spouse Floyd H Anderson also known as Floyd H Anderson, Jr.. The case number of this divorce is MI12D3441JP. See Case 1:22-cv-11764-DJC Document 52-8 Filed 03/27/23 Pages 7-8 of 84.

l) On or about August 29, 2013 – before her divorce was finalized – Mr. and Mrs. Anderson sold and conveyed the 27 Hillside residence, see pages 360 up to and including 362 of book 62547 recorded, transmitted, and published in the Registry of Deeds of the Southern Division of Middlesex County, Massachusetts. However, the purchasers and grantees received the house encumbered by money lender "Citi Bank, N.A." had loaned to Mr. and Mrs. Anderson and which, like the mortgage on said 27 Hillside Road, had been executed by the same as borrowers and "as husband and wife as tenants by the entirety". (See mortgage dated 04/23/2007, recorded within page 312 et seq[6]. of Book 49321 recorded, transmitted, and published in the Registry of Deeds of the Southern Division of

---

[6] As a result of files being corrupted, I must refer to hand written notes and cannot see the documents I had downloaded which would have provided more precise reference citations.

Middlesex County, Massachusetts; see also, discharge dated 03/20/2014 recorded within pages 329 et seq[7]. of Book 63391 recorded, transmitted, and published in the Registry of Deeds of the Southern Division of Middlesex County, Massachusetts; see also "j)" above).)

m) Over and above this, in real estate transaction over the state line of Massachusetts, more recent purchases and conveyances show Ms. Anderson has falsified and/or endorsed and/or attested to the false and incorrect residential home address of 66 Lowell Avenue Newton and/or Newtonville, Massachusetts, which is a sidewalk in Newton and/or Newtonville, Massachusetts. This purchase and conveyance was to purchase a winter vacation home away from her real home, wherein she enjoys and lavishes in a steam shower among but many other luxurious amenities at the address 32 Ick Road Whitingham, Vermont which had also been known, transmitted, and published as 32 Ick Lane Whitingham, Vermont. Talasazan alleges this house was not only fraudulently conveyed but is purchase money traceable from money the congress had allocated or transmitted to Massachusetts for it to disburse for the people as emergency funds during the corona virus pandemic of 2019, the emergency declarations proclaimed

---

[7] As a result of files being corrupted, I must refer to hand written notes and cannot see the documents I had downloaded which would have provided more precise reference citations.

as a result of and as a result from its spread and contagious diseases, and money drawn from the federal treasury for and to the people to ride out the storm of its wake.

n) the preceding a) up to and including m) is inclusive.

30.   Defendant and Respondent is David Sean Ferriero. David Sean Ferriero, in his personal, administrative, and/or official capacity, was the tenth archivist of the National Archives and Records Administration beginning from November of 2009 up to and including April of 2022. When he was the head of the National Archives and Records Administration, the case files of Civil Action No. 92-12833-WD which is the civil action commenced for condemnation of the land of what is now the John Joseph Moakley United States Courthouse erected thereon but which the case file had been destroyed by agency order in or about circa 2011[8]. Prior to becoming the tenth archivist of the National Archives and

_____

[8] Reference is made to Civil Action No. 92-12833-WD which is the civil action that had commenced for condemnation of the land of what is now the John Joseph Moakley United States Courthouse erected thereon but which the case file had been destroyed by agency order in or about circa 2011; reference is made to Pages 041 up to and including 047 of Book 17978 recorded, transmitted, and/or published in the Suffolk County Registry of Deeds of Massachusetts and/or the First District Registry of Deeds of Massachusetts, or both said county and district, inclusive. More specifically, the only record remaining, published, and transmitted of said case file of said Civil Action No. 92-12833-WD, and the only remaining record of said case file is a lis pendens, so recorded, published, and transmitted, of said Pages 041 up to and including 047 of Book 17978.

Records Administration, Mr. Ferriero was the branch director of the New York Public Library[9].

**31.**    Defendant and Respondent is Joy Shogan. Ms. Shogan, in her personal, administrative, and/or official capacity, is the current Archivist in the office of the United States National Archives and Records Administration.

**32.**    Defendant and Respondent is Michelle Wu. She is sued in her personal, administrative, and official capacity. Ms. Wu is the mayor of Boston, Massachusetts. Her office is located at 1 CITY HALL SQUARE BOSTON, MASSACHUSETTS 02201. Ms. Wu administrates and/or supervises and/or manages and/or directs and/or assigns administrative functions of the city of Boston to the following agents and/or departments:

   a) Nicholas Ariniello, Defendant and Respondent, in his administrative capacity is the Commissioner of the Assessing Department of Boston, Massachusetts located at ROOM 615 of 1 CITY HALL SQUARE BOSTON, MA 02201; and

   b) Alex Geourntas, Defendant and Respondent, in his administrative capacity is the City Clerk of Boston, Massachusetts located at located at ROOM 615 of 1 CITY HALL SQUARE BOSTON, MA 02201.

---

[9] Upon information and belief, Talasazan reserves the right to show that David Sean Ferriero is the seller and grantor of the said real property located and addressed 32 Ick Road Whitingham, Vermont also known as 32 Ick Lane Whitingham, Vermont, directly or indirectly, as an agent, affiliate, insider, and/or assign.

**33.** Defendant and Respondent Deborah Goldberg is the treasurer and receiver general of Massachusetts. She is sued in her official, administrative, and/or personal capacity. By its abuse of the property records which pertain to the Supreme Judicial Court, the Board of Bar Overseers, the Massachusetts IOLTA committee, the Massachusetts state lottery, and the Department of Education, inclusive, in Massachusetts among other states such as Maine and Maryland, the Treasury of the State of Massachusetts conceals and aids in the concealment of frauds that affect the federal fisc and Harel Talasazan.

**34.** Defendant and Respondent is Amy Stewart. She is sued in her personal, administrative and/or official capacities. At all relevant times, Ms. Stewart was and still is the assistant clerk of the Supreme Judicial Court of Suffolk County. In pertinent part, Ms. Stewart was the assistant clerk who had communicated with, transmitted e-mails to, and was responsible for the attorney discipline case concerning Harel Talasazan, 045 which is without and wanting of jurisdiction. In defiance of the clear and unequivocal command embodied within the order of notice, Ms. Stewart, in an equally clear and undoubted disobedience to said order of notice, did not attest to the order of notice, despite the abundance of instances in which Harel Talasazan hemorrhaged money out of his pocket and rejected the complaint and/or information to put Ms. Stewart on notice of the same.

**35.** Defendant and Respondent is Maura Doyle. She is sued in her personal, administrative and/or official capacities. At all relevant times, Ms. Doyle was and still is the clerk of the Supreme Judicial Court of Suffolk County. In pertinent part, Ms. Doyle was the clerk of said court responsible for the assistant clerk who had communicated with, transmitted e-mails to, and was responsible for the attorney discipline case concerning Harel Talasazan, 045 which is without and wanting of jurisdiction. Ms. Doyle had also fraudulently certified the purported "order of term suspension" only further reenforcing the notion that the court is wanting and without jurisdiction. It also justifies Harel Talasazan's criticisms of the said court in that he had called it a kangaroo court or that it had parodied the law among other things. In defiance of the clear and unequivocal command embodied within the order of notice, Ms. Doyle, in an equally clear and undoubted disobedience to said order of notice, did not attest to the order of notice, despite the abundance of instances in which Harel Talasazan rejected the complaint and/or information to put Ms. Doyle on notice of the same. Despite these facts, Madam Clerk Doyle is the person who had signed the entry of the order of term suspension against Talasazan, the purported case and its resulting order is without and wanting jurisdiction is notwithstanding.

**36.**   Defendant and Respondent is Michael Clifford[10], he is the "Co-founder & Principal DGT Associates, Inc." which is registered to do business in the State of Massachusetts and in the State of New York. He is sued in his Personal, Administrative, and/or representative capacity. Mr. Clifford is the employer of Ethan Dickson who is or at all relevant times was an employee of the same. On or about 8:30 AM in Los Angeles, California, Mr. Dickson had agreed by phone transmission conterminously, to furnish Harel Talasazan certain plan and/or survey records, detailed below, by e-mail transmission and by delivery of the tangible paper copies to Harel Talasazan, in exchange for payment of copying said plan and/or survey records and its postage to deliver to Harel Talasazan. These plan and/or survey records, which were in the possession, custody, and/or control of the former Cullinan Engineering Co. but now are in the possession, custody and control of Defendant and Respondent Michael Clifford, were, upon information and belief acquired by the same when said Cullinan Engineering Co. Inc. had filed for bankruptcy and its property had been auctioned. Reference is made to In Re: Cullinan Engineering Co. Inc., Case Docket Number 4:11-BK-42809 (2011) in the Bankruptcy Court of Massachusetts located in Worcester, Massachusetts. Harel Talasazan had input text, that, he had pasted and reviewed from the following: reference is made to Civil Action No. 92-12833-WD

---

[10] <mclifford@dgtassociates.com>

which is the civil action commenced for condemnation of the land

of what is now the John Joseph Moakley United States Courthouse

erected thereon but which the case file had been destroyed by

agency order in or about circa 2011; reference is made to Pages

041 up to and including 047 of Book 17978 recorded, transmitted,

and/or published in the Suffolk County Registry of Deeds of

Massachusetts and/or the First District Registry of Deeds of

Massachusetts, or both said county and district, inclusive. More

specifically, the only record remaining, published, and transmitted

of said case file of said Civil Action No. 92-12833-WD, and the

only remaining record of said case file is a lis pendens, so

recorded, published and transmitted, of said Pages 041 up to and

including 047 of Book 17978; more specifically, page 047 contains

the following text "Lots 1A and 1B are shown on a plan attached

hereto" Id. of said Book 17978 **but no** attachment is recorded,

transmitted, and/or published therewith. This is the copy of the

plan and/or survey records so agreed between Harel Talasazan and

said Ethan Dickson. Mr. Clifford breached the material terms of

this said contract, and, over above this, extorted Harel Talasazan

to pay him a price that gouged any reasonable amount for the same

in additional denominations of $100 over and above the exorbitant

$500 Mr. Clifford had quoted in the first instance and in material

breach of the agreement entered between Harel Talasazan and Ethan

Dickson, per day, by e-mail transmission to Harel Talasazan. Said

text within said page 047 continues "and titled, "Plan of Land,

Northern Avenue, Boston, Massachusetts, Suffolk County, prepared for General Services Administration," Scale: 1"=40' dated October 15, 1991 by Cullinan Engineering Co., Inc., Auburn - Boston, Massachusetts." Id. Michael Clifford, said Co-Founder and Principal of DGT Associates, Inc. had or should have this said plan of land in its possession and/or control. Plaintiff and Petitioner is informed and believes and based thereon alleges that the Defendant and Respondent Michael Clifford was the agent, employee, co-venturer, partner, co-conspirator, or in some manner agent, representative or principal, or both, for other Defendants and Respondents, within and without the State of Massachusetts, and was acting within the course and scope of the same, inclusive.

**37.**  Yehudah Weinhaus, also known as "Eddie" or "Coach" Weinhaus resides in Los Angeles County, California, and is employed at Pepperdine University, located in Malibu, County of Los Angeles, California. He is sued in his personal, administrative, and/or professional capacities. Mr. Weinhaus is an attorney, and the principal, managing agent, and co-founder of Legal Solved, LLC which also does business as "Redbane" and which also is the publisher of the website domain namely "alabnews.com" which purports to act as a news agency by summarizing, among other things, the defamatory and libelous summaries of the purported discipline the Board of Bar Overseers stores on its website.

**38.**  Defendant and Respondent Susan M. Collins is the president and chief executive officer of the Federal Reserve Bank of Boston.

She is sued in her official, fiduciary, personal, and/or official capacities. At all relevant times, the Federal Reserve Bank of Boston, which is the headquarters of and for the First District of the Federal Reserve had its real property, and the people's personal property in commercial papers, processed, transferred, transmitted, and routed contrary to and in violation of the Federal Reserve Act.

**39.**   Defendant and Respondent is Ronald O'Hanley. He is sued in his personal and individual capacities. Mr. O'Hanley is the Chairman and Chief Executive Officer of State Street Corporation. Mr. O'Hanley is a Class A Director of the Federal Reserve Bank of Boston. He was elected by member banks of the Federal Reserve Bank of Boston to represent the same.[11]

**40.**   Defendant and Respondent is Sushil K. Tuli. He is sued in his personal and individual capacities. Mr. Tuli is the Chairman and Chief Executive Officer of Leader Bank. Mr. Tuli is a Class A Director of the Federal Reserve Bank of Boston. He was elected by member banks of the Federal Reserve Bank of Boston to represent the same. (See footnote 5 for more information).

**41.**   Defendant and Respondent is Jeanne A. Hulit. She is sued in her personal and individual capacities. Ms. Hulit is the President and Chief Executive Officer of Maine Community Bancorp.

---

[11] https://www.bostonfed.org/about-the-boston-fed/board-of-directors.aspx ((for more information concerning Defendants and Respondents Mr. O'Hanley, Mr. Tuli, and Ms. Hulit see the preceding website) published, transmitted, and accessed 2/11/2024).

Ms. Hulit is a Class A Director of the Federal Reserve Bank of Boston. She was elected by member banks of the Federal Reserve Bank of Boston to represent the same. (See footnote 5 for more information).

**42.**    Defendant and Respondent Stephen J. Cronin is the assistant clerk of the Supreme Judicial court of Massachusetts. He is sued in his personal, administrative, fiduciary, and/or official capacities. At all relevant times, Stephen J. Cronin was an assistant clerk in relation to the cases detailed and as set forth in 11764, as well as in 045. Talasazan alleges Stephen J. Cronin is the assistant clerk but among others who had engaged in ultra vires ex-parte communications to confuse, deceive, deny Talasazan access to the courts, and defraud Talasazan.

**43.**    David Marks also known as "David R Marks" and/or "David Michael Marks" is the assistant attorney general of Massachusetts. He is sued in his personal, official, administrative, professional, and/or administrative capacities. Mr. Marks handles the "constitutional and administrative law division" of said attorney general. Mr. Marks represented the Board of Bar Overseers, Office of Bar Counsel, and Dorothy Anderson among other defendants in 11764. Talasazan alleges Mr. Marks had engaged in ultra vires ex-parte communications to confuse, deceive, and defraud Talasazan.

**44.**    Defendant and Respondent Brian Thomas Moynihan is the Chief Executive Officer and Chairman of the Board of Trustees of Bank of America. He is sued in his personal, individual, administrative,

1   and official capacities. At all relevant times, Bank of America

2   had been the primary and only bank Harel Talasazan had accounts

3   open. On or about February 09, 2023 Talasazan had tried to pay for

4   certain things that needed to be mailed in relation to 11764 at

5   the United States Postal Service "Del Valle" Branch addressed and

6   located at 819 West Washington Blvd. Los Angeles, California. His

7   payment, using a bank of America credit card was declined. The

8   clerk had already accepted the things Talasazan had furnished for

9   mailing. Talasazan asked the clerk to keep the items there, that

10  he will be back February 10, 2023, the next day, to tender payment

11  in cash, and did so like he said, and on February 10, 2023 the

12  clerk at said Branch transmitted the things then and there for

13  delivery. Talasazan called Bank of America shortly thereafter and,

14  during a recorded phone call by and between Talasazan and Bank of

15  America's agents, Talasazan was informed that he had been placed

16  on "hardship" and that, according to said Bank's records, he was

17  an employee of a law firm in Tampa, Florida whose main office is

18  in Orlando, Florida known by the website "Kelattorneys.com".

19  Talasazan denied such an employment relation vigorously, and the

20  said Bank's agent swiftly froze Talasazan's accounts and locked

21  Talasazan out of all of his online accounts. Talasazan demanded

22  access to his accounts, and was foisted with the option to either

23  agree to and accept new terms and conditions or remain barred and

24  restricted from accessing any of his accounts. Talasazan demanded

25  to speak with the supervisor of said Bank's agent, and was

COMPLAINT AND PETITION HT.V.02_20_2024          - 45 -

transferred to and spoke with a supervisor who would only identify himself as "C41FW". The said supervisor assured Talasazan that his employment relation with said "kelattorneys.com" would not and will not affect Talasazan in any way if he agrees to and accepts the said online terms and conditions, and Talasazan reiterated to said supervisor that if this were so, that said Bank will assure him from here on out of the same, he will agree to and accept, and the said supervisor of the Bank confirmed the same, and Talasazan agreed to and accepted the online terms and conditions on the assurance made by said supervisor of Bank of America coterminously, then and there, and for good and valuable consideration Harel Talasazan on the one hand and Bank of America on the other hand, agreed to and accepted said assurance then and there. Talasazan reiterated the assurance agreed to and accepted by and between Bank of America on the one hand and Harel Talasazan on the other hand. The said supervisor tried to repudiate but Talasazan reiterated to said supervisor made it and that Bank of America must honor it. Shortly after said call, Talasazan mailed Bank of America a copy of the notes he had taken of the recorded phone call detailed above, by USPS certified mail return receipt requested.

**45.**   Defendant and Respondent is The Deposit Trust & Clearing Corporation, including but not limited to its participants, affiliates, agents, subsidiary Depository Trust Company, successors, and/or assigns. It is sued in its official, administrative, and fiduciary capacities. The Depository Trust

Company is a wholly owned subsidiary of the Deposit Trust & Clearing Corporation; the former was organized in or about circa 1973 in response to the paperwork crisis that financial institutions faced in the 1970's, when the sheer volume of commercial papers, instruments, and securities delivered in its paper form far exceeded the capacities financial services entities could handle or process. Upon information and belief, and based thereon Talasazan alleges, The Depository Trust Company is the central securities depository and holder of municipal bonds of the city of Boston and the state of Massachusetts, but the same is ex-delicto as more detailed within this complaint and petition. In conjunction with its parent entity that operates a clearing house under Article 8 of the Uniform Commercial Code, and in confluence with the facts alleged within this petition and complaint, The Deposit Trust & Clearing Corporation, including but not limited to its participants, affiliates, agents, subsidiary Depository Trust Company, and assigns; the city of Boston, its agencies and agents thereof, as described as defendants and respondents in more detail within this petition and complaint; the State of Massachusetts, its agencies and agents thereof described as defendants and respondents in more detail within this petition and complaint; the First District of the Federal Reserve or the Federal Reserve bank of Boston its officials and agents thereof, described as defendants and respondents in more detail within this petition and complaint; and, the Second District of the Federal Reserve or the Federal

1   Reserve Bank of New York, inclusive, are perpetrating,

2   perpetuating, and concealing in furtherance of defrauding, money

3   obligations of the people and of Harel Talasazan. In more specific

4   detail, in respect to the the Second District of the Federal Reserve

5   or the Federal Reserve Bank of New York credit swap agreements,

6   and features distinctive to the entities, agencies and agents

7   thereof that precede it, combined, together catalyze and create an

8   ecosystem that perpetrates a fraud global in its scope and

9   staggering in the effect its turpitude produces losses meted per

10  day; whereby such debits enter the books at its close far short of

11  its true and correct measure; and the welds adjoining the

12  foundational columns on which the fractional reserve system stands

13  is exposed to the corrosive elements only fraud and the weight of

14  the truth loaded above it – ascending and flush at every edge – is

15  superficially erect and cannot nor will it hold firm from the

16  damage bad promises keep diminishing its integrity.

17

18

19  **46.**   Defendant and Respondent is Penny Pritzker. She is sued in

20  her personal, official, administrative, associative, fiduciary,

21  and/or participatory capacities. Ms. Pritzker is the former

22  secretary of commerce under President Barack Obama's

23  administration, and the principal and agent of Pritzker Family

24  Office, L.L.C. located within 300 North La Salle Street Suite 1500

25  Chicago, Illinois 60654; and "HBC Associates, LLC" formerly known

26  as "HBC Associates, Inc." formerly known as, or associated with,

27  "HBC Corporation" formerly known as the "HT-Boston, Inc."

28

corporation whose principal place of business is within Suite 3800, 200 West Madison Street Chicago Illinois.

**47.**   Defendant and Respondent is NICHOLAS J. PRITZKER. He is sued in his personal, official, administrative, associative, fiduciary, and/or participatory capacities. Mr. Pritzker is a real estate investor and agent of Pritzker Family Office, L.L.C. located within 300 North La Salle Street Suite 1500 Chicago, Illinois 60654; and "HBC Associates, LLC" formerly known as "HBC Associates, Inc." formerly known as, or associated with, "HBC Corporation" formerly known as the "HT-Boston, Inc." corporation whose principal place of business is within Suite 3800, 200 West Madison Street Chicago Illinois.

**48.**   Plaintiff and Petitioner is ignorant of the true names and capacities of Defendants and/or Respondents named herein as Does 1-50, inclusive, and therefore sues the Defendants and/or Respondents by such fictitious names. Plaintiff will amend this complaint and/or petition to allege their names and capacities when the same are ascertained. Plaintiff is informed and believes and on that basis alleges that each of the fictitious named Defendants and Respondents is responsible in some manner and liable for Talasazan's injuries, breaches, conversions, and takings of Harel Talasazan's property without just compensation is required.

## INDEPENDENT ACTION FOR RELIEF FROM JUDGMENT

**49.**    Talasazan, Plaintiff and Petitioner, challenges the order dismissing 11764 and the purported order of "term suspension" of 045, pursuant to Rule 60 of the Federal Rules of Civil Procedure and Section 1655 of 28 United States Code. The opinion of Denise Jefferson Casper, Judge of the District court for the District of Massachusetts, located in Boston, is reported in 11764. The purported order of term suspension of Justice David Lowy, Single Justice of the Supreme Judicial court of Suffolk County of the Supreme Judicial Court of the Commonwealth of Massachusetts is indirectly reported in 045. As detailed below, the instant case is exceptional and prevents a grave miscarriage of justice, and it may be maintained where, as here:

**a)** The Judgment in 11764 and 045, inclusive, should not, in good conscience, be enforced;

**b)** A good Defense exists to the purported lawsuit the Board of Bar Overseers, the Office of Bar Counsel, Joseph Berman, and Dorothy Anderson purportedly filed in 045 against Talasazan;

**c)** Fraud, Accident, and/or mistake prevented Talasazan in 045, from obtaining the benefit of a good defense or any defense;

**d)** Talasazan, the Respondent in 045, is free of fault; and

1    **e)** There is no adequate remedy at law.
2    (Aldana v. Del Monte Fresh Produce N.A., Inc. 741
3    F.3d 1349, 1359 (11th Cir. 2014).)

4
5                    **JURISDICTION AND VENUE**

6    **50.**   This court, or if transferred, the Court, has subject matter
7    jurisdiction over the claims asserted in this complaint because:
8
9        **a)** It arises under the Constitution, laws, or treaties of
10       the United States within the meaning of 28 U.S.C. § 1331;
11       and/or
12       **b)**  It is a civil action arising under an Act of Congress
13       regulating commerce or protecting trade and protecting
14       commerce against restraints and monopolies within the
15       meaning of 28 U.S.C. § 1337; and/or
16
17       **c)** It is primarily due to the Defendants' use of the means
18       and instrumentalities of interstate and foreign
19       commerce, including the United States mail and wires,
20       and the United States Federal Reserve and international
21       banking systems, under the Racketeer Influenced and
22       Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964 (and
23       codes cited therein).
24
25   **51.**   This court also has subject matter jurisdiction under 42
26   U.S.C. § 1332(a)(1), because of diversity between the parties.
27
28

**52.**   Under the authority of 28 U.S.C. §1367(a), this Court has supplemental subject matter jurisdiction over all common-law claims asserted in this Complaint.

**53.**   This court has personal jurisdiction over the Defendants for reasons that include the following: Plaintiff is informed, believes, and thereon alleges that Defendants and Respondents have sufficient contacts with this district generally and with the events herein alleged, that Defendants are subject to the exercise of jurisdiction of this court over the person of such Defendants.

**54.**   Venue is appropriately laid in this Court and the Central District of California under 28 U.S.C. §1391 and 18 U.S.C. §1965(b) or 28 U.S.C. §754, because sufficient transactions, acts, practices, and courses of business constituting the actions complained of occurred within the Central District of the State of California, or elsewhere in the United States, or the interests of justice require that parties not residing in this state be brought before the Court.

**55.**   The United States Supreme Court has jurisdiction to transfer this case, and all related cases, under the Rules Enabling Act. (See *Schlagenhauf v. Holder*, 379 U.S. 104, 112 (1964) (citing *Los Angeles Brush Corp. v. James*, 272 U.S. 701, 706) ("[W]here the subject concerns the enforcement of the . . . Rules which by law it is the duty of this Court to formulate and put in force . . . it may . . . deal directly with the district court . . . ."). Moreover, due to the nature and extent of this case, the United

States Supreme Court may transfer this case based on the historical

context applicable to the facts this case presents and the

background of Sections 1734 and 1735 of 28 United States Code. (See

Historical and Revision Notes, Sections 681 up to and including

686 of 28 United States Code, 1940 Edition, and more specifically,

Section 683 of the same).

## FACTS
### BACKGROUND INFORMATION

**56.**    On or about October 14, 2022, Talasazan had filed 11764 as a

pre-emptive action seeking, inter alia, that the court enjoin state

disciplinary proceedings against his right to practice law as a

result of diffuse abuses of power and the illegitimate end it bound

Talasazan to.    Shortly after filing the said complaint, an

electronic notification had been sent to Defendants Board of Bar

Overseers, Office of Bar Counsel, and Dorothy Anderson among but

others known or unknown, inclusive, informing the same that a

complaint had been filed, and a copy of the said complaint had been

transmitted electronically to said Defendants and Recipients.

Additionally, Talasazan was informed that "Judge Denise J. Casper

[was] assigned to [the said] case. If the trial judge [namely Judge

Casper or a presiding judge] issues an Order of Reference of any

matter in [11764] to a Magistrate Judge, the matter [would be]

transmitted to Magistrate Judge Judith G. Dein. (Finn, Mary)

(Entered 10/14/2022)[.]" A true and correct copy of the docket

sheet of 11764 is appended herewith as **Exhibit 6**. (See Docket Entry number 2 of the Civil Docket for Case number 1:22-cv-11764[-DJC].)

**57.**    Thereafter, Talasazan had filed a motion for an extension of time in the administrative discipline case concerning him, seeking an open-ended extension of time to respond or to answer the Petition for Discipline against him. Talasazan submitted said motion to the Board of Bar Overseers, and Talasazan also served that motion to Defendant Dorothy Anderson.

**58.**    Thereafter, Ms. Anderson assented to the said Motion without objection. And thereafter, the Board of Bar Overseers allowed that motion without objection. From there on out, Talasazan should have been free to pursue his claims in 11764 without any harassment or threats to deprive him of his license to practice law nor his right to petition the courts, but Defendant and Respondent Board of Bar Overseers parodied the law when it reversed that ruling sua sponte, and the fact that the ruling says "allowed without objection" is clear and unequivocal and is notwithstanding.

**59.**    Defendant and Respondent Dorothy Anderson pursued the case as though the ends were legitimate but were not in any sense, and the Board condoned and went along with and entertained the sham. The effect this sham produced is a harassment of notices, motions, purported decisions or rulings, recommended discipline and punishment unanimously approved against a dummy respondent that is fully up to Anderson's recommended severity, and wicked in the tenacity with which these actions cane the rights expressly

1    guaranteed to Talasazan out forcefully, and into the dank

2    submission a lifeless body could defend against it or its result.

3    **60.**    The Board of Bar Overseers entertained a motion for entry of

4    default against Talasazan, and thereafter, entry of default

5    judgment against Talasazan, despite the fact that said Board of

6    Bar Overseers enabling act, Rule 1:01 of the Supreme Judicial

7    Court's Rules, expressly limits the power to direct or regulate

8    the disciplinary case concerning Talasazan, in that where there is

9    a conflict between the rules embodied in the Board of Bar Overseer's

10   rules which is similar to the administrative procedure act, and

11   the Massachusetts Rules of Civil Procedure, which are *cognate to*

12   the Federal Rules of Civil Procedure, Rule 1:01 is explicit in that

13   the Massachusetts Rules of Civil Procedure control. Id.

14

15   **61.**    By virtue of the fact, that, Harel Talasazan filed a motion

16   for an open ended extension of time, served a copy of the same to

17   Ms. Anderson, and the Board of Bar Overseers allowed the same

18   without objection, the resulting default thereafter is void. Over

19   and above this, Talasazan is a resident of Los Angeles, California,

20   the purported entry of default and its purported default judgment

21   is void because it is an illegitimate exercise of authority and

22   without jurisdiction. (See Rule 1:01, supra, Mass. R. Civ. P. 55,

23   cognate to Fed. R. Civ. P. 55).

24   **62.**    Thereafter, the Board of Bar Overseers recommended the

25   imposition of a two-year suspension as discipline and punishment

26   against Talasazan.

27

28

**63.** Thereafter, the Board of Bar Overseers assembled the records of said sham and filed a purported complaint also known as an information against Talasazan in the Supreme Judicial Court of Massachusetts.

**64.** The complaint also known as information that the Board brought and so filed sought the following relief: an order of term suspension for two-years, the demand of costs totaling thirty dollars for sending by mail things to Talasazan, and for such action as the court deems necessary, inclusive.

**65.** Shortly after filing the said Information, Defendant and Respondent Chief Justice Kimberly Budd, assigned the case to Defendant and Respondent Associate justice David Lowy. Associate Justice Lowy was the Single Justice assigned to the purported case (namely 045).

**66.** Shortly after being so assigned to the case, Judge Lowy examined the extent by which the Supreme Judicial Court has the power to act and authority to adjudicate the case. He issued an "Order of Notice" which had commanded that the complainant[12] and the clerk of the court, inclusive, attest to the information and the order of notice (respectively). A true and correct copy of the said Order of Notice is appended herewith as **Exhibit 7**. The said Order is referred to here as "Order of Notice."

---

[12] Also known as the Plaintiff.

**67.**    Pertinently, the Order of Notice decreed, that, "by [the Complainant, namely the Board of Bar Overseers, Joseph Berman or Dorothy Anderson] serving [Talasazan] with an attested copy of said information and [the Clerk of the Supreme Judicial Court of Suffolk County serving an attested copy] *of this Order thereon forthwith that the lawyer may then show cause* why the relief sought in the information should not be granted." Ex. 3, Order of Notice (emphasis supplied).

**68.**    The Order of Notice is simple and relatively straightforward. Laymen, attorneys, and jurists attest and witness attestations regularly from time immemorial. It is also well settled that it is the fundamental act by which the judicial power is vitalized and proceeds legitimately. (See *Ex Parte Wall*, 107 U.S. 265, 283-284 (1883), citing *Ex Parte Burr*, 22 U.S. 529 (1824) (Per Marshall, C.J.).

**69.**    To attest so that the court has legitimate power over the case and over Talasazan, so that the complaint also known as the information is indistinguishable from any other complaint whatever, and so Talasazan may then Defend himself by requisite notice and the opportunity to be heard in his defense, inclusive, is the vital act but was never obeyed as so ordered.

**70.**    Each and every time Talasazan had the purported information and the purported order of notice no attestations were executed as so ordered at all whatsoever.

**71.** In fact, each and every information and order of notice was not attested, including but not limited to the approximately five (5) copies Talasazan had paid money out of pocket to reject, send back to the Board of Bar Overseers, Dorothy Anderson, and the clerk of the supreme judicial court among a number of others[13], to be on notice of the same each and every time so sent.

**72.** Moreover, because 11764 was ongoing concurrently with 045, the latter without and wanting of jurisdiction is notwithstanding, over and above serving said copies to the Board of Bar Overseers, Dorothy Anderson, and the clerk of the supreme judicial court, Talasazan also paid money out of his pocket to send copies to Assistant Attorney General (of Massachusetts) David Marks, who represents the Board of Bar Overseers, the Office of Bar Counsel, and Dorothy Anderson in 11764, and to Attorney Paul Lewis, who represents Defendant Microsoft Corporation in 11764. Because of the causes of action and allegations in 11764, and the jurisdiction invoked in the First Amended Complaint, Talasazan also sent letters to the "Supreme court Justice" addressed at the John Adams courthouse. Talasazan is informed and believes, and based thereon alleges, that this was and still is a deceptive practice, among but several other deceptive practices which underscore the corruption and illegitimate ends this courthouse misappropriates to serve the violations of the constitution which it profanes.

---

[13] Such as, for instance, "Supreme Court Justice" which is anyone but the Supreme Court of the United States.

**73.**    In so doing, the Court, Plaintiff also known as Complainant and the Clerk of the Court had forced Talasazan in a preposterous and no less precarious position without lifting a finger. It is incredibly cruel or unusual to provide a person a court order that mandates the Plaintiff also known as the complainant and the clerk of the court – clearly and unequivocally – to do something, that this mandate of the order is reasonable is well settled and required inasmuch as it is necessary is fixed precisely in case law going back to *Ex Parte Burr*, 22 U.S. 529 (1824) (Per Marshall, C.J.), and that, unless and until both do it the defendant also known as respondent is excluded and barred absolutely. (Id.; See also *Ex Parte Wall*, 107 U.S. at 283-285, cited supra.)

**74.**    To then take the means by which the defendant and respondent earns a living; slander and libel that same person by publicizing that he is a fraud; banish that person from the essential distinction that qualifies the same right to practice the profession he invested a small fortune to earn and be fit to have the privilege to do; encumber the person from the opportunity to satisfy a debt by slashing the difference in the earning capacity the same profession bargains for at fair market value and the employment available as a result of it; pay for the same body of government every year a membership fee to regulate a profession that has the luxury of being self-regulated and have the same take it away by means antithetical to the reasons and purposes for which it had been promulgated and legislated into its existence; and, be

1  subject to the responsibility to soothe himself and all those who
2  are close to him by doing anything but openly exposing the gross
3  arrogation of authority and diffuse abuses of power that parodies
4  the law which takes it away from him.

5  **75.**  The extent of this cruel or unusual punishment is acutely
6  applied when how it is evident in one instance but among several
7  other instances is the trimming of a virtual deposition video that
8  Defendant and Respondent Dorothy Anderson had recorded on the
9  Microsoft Teams application when, as here, Talasazan is permanently
10  deaf in his left ear. See First Amended Complaint, 11764.

11
12  **76.**  By the terms of the said Order of Notice, Talasazan never
13  received a true or correct complaint also known as an Information
14  that distinguishes the same from any other complaint or information
15  seeking whatever relief from the Court.
16

17  **77.**  Nor could Talasazan respond to the information without being
18  at risk of being held in contempt of it, see e.g. SJC-13370, IN
19  THE MATTER OF BENJAMIN BEHNAM TARIRI (Attorney incarcerated for
20  three months for contempt).

21  **78.**  Talasazan could also be held in contempt and thrown into jail
22  if he dared step foot on Massachusetts soil, appeared to defend
23  himself, be heard, or have the audacity to show cause why relief
24  should not be granted because the plaintiff also known as the
25  complainant and the clerk profaned the very same thing in stubborn
26  procrastination of the very same act that breathed vitality into
27
28  the case itself. See *SJC-13370*, supra.

**79.**   Thereafter, the court held the show cause hearing, which Talasazan alleges is a sham, to which Dorothy Anderson appeared.

**80.**   The audio record of this hearing does not have any part of it that suggests that the Defendant and Respondent Associate Justice David Lowy even bothered to ask nor direct the clerk to swear Dorothy Anderson in, nor ask any clerk whether or not said order of notice had been obeyed. If Anderson was under oath, if true, Talasazan alleges she perjured herself. Shortly thereafter, the Defendant and Respondent Associate Justice David Lowy parodied the law and purportedly ordered a two-year suspension against the justifiably absent Talasazan.

**81.**   On or about June 21, 2023 - the same day as the Ex-Parte hearing and purported order of term suspension described above, the court in 11764 issued long-awaited rulings on several motions, and unclogged all the same under advisement, some of which were for weeks others for months.

**82.**   Among those rulings or orders was the order dismissing the case, where the court (incorrectly, fraudulently, criminally, and/or erroneously) observed that the "three elements of the Younger [abstention] doctrine are met. First, Talasazan's claims relate to Massachusetts' attorney discipline procedure, which are judicial in nature. . . Second, Massachusetts has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses. . . Finally, Talasazan will have the opportunity to raise his constitutional claims in the

courts of the Commonwealth *because Massachusetts law expressly guarantees* to any aggrieved party the right of judicial review of administrative decisions." Order 11764, (emphasis supplied). The facts and circumstances concerning the substance and timing of this ruling, and the purported proceeding before the Defendant and Respondent Associate Justice David Lowy, negates these determinations entirely.

**83.** Apart from the empty "guarantee" the judge had referred to, nothing in the ruling touched on whether there is or there is not an adequate opportunity in the state proceedings to raise constitutional challenges.

**84.** Of the most salient facts Talasazan presented in 11764, are as follows: the fact that Talasazan resides in California; he is permanently deaf in his left ear, and as more detailed above, was treated cruelly or unusually, and was denied reasonable accommodations after he had requested it; even though his bank accounts had been addressed at his residence located in the State of California, Defendants and Responded forced open its disclosure without legitimate exercise of its own rules and authority; the computers and devices he uses or had used, inclusive, had been vulnerable, infected, intercepted, interfered with, stolen, intermeddled, and exploited; and, the Office of Bar Counsel and the Board of Bar Overseers flouted the limits of its jurisdiction, parodied the law, and bypassed constitutional constraints. (See *In*

*Re: Kirkland*, 75 F.4th 1030 (9th Cir. 2023); See also Mass. SJC Rule 1:01 *cognate to* Fed. R. Civ. P., supra).

**85.** These facts were focal to claims Talasazan had asserted in the complaint. The court's decision overlooked these distinctions and largely followed, almost verbatim, the issues raised and reasons detailed in opinions that preceded cases against the Board of Bar Overseers or the Office of Bar Counsel in its circuit. See, e.g., Johnson v. Board of Bar Overseers of Massachusetts, 324 F. Supp. 2d 276 (D.C. Mass. 2004).

**86.** Even though Talasazan had "demonstrate[d] bad faith, harassment, or any other unusual circumstance" in that the Defendants abused the power it had yielded, that had no place or meaning to the court in 11764, and its absence in the decision negates the notion that "*nonetheless* [the court may] intervene to halt . . . an ongoing state judicial proceeding" (Emphasis added) (internal citations and quotation marks omitted).

**87.** Turning a blind eye to the fact that Talasazan resides in California is a fundamental failure. For instance, the statutory framework from which the scope, limits and the definition of a judicial proceeding is enabled is supreme judicial court rule 1:01. It clearly says, that, where there is a conflict between its rules that follow, that includes but is not limited to the rules of the board of bar overseers, on the one hand, and the Massachusetts rules of civil procedure which is cognate to the Federal Rules of Civil Procedure, on the other hand, the Massachusetts rules of

civil procedure which is cognate to the Federal Rules of Civil Procedure controls.

**88.**   In a similar vein, one reason but among many other reasons Talasazan commenced 11764 is because the rules of the board of bar overseers is obtuse and deliberately circular. By way of example:

a) Talasazan had confronted Defendant and Respondent Ms. Anderson over the fact that the said Microsoft Teams deposition was trimmed, and that it is cruel and unusual to do that because Talasazan is permanently deaf in his left ear and listening to what others, directly or indirectly, say is something that he struggles to do every day. Ms. Anderson denied it even though it is egregiously unethical and illegal. It impairs the integrity of the case and impinges Talasazan's rights to appeal, but Ms. Anderson denied it even though the video clearly appears to be chopped up. Thereafter, Talasazan turned to Defendant and Respondent Joseph Berman, who denied Talasazan and refused to investigate Talasazan's allegations;

b) The rule pertaining to such misconduct, Subsection 1 of section 7 of rule 4:01 of the rules of the Supreme judicial court is as follows: [section 7] The Bar Counsel [subsection (1)] *shall investigate all matters involving alleged misconduct by a lawyer coming to his or her attention from any source*, except matters involving

alleged misconduct by the bar counsel, or any member of the board, *which shall be forwarded for investigation and disposition, provided that bar counsel need not entertain any allegation that bar counsel in his or her discretion determines to be frivolous, to fall outside the Board's jurisdiction, or to involve conduct that does not warrant further action*." (Id., emphasis supplied);

c) The preceding rule enlarges and strains mandatory terms by its successive usage of "shall" and "except" and "provided that" so much so, that, the scope of where its plain and ordinary meaning on definitive lines can be reasonably drawn and ascertained spirals into endless concentric circles that obliterate one line after the other. In other words, because it is meaningless and unascertainable, the bar counsel, as elided above, can do whatever it wants whenever it pleases; and

d) This is nothing less than an unconstitutional arrogation of power among other things that abuse and abridge Talasazan's rights, as more detailed below. This was also brought to the attention of Defendant and Respondent, but the purported order of dismissal breathes not one word about it.

89.   Subsection (1) of section 5 of rule 4:01 of the rules of the Supreme judicial court is as follows: "This court shall appoint a Board of bar Overseers (Board) to act, as provided in this Chapter

Four, with respect to the conduct and discipline of lawyers and in such matters as may be referred to the Board by *any court or by any judge or justice*." Id. The john adams courthouse has a "Supreme Court Justice" addressed therein, located at or about One Pemberton Square Boston, Massachusetts as per the United States Postal Service's look up function. To whom this applies is inasmuch lore as it is a guessing game. Talasazan invoked the United States Supreme Court's jurisdiction in the first amended complaint in 11764, he paid money out of his pocket to bring these diffuse abuses of power to a justice of the United States Supreme Court, and to the extent it is not, to whom did it go and why is not the United States Supreme Court protecting the misappropriated use of its name. Constitutional principles of comity, the rights of due process, privileges and immunities, and the takings doctrine do anything but stay cabined in the indiscernible margins of darkness and nullification simply because the court in 11764 did not observe it as relevant enough to mention or analyze and if it did, if at all, Talasazan's constitutional rights as stated had been abridged, taken without just compensation, and deprived, as more detailed below.

**90.** A close reading of the *Johnson v. Board of Bar Overseers* case, cited above, really calls into question the authenticity of the authorship pertaining to the ruling written in 11764. It only focused on and analyzed the bias exception, which is what the Johnson case, Ibid., did. The language is strikingly identical. It

1   also misplaces and renders superfluous whether the facts in the

2   first amended complaint, which should be taken as true, and the

3   exhibits in support of the same, which cost Talasazan a small

4   fortune to file and serve on all parties as is required of him,

5   determines if the claims are or are not stated adequately.

6   **91.**   Its continued analysis, that, "nonetheless interven[ing] to

7   halt an ongoing state judicial proceeding" is farfetched, not only

8   because of the timing in which this purported ruling is handed

9   down, but because it is as though a butcher who attempts to break

10  down a whole cow with a pocketknife expects to complete the job

11  let alone display it.

12  **92.**   The fact that Talasazan is a resident of California does not

13  have any primary bearing on a requirement "to seek to recuse

14  allegedly biased judges in the state proceeding" when, as here,

15  the fact that there had been no filing or application to any judge

16  in any court to which there was a basis to seek recusal is totally

17  absent and, as such, the administrative proceedings of the Board

18  of Bar Overseers cannot conceivably mean that the same are judges

19  for it would abrogate the authority that controls the limits of

20  its legitimate authority that can be exercised to bounds that have

21  no definitive end. Therefore, it is reasonable for Talasazan to

22  question the authenticity of the authorship of this opinion.

23  **93.**   Moreover, in the light of the holdings the court had cited,

24  reason would point to and focus on the adequacy of the procedural

25  and substantive means by which constitutional arguments are raised

or, as Talasazan had contended, obliterated. But that was not done even though common sense dictates showing bad faith, harassment, or any other unusual circumstances usually precedes seeking recusal.

**94.** It is reasonable for Talasazan to protest that, had the clerk of the district court told Talasazan when he had filed his complaint and paid the filing fee for 11764 then and there, do not file your complaint, you will lose your job, your money, your license to practice law, and your wife because this court does not interpret the law in the light of the merits of the facts and authorities that control, but by the superficial labels associated to the persons and parties involved, Talasazan would have appreciated it and probably would not have filed nor pay the filing fee or the small fortune that cost him out of his own pocket or the generosity of his family members to pursue the merits of his case, because he would not have had the taking of his property without just compensation taken from him, nor lose his wife, nor have his psychological conditions be the subject of his family members concern as a result of egregious ethical violations Defendant and Respondent Ms. Anderson attempted to obtain, nor have to deal with the dignitary harms and injuries inflicting him, as he is in and publicized about at this time.

Talasazan's Cooperation with The Office of Bar Counsel and Anderson, and the Office of Bar Counsel and Anderson's Abuse and Bad Faith of said Cooperation

**95.** At all relevant times during the investigation into his professional conduct, Talasazan cooperated with the Bar Counsel in good faith.

**96.** At all relevant times, before 11764 had commenced and thereafter including and up to the present date, Talasazan faced several compromises, intercepts, infiltrations, vulnerabilities, and exploits, inclusive (referred to inclusively as "CI2VE") on his computers, labtops and internet-enabled devices. These CI2VEs disrupted Talasazan's ability to work and compromised the integrity of data that Talasazan used and relied on. This created a work and abuse to trespass and damage Talasazan's property, take work Talasazan had done and devote the credit to someone who did not do any work, and impair Talasazan's ability to present documents to the federal and state court truly in line with what Talasazan had written or typed. It also created reasonable concerns to Talasazan's safety and well-being.

**97.** The Board of Bar Overseers, Office of Bar Counsel, Ms. Anderson, Mr. Berman, the District Court in case 11764, and/or the Supreme Judicial Court failed to act on Talasazan's reports. In fact, even though their systems are likely affected by the unaddressed CI2VEs, the Board of Bar Overseers, Office of Bar Counsel, Anderson, Berman, the District Court in case 11764, and/or the Supreme Judicial Court have a mandatory reporting procedure under the laws promulgated by the Massachusetts legislature, which they do not follow, and concurrently, the District court for the

District of Massachusetts located in Boston is hearing and is supposed to impartially adjudicate the consolidated case of In Regards: MoveIt Customer Data Security Breach Litigation, J.P.M.L., No. 3083, 123MD03083D, which makes no sense by virtue of the fact that they have recklessly and indifferently caused, by failure or omission, the concealment of each his/her/its own CI2Ves to persist. In the light of this, and for reasons more detailed below, the Board of Bar Overseers, Office of Bar Counsel, Ms. Anderson, Mr. Berman, the District Court in case 11764, and/or the Supreme Judicial Court stand to personally gain from and profit off, directly or indirectly, the very same thing the laws of the state of Massachusetts was promulgated to accurately report to the public and prevent.

**98.** In or about September of 2021 Talasazan alleges Anderson caused Apple Inc., through its engineering team, to force him to accept invasive diagnostics on terms that usurp and take away Harel Talasazan's clearly established property rights and freedom to enter a contract voluntarily. If Talasazan did not agree to or accept these terms, he will lose phone use. This stemmed from:

    a) Talasazan telling Anderson he faced spyware that bypassed Apple Inc's iOS security systems using a "blast door" which is evident by screenshots Talasazan transmitted to Ms. Anderson and to Apple Inc. Said spyware exploited his iPhones; and

b) Talasazan used Fireeye and Mandiant monitoring software, such as "floss" and "memoryze" among others, storing valuable data that enhances the quality and accuracy of any diagnostics Apple Inc.'s engineering team endeavored; and

c) Ms. Anderson abused her power to investigate the merits or truthfulness of any report or information accusing Talasazan of any misconduct. Instead of pursuing legitimate ends such as whether there is or is not any reason or cause to discipline Talasazan, or to proceed with discipline or not, Ms. Anderson abused this official power to serve ulterior motives and purposes, including but not limited to, profit and benefit herself financially. The proceeds traceable to these gains involve fraudulent exchanges of money for property, real or personal, including the purchase and conveyance of the real property located in Whitingham, Vermont; and

d) On or about May 9, 2023 Talasazan called and spoke with Randi Ziter, who is the real estate agent that represented Ms. Anderson in the fraudulent purchase of 32 Ick Road (and/or 32 Ick lane) Whitingham Vermont. Talasazan is informed and believes, and based thereon alleges, that Ms. Ziter had paid by her own check or had transmitted a check drawn from Ms. Anderson's account,

that paid or by operation of law paid the deed or the property transfer tax, or both of such; and

e) Talasazan is informed and believes, and based thereon alleges, that at least one check that had been used to pay the deed or the property transfer tax is a check, that, the last three numbers of said check is "215"; and

f) Apple pays "bug bounties" to security researchers under its program, to this present date Talasazan never received any financial compensation despite the fact that he is a "anonymous user" or, his research skills were utilized and labeled "unknown user" to conceal the work he had done; and

g) Talasazan knew the Board of Bar Overseers' and the Supreme Judicial court's web enabled, information technology and server systems were infected and exploited. In one instance but among numerous other instances, Talasazan's research found the Teachers Insurance Annuity Association of America was likely compromised. On 6/22/2023 at or about 1:35pm PST, Talasazan emailed the late Senator Feinstein, among others, reporting imminent losses to the teachers' pension fund and requesting an urgent probe, which was done shortly thereafter, and confirmed that Talasazan was correct.

**99.** In or about case 11764, Talasazan reported several vulnerabilities and exploits to private and federal entities, often sensitive in its nature which, the authorities thereafter classified. He hand wrote these such that no copies exist. But federal entities apparently believed Talasazan was an agent or contractor which he never was and is not. Despite extensive surveillance conducted on Talasazan, most agents acted professionally.

Talasazan's due diligence up to the present Date

**100.** Seeing that the district court had disposed of case 11764 in an unjust, cruel and/or unusual manner and failed to fulfill even its most rudimentary or fundamental duties, Talasazan began thoroughly researching why the court acted as it did or failed to act when, as here, it is its fundamental duty to do so and was warranted. (See *Rose v. Himley*, 8 U.S. 241, 268-269, 4 Cranch 241, 243 (1808)[14] (Per Marshall, C.J.).

**101.** His goal was to better understand the court's motives and reasoning, or lack thereof, behind its concerning conduct. Talasazan wanted to determine the best legal grounds and approach to challenge the judgment since in his view, the court did not

---

[14] ("A sentence professing on its face to be the sentence of a judicial tribunal, if rendered by a self constituted body, or by a body not empowered by its government to take cognizance of the subject it had decided, could have no legal effect whatsoever. The power of a court then is, of necessity, examinable to a certain extent by that tribunal which is compelled to decide whether its sentence has changed the right of property. The power, under which it acts, must be looked into; and its authority to decide questions, which it professes to decide, must be considered.")

provide equal justice under the law nor did it have the power to so decide, under the circumstances, 11764[15].

**102.** From on or about November of 2022 continuing through on or about May of 2023, Talasazan sent extensive documents to the Attorney General of the United States. Some of these documents were sent in accordance with Rule 5.1 of the Federal Rules of Civil Procedure. Other documents were public records that Talasazan had proactively obtained by submitting requests to various state and federal government agencies and websites, as well as through in-person visits and mail correspondence with city halls, town halls, and state agencies.

**103.** Talasazan sent these records to the United States Attorney General (AG) with the aim that the AG would review them and determine that intervening in the case was necessary and appropriate. However, the Attorney General never ended up intervening as Talasazan had hoped. Beginning in May 2023, Talasazan started informally requesting by phone calls that the Attorney General return the records he had provided them. Talasazan then proceeded to file formal Freedom of Information Act (FOIA)

---

[15] This includes, but is not limited to, accounts as told by Persons directly involved with the planning and erection of the John Joseph Moakley United States Courthouse. See, e.g. https://www.youtube.com/watch?v=xSk6dC03mXI

(In Conversation, Justice Stephen Breyer and Henry N. Cobb, recorded: December 18, 2015; see maps of the land taken for the said John Joseph Moakley United States Courthouse at 5:15-5:40, and 8:07-8:50 of said recording).

1  requests to the AG seeking return of the records. In response, in
2  or around October 2023, the Executive Office of the United States
3  Attorneys informed Talasazan via email that his records had been
4  lost, misplaced, or destroyed while in their custody. These records
5  held significant value to Talasazan, both in the informative
6  content they provided as well as the substantial amount of time -
7  days and weeks spent - that Talasazan had invested in obtaining
8  and thoroughly reviewing them.
9
10  **104.** Talasazan persisted to do due diligence. By way of example,
11  retrieving public records pertaining to the John Joseph Moakley
12  United States Courthouse (in addition to primary sources, such as
13  federal and state archives, and records in the said registry of
14  deeds of Suffolk county and/or the first district or both,
15  Talasazan had viewed videos about the said federal courthouse, see
16  footnote 8), trying to investigate the source of the problem, which
17  is more detailed in the first cause of action below, (see also,
18  e.g. DISPOSING OF UNNEEDED FEDERAL REAL ESTATE—INCREASING SALES
19
20  PROCEEDS, CUTTING OPERATING COSTS, AND IMPROVING ENERGY EFFICIENCY,
21  Memorandum of President of the United States, June 10, 2010, 75
22  F.R. 33987). Talasazan also acted with reasonable diligence to
23  ensure that his research is accurate by making several Freedom of
24  Information Act Requests, most of which were ignored or denied.
25  Inasmuch as Talasazan had made broad or sweeping claims in 11764,
26  Talasazan produced evidence supporting the same despite the fact
27  that no discovery had been permitted, scheduled or ordered.
28

Talasazan reasonably believes that his right to a fair shake in 11764 had been trespassed and/or converted, access to the court in 045 had been denied by court order in 045, and the combination thereof produced the effect that his property had been taken from him in 11764 and in 045 without just compensation furnished or tendered, to which Talasazan knew and resulting actions taken by the state and federal officials in or around Massachusetts demonstrates, he cannot turn his back to anything resulting therefrom.

**105.** There persists in Massachusetts, New England, the nearby states thereto, and nations bordering therefrom, a staggering in scope and stealthy but momentous force corruption perpetuating a corruption affecting the people of this country, and thusly, Talasazan acted on these deprivations and abridgements of his constitutional rights, privileges, and immunities in and to his property and person, after knowing of the persons including the jurist who had fallen in that right and just endeavor, by the help and countenance of G-d and approaching the situation creatively. In more specific regard, by paying for and submitting several United States Postal Service PS Form 6401 Money Order Inquiries, for which written unconditional orders signed by a federal official on each said order issued to Talasazan, this independent action and/or petition is brought in good faith and is rooted in law ancient in its progeny, which is described in more detail below.

**106.** Pertinently, on or about October 12, 2022, Talasazan had purchased money order serial number 28315003285 in the amount of $402.00. This money order was used to pay for the filing fee in 11764 when it had commenced. In Pertinent Part Section 1914 and Section 1917 of 28 United States Code are instructive to the issues:

a) Section 1914 of 28 United States Code states, in pertinent part:

District court; filing and miscellaneous fees; rules of court
(a)    The clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5.
(b)    The clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States.
(c)    Each district court by rule or standing order may require advance payment of fees. (Ibid. (emphasis supplied).

b) 28 U.S.C.A. § 1917 provides:
§ 1917. District courts; fee on filing notice of or petition for appeal:
Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner. (Ibid. (emphasis supplied).

**107.** The said money order was purchased at the post office addressed at "31 Milk Street, Lobby, Boston, Massachusetts 02109-9997". Upon information and belief, and based thereon Talasazan alleges, that there are multiple addresses than but one "31 Milk Street, Lobby, Boston, Massachusetts" by the information the United

States Postal Service publishes on its address lookup function on its website. ((https://tools.usps.com/zip-code-lookup.htm?byaddress#page-2); published, transmitted, and accessed February 8, 2024).

**108.** Talasazan recalls seeing a tall, slender, Caucasian male, short cut light colored hair, wearing a dark colored blazer and white shirt, standing behind the counter in said post office, at all times during this transaction or series thereof, among others thereafter. This person stood out to Talasazan because he had a "dummy" arm, which is usually indicative of a government official.

**109.** Talasazan attempted to pay for said money order with Apple Pay, which was linked to his Los Angeles, California based Bank of America personal checking account ending in numbers "7706" and, Talasazan recalls hearing the "beep" sound that indicates, that, if Talasazan's memory serves him correctly, "Verifone" payment processing machine had captured the financial details of his said account from his iPhone then and there. But shortly thereafter, the postal service clerk who had handled the said money order and dealt with the processing of this transaction informed Talasazan that this payment did not complete, and another form of payment was required.

**110.** Shortly thereafter, Talasazan furnished his Bank of America debit card which is the same card for the personal checking account ending in "7706" as the said checking account virtual card linked through Apple pay, above. Talasazan input the said card using the

1  chip input into the said "Verifone" slot for such chip-based
2  transactions to capture and process the financial information.
3  Based on what said clerk had told Talasazan, then and there, the
4  transaction processed to its completion this time.

5  **111.** On or about June 22, 2023, Talasazan paid for and submitted a
6  PS Form 6401 Money Order inquiry regarding said money order[16].
7

8  **112.** Thereafter Talasazan transmitted and sent Defendant and
9  Respondent Mister Clerk Robert M. Farrell a demand and notice of
10  dishonor, and thereafter, the United States Postal Service signed
11  an unconditional written order directing its bank issue Talasazan
12  upon demand the full refund of the filing fee he had paid to the
13  clerk of the district court in 11764, this check[17] is in Talasazan's
14  possession.
15

16  **113.** Whether or not the purchase of this money order is merely a
17  duplicate of another transaction or serial series thereof that was
18  used in a parallel proceeding to take the fruits of Talasazan's
19  labor, his right to sue or petition the courts and have his day in
20  court, and siphon his intellectual property without just
21  compensation is one reason but among the other reasons that this
22  independent action is filed here; or, if dealt with directly by
23  the United States Supreme Court or transferred by the United States
24  Supreme Court, then in that Court or the court it so transfers it
25  to adjudicate.
26
27

28  [16] Money order serial number 28315003285 in the amount of $402.00
[17] The last four numbers of said check are XXXXXX5989.

**114.** Talasazan had suffered and continues to unreasonably sustain immense financial losses, trespasses to his right to access the court, interferences, injuries, dignitary harm and injuries, and psychological harm. He believes facts and claims he raised were misappropriated and compromised the impartiality and integrity of 11764, and that 045 is wanting and without jurisdiction, and an illegitimate exercise and arrogation of authority.

**115.** Under Federal Rule 5.1 of Civil Procedure, Talasazan sent the Attorney General (AG) records and letters supporting 11764 facts. The AG failed to act and lost, misplaced, or destroyed Talasazan's documents and records despite Talasazan's return requests. The same is true of the Defendant and Respondent Ms. Anderson and the Office of Bar Counsel.

**116.** The AG would not return records absent FOIA requests. The Board of Bar Overseers, Office of Bar Counsel, and Dorothy Anderson also denied receiving Talasazan's records, as part of an alleged scheme to misuse and deprecate emergency funds the Federal legislature transmitted or appropriated to the State of Massachusetts for the people.

**117.** Records that Talasazan sent to the Board of Bar Overseers, Office of Bar Counsel, and Dorothy Anderson were denied as ever being received or existing. Talasazan researched this and concluded it is part of an intentional scheme. This involves recklessly disregarding system integrity and defalcating emergency funds meant for the people of the United States.

**118.** For example, an article explains Massachusetts misused $2.5 billion in federal pandemic relief rather than state unemployment insurance funds. (https://www.nbcboston.com/news/local/mass-tax-relief-plans-in-limbo-after-state-misused-2-5b-in-federal-funds/3061063/)[18] This is one of many instances of such fraud and misuse of funds.

**119.** In case 11764, Talasazan showed the Office of Bar Counsel misrepresents its address as 99 High Street, Boston. At all relevant times, this building's warranty deed had shown or shows the Office of Bar Counsel's rights are as a tenant only[19]. Yet the office of Bar Counsel uses 99 High Street Boston, Massachusetts on its mailed envelopes, unlike the Board of Bar Overseers which uses its actual address specifying that its office is located on the second floor thereof.

**120.** This highlights differences in accounting between the two entities. The Office of Bar Counsel uses Quadient formerly known as Neopost for metering its mail. The Board of Bar Overseers uses Pittney Bowes.

---

[18] Subject to and without waiving the right to electronically file, all paper filings require manual input of any website or webpage such as the preceding in a web browser. If electronic filing is allowed, these links will be embedded in web-accessible format.

[19] Reference is made to Pages 10 including and up to 14 of Book 59223 executed in the State of New York, recorded, transmitted, and published in the Suffolk County Register of Deeds and/or the First District Register of Deeds Massachusetts. More specifically, see page 14, paragraph 1.

**121.** Talasazan asserted this misrepresentation in 11764 and in rejecting the 045 orders.

**122.** The warranty deed details, above, and public records concerning Quadient formerly known as Neopost, were shared with Assistant Attorney General David Marks, who notified the Board of Bar Overseers. Yet while wrongly defaulting Talasazan, the Board of Bar Overseers briefly mailed items from Rhode Island using first class forever stamps it purchased and affixed to its envelopes thereon, before correcting the discrepancy on its envelopes and then resuming Massachusetts outbound mail. The Office of Bar Counsel continues in its use of the deceptive address despite sharing the second floor of the 99 High Street office with the Board of Bar Overseers.

<u>Refunds Issued by the Federal Government to Talasazan</u>

**123.** Talasazan had paid for numerous Postal Service Form 6401, also known as money order inquiries, to process with the postal service, and receive a refund in response to each and every inquiry. As a result, Talasazan had obtained several refunds from the federal government by an unconditional order to pay Talasazan[20]. (See

---

[20] Refunds Issued by the Federal Government to Talasazan include but are not limited to:

As detailed above, on or about August 1, 2023, Talasazan transmitted and sent a demand and notice of dishonor to Mr. Clerk Robert M. Farrell, Clerk of the United States District Court for the District of Massachusetts, regarding the filing fee paid in case 11764. Subsequently, the USPS issued Talasazan a full refund in commercial paper, which he currently possesses. MONEY ORDER Serial # 28315003285

Amount $402.00, THE COMMERCIAL PAPER ISSUED BY AND FROM THE FEDERL GOVERNMENT IS ending in numbers 5989.

On May 10, 2023, Talasazan purchased USPS money order serial number 28450027383 for $300.00, issued to the Massachusetts Board of Bar Overseers' registration department. Attached was a document reserving Talasazan's rights. After detaching the document, the registration department processed the money order. Talasazan later received a full refund from the USPS in commercial paper, following a money order inquiry (PS Form 6401). The money order was cashed subject to qualified and restrictive endorsements.

On April 11, 2023, Talasazan purchased USPS money order serial number 28706730748 for $400.00, later issued to the Massachusetts Department of Revenue. After filing a money order inquiry (PS Form 6401) on June 16, 2023, and sending a notice of dishonor and protest to Governor Maura Healey on June 19, 2023, Talasazan received a full refund in commercial paper from the USPS. This money order was cashed subject to qualified and restrictive endorsements.

On May 10, 2023, Talasazan purchased USPS money order serial number 28450027372 for $13.00, issued to the town clerk of Whitingham, Vermont, for certified records related to Defendant Dorothy Anderson's fraudulent land purchase amd conveyance. This said money order is one of three $13.00 money orders sent and paid to said town clerk for the following certified records. According to Assistant clerk Angi Dornbugh (and as corroborated by Almira Aekus, the Town Clerk, Recorder, and Tax Collector) the records were sent by the USPS postage prepaid envelope Talasazan had enclosed in the envelope to said town clerk, to so send the certified records to the court to enter into the docket of case 11764 and electronically transmit a copy of the same to Talasazan. The Defendant and Respondent Haley Currie, docket clerk in 11764, claimed non-receipt. After a failed search and a money order inquiry (PS Form 6401) filed on November 6, 2023, Talasazan was informed by USPS on November 14, 2023, that the money order was not cashed by the intended payee. Talasazan subsequently received a full refund in commercial paper. But, thereafter, A SECOND CHECK ISSUED OF THE SAME AMOUNT. THE CHECK NUMBER IS XXXXXX1129. **NOTE: DUE TO ERROR BY THE USPS ACCOUNTING BRANCH OR ANY OTHER ACTION OF WHICH TALASAZAN DOES NOT HAVE KNOWLEDGE OF AT THIS TIME, A SECOND CHECK ISSUED AND, UNDER THE CIRCUMSTANCES TALASAZAN HAD BEEN UNDER AND CONTINUES TO FACE, THESE CHECKS ARE TALASAZAN'S POSESSION BUT BEING COMMUNICATED BY AND BETWEEN SAID USPS ACCOUNTING BRANCH, THE BANK FROM WHICH FUNDS ARE DRAWN, AND HAREL TALASAZAN TO RESOLVE ANY ISSUES IN GOOD FAITH AS TO THIS SAID SECOND CHECK, IF ANY, BUT IS, NEVERTHELESS, SUBJECT TO ALL RIGHTS RESERVED AMONG OTHER THINGS HAREL TALASAZAN RESERVES, UNDER PROTEST, AND WITHOUT RECOURSE, INCLUSIVE, IS *NOTWITHSTANDING.* COPIES OF THE SAME WERE, AS DUE NOTICE BY "CC" TO THE BANK FROM WHICH FUNDS DRAW WERE TRANSMITTED BY E-MAIL TO IT.**

On June 12, 2023, Talasazan purchased USPS money order serial number 28757225463 for $6.25, sent to the Whitingham town clerk for a second batch of

Footnote 20; see also *Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943); see also *Arbitraje Casa de Cambio v. United States Postal Service*, 297 F.Supp. 2d 165 (2003).).

**124.** As detailed above, on or about October 14, 2022, Talasazan paid the District Court in case 11764 the filing fee of $402.00 by USPS money order, as required by local rule.[21]

**125.** On or about August 1, 2023, Talasazan sent a demand and notice of dishonor to Mr. Robert M. Farrell, Clerk of the U.S. District Court in Massachusetts, regarding a filing fee paid for case 11764. Despite the Federal Reserve Board's headquarters being in Boston, the money order did not process there. Public records indicate the State of Massachusetts commandeered the Boston Federal Reserve to serve state and/or New England's, not federal, interests. (See Pages 22 up to 23 of Book [0]9025 recorded, published, and transmitted, in the Suffolk County Registry of Deeds and/or the First District Registry of Deeds, or both of such (said order is approved by the mayor of the city of Boston, attested by the Executive Secretary of the Public Improvement Commission of the City of Boston; received, entered, and examined in said registry of said county and/or district, or both of such, 12/30/1977)

---

certified records, which were later altered. The docket clerk entered this document on the case docket of 11764. See Docket Entry #76. After a money order inquiry (PS Form 6401), Talasazan received a full refund from the USPS in commercial paper on November 14, 2023. Talasazan is in possession of said commercial paper.
[21]MONEY ORDER Serial # 28315003285
Amount $402.00 (detailed in footnote, Check ending in numbers 5989, above)

(emphasis supplied to distinguish the paper recording so enumerated, and the electronically stored, transmitted, and published numerical designation of the same) (published, transmitted, and accessed 11/8/2023); see also "Plan on File on Roll" Pages 1 up to and including page 3, incorporated by reference therewith, and recorded, transmitted, and published (published, transmitted, and accessed 11/8/2023)). Consequently, the money order was processed through the Federal Reserve Board of Cleveland and an IRS or Treasury building in Maine, even though Boston has both a Federal Reserve Board (in fact, the First District is headquartered in Boston) and an IRS building. Talasazan had shown that the Geographic Information Systems of Massachusetts designated the as the "owner" of the Federal Reserve Building of the First District was "Comm[onwealth] of Mass[achusetts]" in 11764.

**126.** The order dismissing 11764 did not even remotely touch upon these facts. In confluence with the preceding public records, Talasazan highlighted the void title to the John Joseph Moakley United States Courthouse, with reasons and detailed points of authorities expressly stated and of which Talasazan had expressly reserved to supplement and raise in the future, in his email transmission and letter so sent to Mister Clerk Farrell. Thereafter, Harel Talasazan received a full refund by check, detailed in footnotes 8 and 9, above, from and issued by the federal government, which he currently possesses.

**127.** On or about May 10, 2023 Talasazan had purchased money order serial number 28450027383 from the USPS in the amount of three hundred dollars even ($300.00). Talasazan had issued this money order to the registration department of the Massachusetts Board of Bar Overseers. Attached to said money order was a document which had reserved Talasazan's rights among other things. Thereafter, Talasazan paid for and submitted a money order inquiry (PS form 6401) regarding this money order. The registration department had converted said money order by detaching the document that had been attached to said money order. Thereafter, Talasazan received a full refund from the USPS by check issued to Talasazan. This check had been cashed subject to "all rights reserved" and "without recourse" or "no recourse" and "under protest" or "without prejudice" inclusive, is notwithstanding.

**128.** On or about April 11, 2023, Talasazan had purchased money order serial number 28706730748 in the amount of four hundred dollars even ($400.00) which Talasazan thereafter issued to the Massachusetts Department of Revenue. On or about June 16, 2023 Talasazan submitted and purchased a money order inquiry regarding this money order (PS form 6401). On or about June 19, 2023 Talasazan sent the governor of Massachusetts, her excellency Maura Healey, a notice of dishonor and protest in respect to said money order. Shortly thereafter, Talasazan received a full refund from the USPS by commercial paper issued to Talasazan. This check had been cashed subject to and notwithstanding "all rights reserved" and "without

recourse" or "no recourse" and "under protest" or "without prejudice" inclusive, is notwithstanding.

**129.** On about May 10, 2023, Talasazan purchased money order serial number 28450027372 from the USPS in the amount of thirteen dollars even ($13.00). Talasazan issued this money order to the town clerk of Whitingham, Vermont for certified records concerning Defendant Dorothy Anderson's fraudulent purchase of land and the house built on it. Talasazan informed the docket clerk in 11764 of the certified records and received permission for said certified records to be delivered directly to the court vis a vis a postage prepaid envelope Talasazan provided the said town clerk, which was enclosed with the said money order. The said town clerk said she sent a copy of those records to the court with the envelope Talasazan provided, and said town clerk's assistant sent a copy of those certified records to Talasazan by electronic mail transmission in a attachment therewith it. Thereafter, the docket clerk said she never received said certified record, Talasazan demanded that a reasonable search for those records to be done, but said docket clerk never checked with any other office in the courthouse despite Talasazan's repeated requests for said clerk to do so. On or about November 6, 2023 Talasazan paid for and submitted a money order inquiry (ps form 6401) regarding said money order. On or about November 14, 2023 the USPS accounting branch agent informed Talasazan by e-mail transmission that "[w]rong pay claim approved for payment for M[oney] O[rder] 2845002737[2], the M[oney] O[rder]

was not cashed by the intended payee." (e-mail from 11/14/2023 (emphasis supplied)[22]. Thereafter, Talasazan received a full refund by USPS commercial paper issued to Talasazan. Talasazan is in possession of said commercial paper.

**130.** On about June 12, 2023 Talasazan purchased money order serial number 28757225463 from the USPS in the amount of six dollars twenty five cents ($6.25). Talasazan issued this payment to the town clerk of Whitingham as a result of the loss of the first batch of certified records the court had lost, misplaced, or failed to search for its whereabouts. The second batch of certified records had been altered by the town clerk hand noting different dates on the certified record. Talasazan paid for and submitted a money order inquiry (ps form 6401) regarding this money order. On or about November 14, 2023 Talasazan's money order inquiry was approved by the USPS accounting branch. Talasazan received a full

---

[22] Public records, more specifically, the public records of Community Bank, NA, which is the bank which said town clerk had presented the money order for processing and payment showed that the said Bank had its principal place of business overlapping the courthouse in the county of Canton, New York. Talasazan gathered these records online from the Office of the Comptroller of the Currency, the New York Secretary of State, the County of Canton's GIS records, registry of deeds and property assessor's databases, inclusive. [Seal the following: Talasazan is informed and believes, and based thereon alleges, that this bank is being used to fund covert intelligence operations. More specifically, these said property records had shown that, a specific official of another country [[N._._._._._._.,_.] a supreme court jurist of [._._._._._._.·._._._._._._._._.·._._.·._._._.] had appeared and was transmitted and was publicized as an agent, payee, associate, co-venturer, affiliate, and/or informer of the same, in a predecessor entity public record of the same, and has no further comment in this respect at this time.]

refund from the USPS by commercial paper it issued to Talasazan. Talasazan is in possession of said commercial paper.

<u>Fraud on the Courts</u>

**131.** In case 11764, Talasazan presented extensive evidence of fraud across Massachusetts public records:

    a) On 12/11/2022, the Mass. GIS property map wrongly listed the City of Boston as owner of the John Adams Courthouse at 1 Pemberton Square Boston, Massachusetts. (see also *Nextera Energy Resources, LLC v. Dep't of Public Utilities & others*, 485 Mass. 595 (2020).)

    b) Social Finance Inc. had no registered address of 2 Atlantic Avenue, Boston in the property records because the address does not exist on the state level. Material discrepancies pertaining to the addresses of the officers thereof is traceable to Belmont, Massachusetts and underscores the defalcations and depredations ongoing or being evaded but capable of repetition to empower judicial review. When compared with the property records concerning the regional bank, namely Belmont Savings bank, the defalcations and depredations are elided much more clearly and coherently, and more detailed, as follows:

        i. Reference is made to the Mortgage within Page 31 up to and including page 56 of

Book 1386 recorded, transmitted, and published in the Registry of Deeds of the Southern Division of Middlesex County, Massachusetts dated 6/25/2010. (Social Finance Inc.'s Chief Executive Officer, contrary to the corporate record filing to which it pertains or vice versa, is 110 Juniper Road Belmont, Massachusetts 02478). Now, when the preceding reference is compared against the following reference, the layering is better understood: reference is made to page 30 up to and including [what should be, but is not recorded because the preceding is recorded over it] page 31[?[.A]] of book 1386 recorded, transmitted, and published in the Registry of Deeds of the Southern Division of Middlesex County, Massachusetts dated 6/25/2010. (Social Finance Inc.'s Chief Executive Officer, contrary to the corporate record filing to which it pertains or vice versa, is 110 Juniper Road Belmont, Massachusetts 02478 and by the deed beginning at said page 30 the "mailing address" of said CEO

and her spouse as tenants by the entirety is "of 120 Juniper Road Belmont Massachusetts").

    ii.  Reference is made to the Mortgage, within Page 116 up to and including page 139 of Book 01345 recorded, transmitted, and published in the Registry of Deeds of the Southern Division of Middlesex County, Massachusetts dated 11/29/2010. (Social Finance Inc.'s Chief Executive Officer, contrary to the corporate record filing to which it pertains or vice versa, is 114 Juniper Road Belmont, Massachusetts 02478).

    iii.  Reference is made to the Purported Homestead, within Page 56 up to and including page 67 of Book 01151 recorded, transmitted, and published in the Registry of Deeds of the Southern Division of Middlesex County, Massachusetts dated 01/29/1996. (pertaining to 119 Juniper Road Belmont, Massachusetts 02478).

    iv.  Reference is made to the Purported Homestead, within Page 84 up to and

including page 89 of Book 01365 recorded, transmitted, and published in the Registry of Deeds of the Southern Division of Middlesex County, Massachusetts dated 02/02/2010. (pertaining to 119 Juniper Road Belmont, Massachusetts 02478).

v.    As a result of the fact that Talasazan was not given adequate or reasonable time to detail this under the circumstances, e.g. the Board of Bar Overseers dishonoring its open ended extension of time that it "allowed without objection" and the failure of the court in 11764 to set a case management conference or any plan or roadmap for discovery, in confluence with generous and questionable rulings on key motions the Defendants in 11764 were provided, it is reasonable for Talasazan's work to be so presented under the circumstances more especially when considering the fact that he is doing all of this alone.

c) In or about February of 2023, the Mass. GIS ignored Talasazan's letter demanding preservation of evidence,

which he believes was destroyed. The court denied his spoliation motion in June of 2023.

d) In October of 2022, Talasazan realized Dorothy Anderson engaged in fraudulent real estate transactions using a nonexistent Newton, Massachusetts address. The court disregarded his motion to take judicial notice and motion for sanctions on either.

e) Talasazan paid for the Whitingham, Vermont clerk to certify and mail records showing Anderson's fraud, but the 11764 docket clerk, who had agreed to accept and file the same on the docket in case 11764 before it was sent, claimed to never receive them. A second set of certified records were altered and entered as entry number 76 on the 11764 docket, which trespassed on the case itself and is a conversion of Talasazan's property.[23] (see footnote 15; see *Holt et al. v. Feigenbaum*, 52 N.Y.2d 291 297-299 (1981) (citing *New York Bank v. Sullivan*, 214 N.Y. 332, 108 N.E. 558 (1915); also citing, Ames, History of Assumpsit, 2 Harv L Rev 1 (and footnote 3) as progeny; see also, *Slade's case*, (4 Coke 91a, 92b, 76 Eng Rep 1072, 1074 [KB]), so cited as progeny).)

---

[23] The following is <u>not</u> to say that, thereafter, as a result of others' negligence, joint and several liability, and damages for injuries Harel Talasazan sustained, legally and proximately caused by those said others, jointly and severally, there is no actionable suit against those others.

f) Massachusetts GIS showed a restaurant, Calamari Court Inc., as owner of the John Joseph Moakley United States Courthouse land and building erected thereon. The court ignored this. See Exhibit 1, above (and references). Funds were dispensed to said Calamari Court or a tax exempt imposter, research and diligence conducted suggests that it involves Defendant and Respondent Robert Foley, the city of Boston, Massport, "KStone Financial Purchaser Inc." New York using the courthouse property record and, concurrently then and there[24], the Boston

---

[24] As per Publication Date 2021-12 Investment Canada Act (ICA), filing acquisition listing, namely, KStone Financial Purchaser Inc., listed as doing business in New York, United States and acquiring ultimate control of the following Canadian Businesses, as so notified, transmitted, and published: Centah Inc. Toronto, ON whose Business activity Provides customer relationship management software solutions to home improvement brands and contractors; Financelt Canada Inc. which is registered to do business in and operates from Toronto, Ontario, Canada, whose Business activity operates as a point-of-sale sales financing company that provides services to merchants in various industries, specializing in home improvement financing, to enable consumers to pay for items in installments; Financelt Canada Inc. whose registered to do business and operated in Laval, Quebec and whose business activity operates as a point-of-sale sales financing company that provides services to merchants in various industries, specializing in home improvement financing, to enable consumers to pay for items in installments; CommunityLend Holdings Inc., registered to do business and operates from Toronto, Ontario, Canada, whose business activity operates a holding company, [1667650]; Ontario Inc. whose registered to do business and operates in Toronto, Ontario, Canada, whose Business activity operates a holding company; Financelt Services Inc. registered to do business in and operates from Laval, Quebec whose Business activity operates as a collection agency; and, Financelt Services Inc. whose registered to do business in and operates from Toronto, Ontario, Canada and operates a collections agency. Based on public records, said Kstone Financial Purchaser Inc. traces back to: 5 CRAWFORD ROAD ACCT: 000012900 0212.-109 210 1 FAMILY RES COUNTY TAXABLE 25,000 MARREN, JOSEPH H HARRISON CENTRAL 1,900 TOWN TAXABLE 25,000 MARREN, JOAN M #3006 SCHOOL TAXABLE 25,000 5 CRAWFORD RD ACREAGE 0.28 25,000 CS282 MAMARONECK VALL 25,000 TO C HARRISON NY 10528. The foregoing is

assessor's property information card pertaining to, among other Defendants and Respondents, see **footnote 22** and **footnote 24**, supra, the Defendant and Respondent Robert Foley, Michelle Wu, Judge Gordon H. Piper, Dorothy Anderson, Judge Denise Jeffrson Casper, Lisa Hourihan, Haley Currie, Associate Justice David Lowy, Joseph Berman, Deborah Goldberg, Maura Healey, inclusive. Conterminously, the General Services Administration had diverted, or had its address diverted, to a state building and/or courthouse in Chelsea, Massachusetts. The fact that the court in 11764 allowed

---

traceable back to the money Talasazan had paid out of pocket for the certified records pertaining to Ms. Anderson's fraudulent purchase of real property in Whitingham, Vermont. This is traceable to cases cited by Talasazan in 11764 which he was an attorney and had almost been thrown into jail for along with his client but for successfully defending the contempt action against his client and himself. This also supports the first cause of action pertaining to the racketeering influenced and corrupt organizations act. This is also traceable to Defendant and Respondent Deborah Goldberg, as well as Defendant and Respondent Gordon H. Piper, see Email transmission date, 09/27/2023 [[date mailed 09/28/2023] By USPS First Class Mail to Commonwealth of Massachusetts Land Court, 3 Pemberton Square 5th floor Boston, MA 02108] By e-mail: LandCourt.PlanOrder@jud.state.ma.us, and christian.velasquez@jud.state.ma.us, and mary.armstrong@jud.state.ma.us. This is also traceable to the sixth cause of action in that the instrument had been converted by, among other Defendants and Respondents, the said town clerk, and Community Bank NA and its conterminous use of and depredation of the federal fisc by its duplicitous and overlapping use of 45-49 Court Street Canton, St. Lawrence County, New York. Said Bank is registered with the Office of the Comptroller of the currency as a registered nationally associated bank, whose Charter Number is 8531, the same is, namely, Community Bank, National Association (Located) in and on 45-49 Court Street Canton, St. Lawrence County, New York, the same is identified with and certified by, Office of the Comptroller Certificate Number 6989, Federal Reserve Board "RSSD" identification number 202907, so overlapping and duplicating, the municipal courthouse in and on Canton, County of St. Lawrence, State of New York, in and on the same said address, as alleged.

these depredations to rage on even though Talasazan had requested by Motion for it to act in a timely fashion, supported by exhibits showing the same, but failed in its fundamental duty by so allowing and permitting the following said motions to languish, and did not or failed to act on the Motion to Take Judicial Notice nor did it act on the Motion for Sanctions, is the result of its failure in its fundamental duty as an independent branch of government. (See Marbury v. Madison, 5 U.S. 137 (1803); see also *McColluch v. Maryland*, 17 U.S. 316 (1819) (Per Marshall, C.J.).)

g) Certified records paid for by Talasazan remain with the 11764 clerk despite no hearings being held, along with original Apple Inc. letters acknowledging that he had assisted and provided valuable research and information to the same, is filed there. His property was taken without just compensation.

h) After the purported suspension order in 045, which is without and wanting of jurisdiction, Talasazan researched property records of the John Joseph Moakley United States courthouse. A "lis pendens" was erroneously labeled an "order of taking" and is the only record on file. (See page 41 up to and including page 47 of Book 17978 supra, filed on or about January 11, 1993 and, transmitted, published on or about July 6, 2023). The

referenced eminent domain case file (United States
District Court for the District of Massachusetts, Civil
Action Number 92-12833-WD) was disposed in 2011 as per
the National Archives. The cover page described the
"Property-Street Address and/or Description" as
"ATLANTIC AVE, NORTHERN AVE, BOSTON" which pertains to
anything but the John Joseph Moakley United States
Courthouse as per its legislatively circumscribed
enactment. (See, H.R. 559, 115 Stat. 4, supra).

## FOIA REQUESTS

**132.** In or about November of 2022 up to and including October of
2023, Talasazan had sent the following state and federal agencies
and/or departments Freedom of Information Act (FOIA) requests,
detailed as follows:

    a) The State Department, FOIA request file number F-2023-
05263, and appeal file number A-2023-00170, denied any
information responsive to Talasazan's request.

    b) The Justice Department, as detailed above, and more
detail below:

        • The Attorney General of the United States, Executive
Office of United States Attorneys disposed of or
destroyed the records Talasazan had sent.

c) The Board of Governors of the Federal Reserve System. The Board of Governors of the Federal Reserve, for records concerning the First District of the Federal Reserve System (located in Boston, Massachusetts), denied Talasazan's request and appeal.

**133.** The The General Services Administration (GSA) received Talasazan's FOIA request. GSA's case number for this request is GSA-2023-001155 (response May 31, 2023, 6:09 AM with three attachments in the e-mail therewith). Moreover:

a) The GSA's FOIA liaison David Eby and Talasazan had conferred by phone, e-mail, and by text message (iMessage).

b) Of all the federal agencies Talasazan communicated with, the GSA was one of the first to be on notice of the cloud and defect in the title of the John Joseph Moakley United States Courthouse.

c) Most communications between Mr. Eby and Talasazan were by phone[25].

d) In or about August of 2023 Mr. Eby confirmed to Talasazan that the GSA does not have any copies of the real property records concerning the John Joseph Moakley United States Courthouse.

---

[25] With that said there is at least one call in or about September of 2023 where the person purported to be Mr. Eby but was not.

      e) Talasazan filed a second FOIA request, but the GSA never
          responded to it.

**134.** Talasazan sent a FOIA request to the United States Department of Transportation (DOT). DOT did not respond to Talasazan's FOIA request.

**135.** The Massachusetts Land Court furnished the case file pertaining to the encroachment on the federal courthouse but a similar instance of an encroachment, that, upon information and belief, which had occurred, was refused and/or denied.

**136.** The Massachusetts Department of Transportation denied Talasazan's FOIA request.

**137.** Massachusetts Department of Environmental Protection denied Talasazan's FOIA request.

**138.** Talasazan sent to the National Archives and Records Administration (NARA) a request for records pertaining to the John Joseph Moakley United States Courthouse. NARA received and acknowledged Talasazan's FOIA request, but in response, NARA said the records containing the information requested were disposed of or destroyed per agency order in circa 2011.

### FIRST CAUSE OF ACTION

### ACTION FOR QUIET TITLE

**CONDEMNATION (AGAINST DEFENDANTS AND RESPONDENTS ROBERT M. FARRELL, CLERK OF The District court of Massachusetts, Boston Division,**

Maria R. Hamilton, Clerk of the Court of Appeals of the First Circuit located in Boston,

Honorable Denise Jefferson Casper, in her personal, administrative, and/or official capacities,

Lisa Hourihan, courtroom clerk, in her personal, administrative, and/or official capacities,

Haley Currie, in her personal, administrative, and official capacities,

DOE Judges 1-10 of the District Courts of the First Circuit, in his or her personal, administrative, and/or official capacities, inclusive,

Robin Carnahan in her personal, administrative, and official capacity as Administrator of the General Services Administration,

Maura Healey, the governor of the commonwealth of the state of Massachusetts, in her personal, administrative, and/or official capacities,

Curtis M. Wood, in his personal, official, and/or administrative capacities,

Jason Snyder, Commissioner of the Massachusetts Department of Revenue in his personal, administrative, and/or official capacity,

Robert Foley, Chief Operations Officer of the Massachusetts Department of Revenue, in his personal, administrative, and/or official capacity,

William Francis Gavin, secretary of state of the commonwealth of the state of Massachusetts, in his official, personal, and/or administrative capacities,

Stephen J. Murphy, Register of Deeds for Suffolk County, Massachusetts, and/or the First District of the Commonwealth of Massachusetts, or both said county and district, in his personal, administrative, and/or official capacities,

Maria C. Curtatone, Register of Deeds for the Southern Division of Middlesex County, Massachusetts, in her personal, administrative, and official capacities,

Kimberly Budd, Chief Justice of the Supreme Judicial Court of the Commonwealth of the State of Massachusetts, in her personal, administrative, and official capacities,

Gordon H. Piper, Chief Justice of the Land Court of the Commonwealth of Massachusetts, in his personal, administrative, and official capacities,

David Lowy, Associate Justice of the Supreme Judicial Court of the Commonwealth of the State of Massachusetts, in his personal, administrative, and/or official capacities,

Board of Bar Overseers of the Commonwealth of the State of Massachusetts, in its official, administrative, and fiduciary capacities,

Joseph Berman, general counsel of the board of bar overseers of the commonwealth of the state of Massachusetts, in his personal, official, and/or administrative capacities,

1  Dorothy Anderson in her personal, administrative, and/or official capacities,

2  David Sean Ferriero, in his personal, administrative, and/or official capacities

3  Joy Shogan, in her personal, administrative, and/or official capacity,

4  Michelle Wu, Mayor of Boston, in her personal, administrative and/or official capacities,

5  Deborah Goldberg, treasurer and receiver general of Massachusetts, in her official, administrative, and/or personal capacities,

6  Amy Stewart, in her personal, official and/or administrative capacities

7  Maura Doyle, in her personal, administrative and/or official capacities, and

8  Susan M. Collins, in her personal and individual capacities,

9  Brian Thomas Moynihan, in his personal, individual, administrative, and official capacities,

10  The Depository Trust Company, including but not limited to its participants, affiliates, agents, subsidiaries, successors, and/or assigns,

11  PENNY PRITZKER, in her personal, official, administrative, associative, fiduciary, and/or participatory capacities,

12  NICHOLAS J. PRITZKER, in his personal, official, administrative, associative, fiduciary, and/or participatory capacities,

13  and       DOES       1-50,       INCLUSIVE

14

15

16  **139.** Talasazan repeats and fully incorporates by reference all

17  allegations, facts, supporting exhibits, and assertions contained

18  within the preceding Paragraph 1 up to and including Paragraph 138.

19  as if fully stated herein and set forth.

20

21  **140.** This action is brought to take property on behalf of the

22  United States of America under the power of eminent domain and to

23  determine just compensation to be paid to the owners and parties

24  in interest.

25  **141.** On or about March 13, 2001 congress approved Public Law 107-

26  2, codified as 115 Stat. 4, which is "An Act", "To designate the

27  United States Courthouse located at 1 Courthouse Way in Boston,

28

Massachusetts, as the "John Joseph Moakley United States Courthouse"". Id. The said Act, in relevant part, provides:

> "SECTION 1. DESIGNATION."
> "The United States courthouse located at 1 Courthouse Way
> in Boston, Massachusetts, shall be known and designated as the
> ''John Joseph Moakley United States Courthouse''."
> "SEC. 2. REFERENCES."
> "Any reference in a law, map, regulation, document, paper, or other record of the United States to the United States courthouse referred to in section 1 shall be deemed to be a reference to the ''John Joseph Moakley United States Courthouse''."
> 115 STAT. 4, PUBLIC LAW 107-2—MAR. 13, 2001.

**142.** This court has jurisdiction under the following federal laws cited:

a) The Fifth Amendment of the Constitution of the United States.

b) 28 U.S.C. § 1346(a)(1);

c) 115 STAT. 4, PUBLIC LAW 107-2—MAR. 13, 2001 (detailed above);

d) An Act of Congress approved August 1, 1888, 25 Stat. 357, as amended, 40 U.S.C. § 257;

e) The Public Buildings Act of 1959, 73 Stat. 479, as amended, (40 U.S.C. §§ 602, 604(a);

f) The Federal Property and Administrative services Act of 1949, 63 stat. 377, as amended, (40 u.s.c. s 490(a)(12)), and

g) Public Law No. 101-509, 104 Stat. 1406 (1990), which is the congressional enactment allocating $184,200,000 for the appropriation and erection of the Boston Federal Building U.S. Courthouse in Massachusetts.

**143.** The authority for the taking is detailed as follows:

a) Quiet Title Act (QTA). 28 U.S.C.A. § 2409a,

b) Federal Rules of Civil Procedure Rule 70,

c) Federal Rules of Civil Procedure Rule 71.1, and

d) 28 U.S.C.A. §§ 1734, 1735

**144.** The property is to be used for the operation of a federal courthouse that serves the public for such purposes.

**145.** The property to be taken is 4.56 ACRES OF LAND, AND 0.78 ACRES OF LAND, MORE OR LESS, SITUATE IN SUFFOLK COUNTY, COMMONWEALTH OF MASSACHUSETTS. Said property had been described in Civil Action No. 92-12833-WD in the District Court for the District of Massachusetts, but the case file and its contents were disposed of and destroyed circa 2011. This is significant because there is no "order of taking" or "judgment" recorded or filed in the registry of deeds pertaining to the appropriation of the land by condemnation or the official act of taking it. See *Radway v. Selectmen of Dennis*, 165 N.E. 410, 411 (Mass. 1929), 266 Mass. 329 (1929).

**146.** Massachusetts is a quick take state; there is no judicial proceeding necessary to initiate condemnation of private

property. (See Mass. Gen. Laws ch. 79, § 7C; but see *Kirby Forest Indus. v. United States*, 467 U.S. 1, at pgs. 3-4 (1984) (describing the three methods the United States customarily employs when it takes property, and in more specific regard, the more expeditious procedure that is prescribed by 40 U.S.C. § 258a). An order of taking must be recorded, if the order of taking is not recorded by the taking authority it is tantamount to no taking or transfer of property ever occurred. *Radway v. Selectmen of Dennis*, 165 N.E. 410, 411 (Mass. 1929), 266 Mass. 329 (1929); see also William G. Blake (Ed.), *Law of Eminent Domain: 50 State Survey* 2011/2012, 1st ed. Therefore, title is **VOID**. *Id.*

**147.** The only record on file with the Suffolk County Register of Deeds is in regards to the John Joseph Moakley United States Courthouse is a Lis Pendens of District court for the District of Massachusetts, case No. 92-12833-WD (endorsed by the judge on Dec. 14, 1992, certified by the clerk on Dec. 23, 1992), recorded Jan. 11, 1993, at Book 17978, Page 41 up to and including 047 of said Suffolk County Register of Deeds or First District Register of Deeds, or both of such. A copy of said Lis Pendens is attached herewith as Exhibit 8.

**148.** Thus, since the order of taking is not recorded by the taking authority it is tantamount to no taking or transfer of property ever occurred. *Radway v. Dennis*, 165 N.E. 411, supra.

1  Hence, the United States disclaims all interest in the real

2  property or interest therein as per Section 2409a (e) of 28

3  United States Code.

4  **149.** The interest to be acquired is fee simple absolute to

5  the federal government.

6
7  **150.** The persons known to the plaintiff to have an interest

8  in said property are: HAREL TALASAZAN and THE FIRST CIRCUIT

9  COURT OF THE FEDERAL JUDICIARY.

10  **151.** The persons and entities known to Plaintiff that have

11  encroached on the said property and impinged on the rights of

12  the federal sovereign are Defendants and Respondents:

13  ROBERT  M.  FARRELL,  CLERK  OF  The  District  court  of

14  Massachusetts, Boston Division,

15
16  Maria R. Hamilton, Clerk of the Court of Appeals of the First
    Circuit located in Boston,

17
18  Honorable Denise Jefferson Casper, in her personal,
    administrative, and/or official capacities,

19  Lisa Hourihan, courtroom clerk, in her personal, administrative,
    and/or official capacities,

20
21  Haley Currie, in her personal, administrative, and official
    capacities,

22
23  DOE Judges 1-10 of the District Courts of the First Circuit, in
    his or her personal, administrative, and/or official capacities,

24  inclusive,

25  Robin Carnahan in her personal, administrative, and official
    capacity as Administrator of the General Services Administration,

26
27  Maura Healey, the governor of the commonwealth of the state of
    Massachusetts, in her personal, administrative, and/or official

28  capacities,

Curtis M. Wood, in his personal, official, and/or administrative capacities,

Jason Snyder, Commissioner of the Massachusetts Department of Revenue in his personal, administrative, and/or official capacity,

Robert Foley, Chief Operations Officer of the Massachusetts Department of Revenue, in his personal, administrative, and/or official capacity,

William Francis Gavin, secretary of state of the commonwealth of the state of Massachusetts, in his official, personal, and/or administrative capacities,

Stephen J. Murphy, Register of Deeds for Suffolk County, Massachusetts, and/or the First District of the Commonwealth of Massachusetts, or both said county and district, in his personal, administrative, and/or official capacities,

Maria C. Curtatone, Register of Deeds for the Southern Division of Middlesex County, Massachusetts, in her personal, administrative, and official capacities,

Kimberly Budd, Chief Justice of the Supreme Judicial Court of the Commonwealth of the State of Massachusetts, in her personal, administrative, and official capacities,

Gordon H. Piper, Chief Justice of the Land Court of the Commonwealth of Massachusetts, in his personal, administrative, and official capacities,

David Lowy, Associate Justice of the Supreme Judicial Court of the Commonwealth of the State of Massachusetts, in his personal, administrative, and/or official capacities,

Board of Bar Overseers of the Commonwealth of the State of Massachusetts, in its official, administrative, and fiduciary capacities,

Joseph Berman, general counsel of the board of bar overseers of the commonwealth of the state of Massachusetts, in his personal, official, and/or administrative capacities,

Dorothy Anderson in her personal, administrative, and/or official capacities,

David Sean Ferriero, in his personal, administrative, and/or official capacities

Joy Shogan, in her personal, administrative, and/or official capacity,

Michelle Wu, Mayor of Boston, in her personal, administrative and/or official capacities,

Deborah Goldberg, treasurer and receiver general of Massachusetts, in her official, administrative, and/or personal capacities,

Amy Stewart, in her personal, official and/or administrative capacities,

Susan M. Collins, in her personal and individual capacities,

Maura Doyle, in her personal, administrative and/or official capacities,

Michael Clifford, in his Personal, Administrative, and/or representative capacity,

Brian Thomas Moynihan, in his personal, individual, administrative, and official capacities,

The Depository Trust Company, including but not limited to its participants, affiliates, agents, subsidiaries, successors, and/or assigns,

PENNY PRITZKER, in her personal, official, administrative, associative, fiduciary, and/or participatory capacities, in association, participation with and relation to FAN PIER LAND COMPANY, HBC ASSOCIATES, AND CARPENTER FAN PIER ASSOCIATES LP, - and NICHOLAS J. PRITZKER, in his personal, official, administrative, associative, fiduciary, and/or participatory capacities, in association, participation with and relation to FAN PIER LAND COMPANY, HBC ASSOCIATES, AND CARPENTER FAN PIER ASSOCIATES LP.

**152.** There may be other persons who have or claim an interest in the property and whose names could not be found after a reasonably diligent search. They are made parties to the action as "Does 1-50".

**153.** As a result of the disposal or destruction of the case file in case No. 92-12833-WD detailed above, in combination with the recorded lis pendens, also detailed above, Plaintiff conducted a diligent search for copies in the care, custody, or possession of third parties, the details of this search are as follows:

a) "A. JOHN PAPPALARDO", the United States Attorney who had signed the said lis pendens for and on behalf of the Plaintiff United States is not responsive. See Lis Pendens, supra. The assistant district attorney, namely Mr. Henderson named within said lis pendens, or am imposter who goes by the same, appears to have property interests in Jamaica Plains, which is a neighborhood of Boston, Massachusetts, that is recorded and used in the depredations and defalcations of money allocated and/or transmitted by the congress for the people or for the necessary and proper use of the John Joseph Moakley United States Courthouse.

b) Michael Clifford, in his Personal, Administrative, and/or representative capacity, for reasons that follow. "Cullinan Engineering Co., Inc.", located in "Auburn - Boston, Massachusetts" which had prepared the plan attached [t]hereto and titled, "Plan of Land, Northern Avenue, Boston, Massachusetts, Suffolk County, prepared for General Services Administration," had been acquired, converted, or is no longer engaging in business under that name. See Exhibit 4 Page 8/8 (emphasis supplied). Defendant and Respondent Michael Clifford is extorting Harel Talasazan in material breach of the agreement more detailed below, of the same.

c) Talasazan tracked down the entity that is most likely in possession of the said plan. A phone confer discussion and follow up e-mail transmission embodying an agreement on all material terms between Talasazan, on the one hand and Ethan Dickson, an engineer and employee of DGT Associates, Inc. on the other hand, should have produced the said plan of land but on or about October 30, 2023 Michael Clifford, "co-founder and principal" of "DGT Associates, Inc." acknowledged

by e-mail transmission to Talasazan that DGT "do[es] have ownership of certain survey records of the former Cullinan Engineering Co. It is [their] established policy not to release [their] archival properties, but rather to rely on them where relevant in new land survey projects. If there is a current need for surveying work, do not hesitate to call [Mr. Clifford] to discuss a scope of work." (emphasis supplied). Talasazan spoke with Mr. Clifford shortly thereafter, and explained that the copy of said plan is all that is needed, and that, Mr. Dickson had agreed to furnish it and Talasazan would pay for its cost of printing and shipping. Mr. Clifford refused to honor said agreement and demanded $500.00. Talasazan rejected and counter offered $10.00, and thereafter, up to $100.00 printing and shipping costs inclusive. Mr. Clifford rejected, and raised the price by 100.00 increments each day thereafter until the price reached approximately $1,100.00. Talasazan sent demands to preserve evidence in anticipation of litigation to DGT Associates, Inc.'s Massachusetts[26] and New York[27] offices, when the letter was delivered to the latter, Mr. Clifford stopped jacking up the price.

**154.**    The court record in case No. 92-12833-WD, detailed above, is lost or destroyed and the appropriation by condemnation, for reasons and authorities above, is void. Record title ownership, as detailed above, must be restored. The manner prescribed in Sections 1734 and 1735 of 28 United States Code is instructive to the situation presented.

---

[26] 803 SUMMER STREET SUITE 1 BOSTON, MASSACHUSETTS 02127.

[27] Service of said Demand on the Secretary of State as Agent, Attention to: DIMITRI G. TEMIDIS, Chief Executive Officer, Address: 66 LEBER ROAD, BLAUVELT, NY, UNITED STATES, 10913. In addition, this New York business address is also used by 'Sullivan Construction' Company, suggesting that Mr. Clifford was positioning himself to survey and develop a land plan, despite the inappropriateness and prematurity of such actions.

**155.** Plaintiff had an agreement with Mr. Dickson of DGT Associates, Inc. for a copy of the plan of land pertaining to case No. 92-12833-WD, on reasonable terms, which should be honored, as detailed above.

**156.** Plaintiff should not be price gouged or extorted, nor should Plaintiff have to pay money out of pocket to cover any exorbitantly priced costs which the public as a whole should bear.

**157.** Talasazan paid the filing fee in 11764 in exchange for the labor and services the court bills for filing a claim entrusted to its care and custody. The court in 11764 failed to live up to conditions precedent to and a sufficiently non-recklessly disregarded standard of care or custody for paying said filing fee. These abuses of trust are diffuse, and detailed as follows:

    a. Records certified by the town clerk of Whitingham, Vermont pertaining to the real property purchase and conveyance that Defendant Dorothy Anderson was granted and had purchased using a sidewalk as a residential address had been lost or misplaced by the docket clerk even though said docket clerk agreed to receive said records and enter the same on the docket in the first instance. Plaintiff Talasazan requested the docket clerk to search for the whereabouts of those records, which the docket clerk never responded to nor did.

    b. As a result of no order of taking being recorded, encroachments on the John Joseph Moakley United States Courthouse are diffuse. For instance, even though the commercial paper Talasazan had issued to pay the filing fee in 11764 should have processed through the Federal Reserve First District Bank in

Boston it did not. Nor did it process through the Boston Branch of the Treasury Department. At all relevant times in 11764 the ownership of the land on which the said First District Federal Reserve Bank sits had been listed and published as lands owned by the Commonwealth of Massachusetts in its name only. For this reason, the commercial paper had processed in the treasury building in the state of Maine, and in the Federal Reserve Bank in Clevland thereafter.

c.  The General Services Administration moved its offices, or had its offices moved, as published in the Massachusetts Geographic Information Services Databases, from Boston to the nearby town of Chelsea, Massachusetts. Conterminously, the fish restaurant "Calamari Court" had been published as the owner of the land on the federal courthouse, and the Massachusetts Land Court proceeded with a tax taking.

d.  Depredations are not limited to these Defendants and Respondents. For instance, the Department of Environmental protection, and the city of Boston, inclusive, refer to the John Joseph Moakley United States Courthouse address[28] as "11 Courthouse Way" in direct contravention to the act designating said courthouse. See H.R. 559, 115 Stat. 4, supra. There is, over and above this, sufficient reason for cause against the Massachusetts Department of Transportation, by virtue of the fact that the Northern Avenue Bridge had been taken by eminent domain by the State of Massachusetts, which traces back to the railroad companies that had used the land and erected tracks thereon, which traces back to the Boston Wharf Commission, that, had not turned over instruments including but not limited to deeds of title to landowners in the State of Maine. See, e.g., Acts of 1903, Chap.381, SECTIONS 1 UP TO AND INCLUDING SECTION 6, AN ACT RELATIVE TO THE LAYING OUT AND CONSTRUCTION OF NORTHERN AVENUE AND SLEEPER STREET IN THE CITY OF BOSTON. This is traceable to 11764 in that Harel Talasazan had represented a commercial tenant in Newton, Massachusetts against the landlord thereof. Said landlord had a 99 year ground lease for a railroad station that the

---

[28] See, https://www.govinfo.gov/content/pkg/CHRG-115shrg32987/html/CHRG-115shrg32987.htm (accessed 01/17/2024); compare to
https://eeaonline.eea.state.ma.us/EEA/FileViewer/Rtn.aspx?rtn=3-0035244 (accessed 01/17/2024)

Massachusetts Bay Transportation Authority, that connects with, to and on the land pertaining to the Federal Reserve Building. Notice that the cover page of the purported "order of notice" includes Atlantic Avenue. And, that among others, said commercial landlord had used said railroad station in Newton for ultra vires purposes especially involving money laundering. The property records that Harel Talasazan had sent the Attorney General Merrick Garland traced the origins of these depredations from the Banks that had also been registered or operated to do business there. Inasmuch as Talasazan had tried to expose this the clerks of the Newton District Court denied and refused filings. See the First Amended Complaint, 11764. The Chief Judge of said District Court is the only person who gave Talasazan the opportunity to argue his clients case, but at that point the client had already terminated him and Talasazan had tried to ensure that he would be treated fairly and his rights would be respected. Records of filings that are date stamped which are not on the docket, nor were ever published thereon, are in Talasazan's possession.

e. By virtue of the fact that records Talasazan sent to the Attorney General in support of facts and claims made in case 11764 were lost, misplaced, or destroyed; and, despite Talasazan paying out-of-pocket for certified records the 11764 docket clerk failed to reasonably search for, Sections 1734-1735 of Title 28 United States Code are instructive to the situation presented.

f. As further reinforced by Sections 2403 and 2409a, the federal government normally claims broad rights to intercede in court proceedings affecting its lawful interests as a sovereign entity. However, by its own actions or omissions here, it disclaimed those rights. This is consistent with the apparent irrelevance to the federal government of the missing order of taking.

g. The district attorney who had signed the "lis pendens" is unresponsive to requests for a copy of the case file. The assistant district Attorney, Mr. Henderson, is published to have property interests that defalcate the same monies congress transmits for its maintenance and operation, to Jamaica Plains which is a different neighborhood of Boston.

h. It is pellucid and consistent with the apparent irrelevance to the federal government of the missing order of taking or the consequences that it

produces, as detailed above. As such, the Federal government Defendants and Respondents must bear the consequences of their actions, jointly and severally, in tendering to Harel Talasazan the just compensation due and owed to him.

158. WHEREFORE, Plaintiff and Petitioner requests and prays that:

1. A temporary restraining order issue to prevent defendant from converting or interfering with Plaintiff's property rights embodied in the check in the amount of $402.00 in his possession;

2. A preliminary injunction be granted after notice to defendants and respondents to prevent the same from interfering with the public use requirement of what is supposed to be public lands;

3. The purported taking by Defendants and Respondents be declared VOID and of no effect as failing to record the order of taking or judgment with sufficient accuracy, care or custody;

4. The Premises purportedly taken by defendant be declared, in whole or in part, not necessary or conducive to the following "a)" up to and including "g)" below, inclusive, and therefore not a proper public purpose;

    a) the purposes of The Fifth Amendment of the Constitution of the United States.

    b) 28 U.S.C. § 1346(a)(1);

    c) 115 STAT. 4, PUBLIC LAW 107-2—MAR. 13, 2001 (detailed above);

    d) An Act of Congress approved August 1, 1888, 25 Stat. 357, as amended, 40 U.S.C. § 257;

    e) The Public Buildings Act of 1959, 73 Stat. 479, as amended, (40 U.S.C. §§ 602, 604(a);

    f) The Federal Property and Administrative services Act of 1949, 63 stat. 377, as amended, (40 u.s.c. s 490(a) (12)), and

    g) Public Law No. 101-509, 104 Stat. 1406 (1990), which is the congressional enactment allocating $184,200,000 for the appropriation and erection of the Boston Federal Building U.S. Courthouse in Massachusetts;

5. The damages sustained by the Plaintiff and Petitioner be assessed Defendants and Respondents be ordered to pay such damages to Plaintiff and Petitioner; and

6. The court or, the United States Supreme Court, grant Plaintiff and Petitioner such other and further relief as the court may deem just and proper, or the Court may deem just and right.

1

## SECOND CAUSE OF ACTION

VIOLATION OF THE RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO) (AGAINST DEFENDANTS AND RESPONDENTS DOROTHY ANDERSON,
JOSEPH BERMAN,
BOARD OF BAR OVERSEERS,
OFFICE OF BAR COUNSEL,
Michelle Wu, Mayor of Boston, in her personal, administrative and/or official capacities,

Deborah Goldberg, treasurer and receiver general of Massachusetts, in her official, administrative, and/or personal capacities,

Amy Stewart, in her personal, official and/or administrative capacities,

Susan M. Collins, in her personal and individual capacities,

Maura Doyle, in her personal, administrative and/or official capacities,

Michael Clifford, in his Personal, Administrative, and/or representative capacity,

Brian Thomas Moynihan, in his personal, individual, administrative, and official capacities,

The Depository Trust Company, including but not limited to its participants, affiliates, agents, subsidiaries, successors, and/or assigns, AND DOES 1-50)

159.   Talasazan repeats and fully incorporates by reference all allegations, facts, supporting exhibits, and assertions contained within the preceding Paragraph 1. up to and including Paragraph 158. as if fully stated herein and set forth.

## THE UNLAWFUL PATTERN OF RACKETEERING ACTIVITY

160. At all times relevant and material to the allegations, Defendants Dorothy Anderson, Board of Bar Overseers, Office of Bar Counsel, and Joseph Berman (hereby collectively referred to as the

"State Bar Defendants"), knowingly and intentionally conspired with each other to carry out schemes to defraud Plaintiff Talasazan, the Teachers Insurance Annuity Association of America pension fund (TIAA), the federal treasury of the United States government, and all other persons or entities similarly situated to the Plaintiff. Reference is made to Suffolk County Registry of Deeds of Massachusetts, Book Number 59223 beginning at Page 10 et seq. (the Warranty Deed of the Property Records pertaining to 99 High Street Boston, Massachusetts).

**161.** The bona fide physical office location of both the Board of Bar Overseers and Office of Bar Counsel is verifiably situated on the second floor of the commercial rental property located at 99 High Street, Boston, Massachusetts. Concurrently, public record demonstrates that the first floor of 99 High Street, Boston has been actively leased and/or occupied by one or more financial institutions or corporate banks directly engaged in conducting both interstate and international financial transactions and commerce.

**162.** For Plaintiff Talasazan to reasonably comply with the various demands levied against him during the sham attorney disciplinary investigation carried out by the Office of Bar Counsel and Defendant Anderson, Talasazan necessarily incurred out-of-pocket costs to pay retail United States Postal Service shipping rates to ship, mail, or otherwise deliver evidentiary items, documents, and correspondence to the Office of Bar Counsel and Defendant Anderson. Contemporaneously, the State Bar Defendants illegally utilized

their insider status, connections, positions, and corporate economies of scale to repeatedly ship, mail and deliver various documents, letters, and parcels to the Plaintiff at fraudulently discounted bulk mailing rates that ordinary citizens do not qualify for nor have access to obtain, and over and above that, Defendants and Respondents inflicted financial harm and losses to the Plaintiff where, as here, his workmanship in 11764 had been taken from him, the credit applied to whomever but Harel Talasazan, and losses ensued.

**163.** By knowingly and repeatedly falsifying public government information to disseminate materials to Plaintiff Talasazan using the premise address of 99 High Street, Boston — in direct contradiction of legal rental agreements limiting property rights to strictly "[r]ights as tenants" rather than owners — Defendants Office of Bar Counsel and Dorothy Anderson effectively appropriated or otherwise stole personal property items sent by Talasazan using that falsified address. The items and property were stolen when, acting in objective good faith, Plaintiff Talasazan properly delivered or transmitted packages to what Defendants verbally instructed and publicly advertised as the valid office premises and true physical location of the Office of Bar Counsel, situated on the first floor of 99 High Street, Boston. However, upon various items being shipped and subsequently delivered to the State Bar Defendants pursuant to those falsified instructions, Defendants

denied that any such items were ever delivered or even tangibly existed.

**164.** Discovery reveals that at pertinent times, the Office of Bar Counsel solely used mailing services and equipment from Quadient Inc. (previously "Neopost") while co-defendant Board of Bar Overseers relied on Pitney Bowes and USPS. This establishes the Office and Board presently function as separate entities with divergent mailing processes and financial tools. Critically, both entities explicitly specified the same return address of 99 High Street, Boston on envelopes mailed to Talasazan, despite having no property rights there. This misrepresented their true mailing address.

**165.** In approximately March of 2023 after Talasazan confronted Assistant Attorney General David Marks about this deception, the Board of Bar Overseers ceased transmitting mail from the 99 High Street address. For a period they instead sent mail to Talasazan from Rhode Island before later resuming use of a Massachusetts return address. However the Office of Bar Counsel continues to engage in the false 99 High Street address usage despite sharing office space with the Board.

**166.** By corrupting the mails, State Bar Defendants furthered their sham investigation, property theft, pension embezzlement, and defrauding the federal treasury. By misappropriating Harel Talasazan's personal and sensitive financial information,

1  Defendants and Respondents embezzled and defrauded Talasazan, and

2  concealed evidence in furtherance of the fraud.

3  **167.** Through such corruption, Defendants and Respondents

4  unlawfully gained federal assistance in diverting funds and assets

5  to benefit themselves over the rightful owner.

6
   **168.** This court has jurisdiction under 18 U.S.C. § 1964(a) (civil
7
   RICO), 1964(c) (right to sue for treble damages), 28 U.S.C. § 1331
8
9  (federal question), 1349 (parties incorporated under federal law)

10 and 1337 (commerce regulation). The Supreme Court has jurisdiction

11 under the Rules Enabling Act as well as Sections 1734 and 1735 of

12 28 United States Code, as detailed above, as per its historical

13 progeny.

14

15                    **THIRD CAUSE OF ACTION**
   **Freedom of Information Act—Federal Reserve's failure to produce**
16 **requested documents (AGAINST DEFENDANT Susan M. Collins, in her**
   **official, personal, fiduciary, and/or administrative capacities**
17 **as the President and Chief Executive Officer of the BOARD OF**
   **GOVERNORS OF THE FEDERAL RESERVE System, of the First District of**
18                    **the Federal Reserve)**

19
   **169.** Talasazan repeats and fully incorporates by reference all
20
   allegations, facts, supporting exhibits, and assertions contained
21
22 within the preceding Paragraph 1. up to and including Paragraph **168.**

23 as if fully stated herein and set forth.

24 **170.** Talasazan brings this FOIA action to compel the Susan M.
25
   Collins, in her official, personal, fiduciary, and/or
26
   administrative capacities as the President and Chief Executive
27
28 Officer of the BOARD OF GOVERNORS OF THE FEDERAL RESERVE System,

of the First District of the Federal Reserve ("the Board") to comply with information requests. Grounds for this Claim include:

    a) Under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331, this Court has subject matter jurisdiction.

    b) Venue is proper in this District pursuant to 28 U.S.C. § 1391(e).

    c) Talasazan is a private citizen residing in the Central District of California.

    d) The Board is a U.S. Government agency headquartered in Washington D.C. with custody and control over requested records.

    e) Co-Defendant Federal Reserve Bank of Boston is a U.S. agency with custody of pertinent records sought.

**171.** On 6/5/2023, Talasazan submitted FOIA information requests numbered FOIA-2023-00530 and FOIA-2023-00531 concerning financial documents, property records near Newton MA, and various Boston addresses.

**172.** In or about December of 2022, the detailed descriptive information of the interactive map of the Massachusetts Geographic Information System had shown and/or published that "Commonwealth of Massachusetts" was the owner of the land and building on which the Federal Reserve Bank of Boston sits. On June 5, 2023, Plaintiff submitted two (2) FOIA requests (which are referred to by the file numbers so assigned, as follows: (1) FOIA-2023-00530 and (2) FOIA-2023-00531) to the Board seeking information relating to:

1. [begin pertinent text of FOIA-2023-00530]

Any financial information about 7383 (whose beneficiary is Harel Talasazan …) a copy of 7383 is enclosed or attached herewith, of that instrument.

2. All financial instruments that had been issued, negotiated for, presented for payment from or paid to Harel Talasazan that had been processed by the Federal Reserve Bank, of the First District, from January 1, 2019 up to and including 06/01/2023.

All addresses concerning all bank(s) or financial institution(s) accounts in the name of Harel Talasazan, including but not limited to all personal or business or trust or escrow accounts inclusively processed by the Federal Reserve Bank, of the First District, from January 1, 2019 up to and including 06/01/2023.

[end of pertinent text of FOIA-2023-00530]

2. [begin pertinent text of FOIA-2023-00531]

a certified copy of:

1. With regard to the address located at 66 LOWELL AVE NEWTON, MA 02460 (referred to as "66low") of all maps of any public way abutting or in proximity to 66low up to a 1,000 feet radius therefrom that shows as much detailed publicly available information, in your possession, about that public way and 66low beginning from January 1, 2020 up to and including June 1, 2023.

2. With regard to the documents (not including post it flags noted in black permanent marker and affixed thereon) (retrieved from MASS GIS website among others in or about December 2022) Attached herewith, furnish all records including but not limited to any record in any registry and any map of any public way abutting or in proximity to the following addresses, up to a 1,000 feet radius therefrom that shows as much detailed publicly available information, beginning from January 1, 2020 up to and including June 1, 2023:

A. 73101 High Street Boston, Massachusetts

B. 99 High Street Boston, Massachusetts

C. 556624 Atlantic Avenue Boston, MA

D. 5153 High Street Boston, MA

E. 5559 High Street Boston, MA

F. 12 Northern Avenue Boston, MA

G. 2 Northern Avenue Boston, MA

H. 1 Courthouse Way Boston, MA

I. 160 Federal Street Boston, MA

J. 45 High Street Boston, MA

[end of pertinent text of FOIA-2023-00531]

**173.** The Board's 6/15/2023 response denied compliance without addressing appeal rights.

**174.** Following Talasazan's 7/19/2023 appeal on the denials, the Board took an extension but gave no determinations by the 8/30 deadline, prompting a Notice of Default from Talasazan. During this time, in which an appeal was pending, the Board was under the mistaken assumption that Talasazan was a federal official, employee, or contractor.

**175.** To date, the Board has failed to: properly respond to the requests, assert any exemptions, demonstrate adequate search methods, or produce responsive records.

**176.** The Board's failure to comply with FOIA time limits has exhausted administrative remedies under 5 U.S.C. § 552(a)(6)(C).

**177.** The Board is unlawfully withholding requested records that should be produced under 5 U.S.C. § 552.

**178.** This violation irreparably harms Talasazan.

1    **179.** Wherefore, Talasazan seeks relief ordering the Board to:

2    conduct reasonable searches for responsive records; produce non-

3    exempt records by a date certain; demonstrate any withholdings

4    under exemptions; cease unlawful withholding of requested public

5    federal records; and grant Plaintiff such other relief as the

6    court deems just and proper.

7

8                        **FOURTH CAUSE OF ACTION**

9    **Freedom of Information Act Department of Justice Executive Office**
     **of United States Attorneys failure to produce requested**
10                       **documents, 5 U.S.C.A. § 552**

11   **180.** Talasazan repeats and fully incorporates by reference all

12   allegations, facts, supporting exhibits, and assertions contained

13   within the preceding Paragraph 1. up to and including Paragraph 179.

14   as if fully stated herein and set forth.

15   **181.** Beginning from October of 2022 up to and including April of

16   2023 Talasazan sent the Department of Justice documents which

17   included but is not limited to, notices required under the Federal

18   Rules of Civil Procedure and public records Talasazan had obtained

19   through research he had done.

20   **182.** 90. On or about February 28, 2023 the United States Department

21   of Justice sent a letter to Talasazan acknowledging receipt of his

22   documents and records regarding 11764 and informed Talasazan that

23   it will not intervene.

24

25

26

27

28

**183.** On or about June 5, 2023 Talasazan transmitted and sent a FOIA request to the Department of Justice demanding the return of the records he provided the Department of Justice.

**184.** On or about July 17, 2023 the Department of Justice Executive Office of United States Attorneys acknowledged receipt of Talasazan's FOIA request. The department generated the following to identify Talasazan's said FOIA request "Request Number: EOUSA-2023-002651" in its acknowledgement.

**185.** On or about August 24, 2023 the Department of Justice Executive Office of United States Attorneys sent its final disposition regarding Talasazan's FOIA request. It said in its letter "[a] search for records located in the United States Attorney's Office(s) for the District of Massachusetts has revealed no responsive records regarding the above subject."

**186.** This cause of action is brought pursuant to 5 U.S.C.A. § 552(a)(4)(B) to redress the deprivation under Plaintiff's right as secured by the United States Freedom of Information Act.

**187.** Defendant Department of Justice Executive Office of United States Attorneys has not complied with the Freedom of Information Act 5 U.S.C.A. § 552(a)(6)(A)(i)(ii).

**188.** Because the Defendant Department of Justice Executive Office of United States Attorneys has not complied with the Freedom of Information Act 5 U.S.C.A. § 552(a)(3)(A), it has also failed to comply with the Freedom of Information Act 5 U.S.C.A. §

552(a)(6)(A)(i)(ii), or Freedom of Information Act 5 U.S.C.A. § 552(a)(6)(B)(ii).

**189.** By losing, misplacing or destroying Talasazan's records, Defendant Department of Justice Executive Office of United States Attorneys have irreparably harmed Talasazan.

**190.** The Plaintiff Talasazan exhausted his administrative remedies with respect to such FOIA request.

**191.** Wherefore, Plaintiff Talasazan, respectfully requests the court, or this Court for the following relief: Judgment in favor of Plaintiff and against Defendant(s) —

1) Defendant Department of Justice Executive Office of United States Attorneys; and

2) The court or the United States Supreme Court order the production of any agency records improperly withheld, if any, pursuant to the Freedom of Information Act 5 U.S.C.A. § 552(a)(4)(B); and

3) The court or the United States Supreme Court assess the reasonable attorneys' fees and other litigation cost pursuant to the Freedom of Information Act. 5 U.S.C.A. § 552(a)(4)(E); and

4) Such other and further relief as the Court or the United States Supreme Court deems right and just.

**FIFTH CAUSE OF ACTION**
**Breach of Contract (Against Defendants and Respondents: Dorothy Anderson,**
**Office of Bar Counsel,**

**Board of Bar Overseers,
and Joseph Berman)**

**192.** Talasazan repeats and fully incorporates by reference all allegations, facts, supporting exhibits, and assertions contained within the preceding Paragraph 1. up to and including Paragraph 191. as if fully stated herein and set forth.

**193.** On or about May 27, 2023, Defendant Dorothy Anderson and the Office of Bar Counsel entered a contract to ship goods to Talasazan. These goods, filed in the Massachusetts Supreme Judicial Court case 2023-BD-045 which is wanting and without jurisdiction, included an unattested complaint also known as an information, an unattested order, and a cover page. However, neither the information or the order was attested as required by the court's notice. The goods were sent via USPS certified mail "return receipt for merchandise", these non-conforming goods were rightfully rejected by Talasazan. A copy of this contract is attached as Exhibit 9.

**194.** As per this said contract Ms. Anderson, the Office of Bar Counsel, the Board of Bar Overseers, and Joseph Berman, inclusive, were required and ordered to ensure pure performance and by law. Talasazan sought authentic, attested, complaint also known as information and the order of notice, to be duly notified and given an opportunity for a defense.

**195.** Talasazan has fulfilled all contractual terms by rejecting and returning each non-conforming item to Defendant Anderson, Board of Bar Overseers, and Joseph Berman. By law, copies of the returned

items were also to be sent to other involved parties including but not limited to Microsoft Corporation's Agent and Attorney Paul Lewis and "Supreme Court Justice" addressed in the John Adams courthouse located at or about One Pemberton Square Boston, Massachusetts as per the United States Postal Service's look up function.

**196.** The defendants and respondents breached the contract by failing to comply with the court's order of notice, thus denying Talasazan his day in court. This breach cost Talasazan money out of pocket, to be calculated, and determined, against Defendants.

**197.** Despite demands, the Defendants and Respondents have failed and continue to fail in fulfilling their contractual obligations.

**198.** Due to this breach, Plaintiff has incurred damages.

**199.** Plaintiff seeks judgment against Defendants for:

      a. An amount to be calculated, and determined, and

      b. Costs of this action.

### SIXTH CAUSE OF ACTION
#### CONVERSION

**(Against Defendants and Respondents:**
**Dorothy Anderson,**
**Office of Bar Counsel,**
**Board of Bar Overseers,**
**Associate Justice David Lowy,**
**ROBERT M. FARRELL, CLERK OF The District court of Massachusetts, Boston Division,**
**Maria R. Hamilton, Clerk of the Court of Appeals of the First Circuit located in Boston,**
**Honorable Denise Jefferson Casper, in her personal, administrative, and/or official capacities,**
**Lisa Hourihan, courtroom clerk, in her personal, administrative, and/or official capacities,**

1  **Haley Currie, in her personal, administrative, and official capacities,**
2  **DOE Judges 1-10 of the District Courts of the First Circuit, in his or her personal, administrative, and/or official capacities,**
3  **inclusive,**
   **and Joseph Berman)**
4
5  **200.** Talasazan repeats and fully incorporates by reference all
6  allegations, facts, supporting exhibits, and assertions contained
7  within the preceding Paragraph 1. up to and including Paragraph 199.
8  as if fully stated herein and set forth.
9  **201.** Defendants and Respondents Dorothy Anderson, Office of Bar
10
11  Counsel, Board of Bar Overseers, Associate Justice David Lowy, and
12  Joseph Berman, in concert and inclusively, acted wanting of and
13  without jurisdiction, and willfully interfered with Talasazan's
14  personal property. (See *Ex Parte Wall*, 107 U.S. 265, 283-284 (1883)
15  (where, as here, the conduct of the court below was irregular,
16  flagrantly improper, had exceeded its power and decided erroneously
17  without testimony, the court or the Supreme Court may interpose by
18
19  writ of mandamus (citing *Ex Parte Burr*, 22 U.S. 529 (1824) (Per
20  Marshall, C.J.)); see also, Id. at 289 ("Conceding that an
21  attorney's calling or profession is his property[.]").
22  **202.** Talasazan has an absolute and unconditional right to
23  possession of the amounts due to him. (*Ex Parte Wall*, 107 U.S. 265,
24  283-284 (1883), supra; see also, Id. at 289, supra). As the payee
25  of an unconditional promise or order to pay Talasazan (vis a vis
26
27  the refund issued following the money order inquiry, PS Form 6401,
28  detailed and cited above) Defendants Dorothy Anderson, Office of

Bar Counsel, Board of Bar Overseers, Associate Justice David Lowy, and Joseph Berman acknowledge this and had waived any opposition or defense each and every said Defendant and Respondent and all said Defendants and Respondents, inclusive, may have had.

**203.** Defendants Dorothy Anderson, Office of Bar Counsel, Board of Bar Overseers, Associate Justice David Lowy, and Joseph Berman willfully interfered with Talasazan's property through a fraudulent scheme involving mail, electronic transmissions, and interstate commerce.

**204.** Defendants Dorothy Anderson, Office of Bar Counsel, Board of Bar Overseers, Associate Justice David Lowy, and Joseph Berman intentional and deceitful acts enabled the permanent dominion over Talasazan's property despite Talasazan's entitlement to use it free and clear of any coram judice, libel and slander at all times up to and including the present date.

**205.** As a direct, foreseeable, and proximate result of the conversion of Talasazan's property by these Defendants and Respondents, Talasazan is damaged in an amount to be proven at trial or hearing on damages and just compensation.

**206.** Defendants Dorothy Anderson, Office of Bar Counsel, Board of Bar Overseers, Associate Justice David Lowy, and Joseph Berman acted with fraud or malice, as defined by Cal. Civ. Code § 3281 up to and including § 3296, or the common law, when they assumed control and ownership over Talasazan's personal property, and the Plaintiff and Petitioner Talasazan is therefore also entitled to

1    compensatory damages in an amount to be determined at trial or

2    hearing on damages and just compensation.

3                          **SEVENTH CAUSE OF ACTION**

4

5    **AMERICANS WITH DISABILITIES ACT, Americans with Disabilities Act
     (ADA) of 1990, the ADA Amendments Act of 2008, California's Unruh**

6    **Civil Rights Act, Civil Code §51 et seq. (the "Unruh Act"), and
     the California Disabled Persons Act, California Civil Code**

7    **Sections 54.1 up to and including 55.32 (Against Defendants and
     Respondents Dorothy Anderson, Office of Bar Counsel, Board of Bar**

8    **Overseers, Associate Justice David Lowy, and Joseph Berman)**

9    **207.** Talasazan repeats and fully incorporates by reference all

10   allegations, facts, supporting exhibits, and assertions contained

11
     within the preceding Paragraph 1. up to and including Paragraph 206.
12
13   as if fully stated herein and set forth.

14   **208.** Plaintiff is disabled as defined by the Americans with

15   Disabilities Act (ADA), Americans with Disabilities Act (ADA) of

16   1990, the ADA Amendments Act of 2008, the California's Unruh Civil

17   Rights Act, Civil Code §51 et seq. (the "Unruh Act") and the

18   California Disabled Persons Act, California Civil Code Section 54.1

19
     up to and including 55.32.
20
21   **209.** As a result of a traumatic brain injury, fractured left

22   mastoid, and broken temporal bone sustained in or about circa 2007,

23   Talasazan is permanently deaf in his left ear.

24   **210.** Every day Talasazan struggles to hear and listen to what

25   others have to say. Often times, this necessitates Talasazan to

26
     shape his right hand in a conical shape which he places behind his
27
28   right ear to hear and listen to what other persons are saying.

**211.** Every day Talasazan must deal with and suffer from sudden onsets of vertigo. The vertigo causes Talasazan to lose his center of balance and appear as though his body is shifting to one side, and heading towards the ground, until Talasazan's only functioning cochlear nerve that is responsible for keeping balance, corrects it. This is because his only functioning cochlear nerve is encased in the temporal bone of his right inner ear. The cochlear nerve of Talasazan's left is permanently damaged because of the said injury Talasazan had sustained.

**212.** Every day Talasazan must deal with and suffer from sudden onsets of tinnitus, which is a loud ringing or whistling sound in his left ear that is the result of the said injury Talasazan had sustained.

**213.** This court has jurisdiction by virtue of the fact that Defendant and Respondent Dorothy Anderson had shipped non-conforming goods marked as merchandise from Massachusetts to the State of California in or about May up to and including June of 2023.

**214.** Talasazan rejected the non-conforming merchandise and Defendant and Respondent repeatedly shipped the same merchandise back to Talasazan, up to and including approximately five separate and distinct instances.

**215.** Ms. Anderson conducted business in and transacted with the Talasazan, who is a resident of and at all relevant times residing in the State of California.

**216.** As an individual with disabilities, Defendants and Respondents Dorothy Anderson, Office of Bar Counsel, Board of Bar Overseers, Associate Justice David Lowy, and Joseph Berman denied Talasazan to full and equal access he is entitled to as other members of the general public, to accommodations, advantages, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited, such as courts. The discrimination against Talasazan marginalized and disenfranchised Talasazan which produced the effect that he did not apply alike to all persons.

**217.** As a result of the deliberate indifference to Talasazan's disabilities, Defendants and Respondents have impoverished Talasazan, which has produced the effect of being financially unable to purchase a service dog or devote the time and resources to obtaining it if any government agency assists such persons burdened by said financial conditions.

**218.** Following the death of Talasazan's beloved support animal, Obi, which at all relevant times was a lawful emotional support animal, Talasazan has seriously considered the help and assistance of a service animal to assist him in mitigating the effects of the vertigo caused by the traumatic brain injury, as more detailed above.

**219.** As a result of the fact that the complaint also known as the information is not distinguishable from any other complaint or information, the purported information Defendant and Respondents

1   Dorothy Anderson, Office of Bar Counsel, Board of Bar Overseers,

2   Associate Justice David Lowy, and Joseph Berman is an illegitimate

3   document, of no force or effect, and is merely a demand for money,

4   which is thirty dollars ($30.00) in mailing costs and extorting

5   Talasazan of money that has been taken from him without just

6   compensation. As a result of the Defendants and Respondents Dorothy

7   Anderson, Office of Bar Counsel, Board of Bar Overseers, Associate

8   Justice David Lowy, and Joseph Berman actions, Sections 55.32 of

9   the California Code is violated, which is grounds for attorney

10  discipline.

11  Wherefore, Talasazan prays for the following remedies and mandamus

12  to issue:

13

14      A. Damages to be proven at trial or summary hearing; and

15      B. An order mandating that all of its facilities, virtually

16         or physically, comply with and satisfy California Civil

17         Code Section 54.1 up to and including 55.32, purely, fully

18         and completely.

19

20                      **EIGHTH CAUSE OF ACTION**

21      **CIVIL RIGHTS (§ 1981, 1983, AND 1985 OF 42 UNITED STATES CODE)**
        **Against Defendants and Respondents:**
22  **ROBERT M. FARRELL, CLERK OF The District court of Massachusetts,**
    **Boston Division,**
23  **Maria R. Hamilton, Clerk of the Court of Appeals of the First**
    **Circuit located in Boston,**
24  **Honorable Denise Jefferson Casper, in her personal,**
    **administrative, and/or official capacities,**
25  **Lisa Hourihan, courtroom clerk, in her personal, administrative,**
    **and/or official capacities,**
26  **Haley Currie, in her personal, administrative, and official**
    **capacities,**
27

28

DOE Judges 1-10 of the District Courts of the First Circuit, in his or her personal, administrative, and/or official capacities, inclusive,

Robin Carnahan in her personal, administrative, and official capacity as Administrator of the General Services Administration,

Maura Healey, the governor of the commonwealth of the state of Massachusetts, in her personal, administrative, and/or official capacities,

Curtis M. Wood, in his personal, official, and/or administrative capacities,

Jason Snyder, Commissioner of the Massachusetts Department of Revenue in his personal, administrative, and/or official capacity,

Robert Foley, Chief Operations Officer of the Massachusetts Department of Revenue, in his personal, administrative, and/or official capacity,

William Francis Gavin, secretary of state of the commonwealth of the state of Massachusetts, in his official, personal, and/or administrative capacities,

Stephen J. Murphy, Register of Deeds for Suffolk County, Massachusetts, and/or the First District of the Commonwealth of Massachusetts, or both said county and district, in his personal, administrative, and/or official capacities,

Maria C. Curtatone, Register of Deeds for the Southern Division of Middlesex County, Massachusetts, in her personal, administrative, and official capacities,

Kimberly Budd, Chief Justice of the Supreme Judicial Court of the Commonwealth of the State of Massachusetts, in her personal, administrative, and official capacities,

Gordon H. Piper, Chief Justice of the Land Court of the Commonwealth of Massachusetts, in his personal, administrative, and official capacities,

David Lowy, Associate Justice of the Supreme Judicial Court of the Commonwealth of the State of Massachusetts, in his personal, administrative, and/or official capacities,

Board of Bar Overseers of the Commonwealth of the State of Massachusetts, in its official, administrative, and fiduciary capacities,

Joseph Berman, general counsel of the board of bar overseers of the commonwealth of the state of Massachusetts, in his personal, official, and/or administrative capacities,

Dorothy Anderson in her personal, administrative, and/or official capacities,

David Sean Ferriero, in his personal, administrative, and/or official capacities,

Joy Shogan, in her personal, administrative, and/or official capacity,

Michelle Wu, Mayor of Boston, in her personal, administrative and/or official capacities,

Deborah Goldberg, treasurer and receiver general of Massachusetts, in her official, administrative, and/or personal capacities,
Amy Stewart, in her personal, official and/or administrative capacities
Maura Doyle, in her personal, administrative and/or official capacities
Michael Clifford, in his Personal, Administrative, and/or representative capacity,
Yehudah Weinhaus, in his personal, professional, and/or administrative capacities,
Susan M. Collins, in her personal and individual capacities,
Ronald O'Hanley, in his personal and individual capacities,
Sushil K. Tuli, in his personal and individual capacities,
Jeanne A. Hulit, in her personal and individual capacities,
Stephen J. Cronin, in his personal, administrative, fiduciary, and/or official capacities,
David Marks, in his personal, official, administrative, professional, and/or administrative capacities,
Attorney Poonam Patidar, also known as Bond Counsel, in her administrative, professional, fiduciary, official and personal capacities, AND
DOES 1-50

220. Talasazan repeats and fully incorporates by reference all allegations, facts, supporting exhibits, and assertions contained within the preceding Paragraph 1. up to and including Paragraph 219. as if fully stated herein and set forth.

221. Talasazan is a person, as defined within section 1981 of 42 United States Code, which mandates that he have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property.

222. By virtue of the fact that Talasazan had been in possession of unconditional orders to pay him issued by and from the Federal government, as more detailed above.

**223.** Talasazan is currently in possession three unconditional orders to pay him issued by and from the Federal government.

**224.** Talasazan and all others similarly situated have every right to the full and pure performance of these unconditional written orders, inclusive.

**225.** Unless and until the full and pure performance pertaining to the rectification of the title of the John Joseph Moakley United States Courthouse is done and satisfied, the rights, privileges, and immunities as defined within the constitution are and will continue to be deprived, violated, and abridged.

**226.** Talasazan's rights and all other similarly situated persons rights, privileges, and immunities as defined within the constitution are impaired under color of Massachusetts law that, in effect, is non-sufficient to the meaning and legitimate ends its laws purport to accomplish.

**227.** As a direct and proximate result of Defendants' and Respondents' actions, Plaintiff and Petitioner Harel Talasazan suffered the following injuries and damages:

    a. Taking of Harel Talasazan's property without just compensation.

    b. Mental Anguish in the past and future.

    c. Lost Earnings.

    d. Loss of Earning Capacity.

    e. Physical Pain and Suffering.

f. Loss of Consortium in the Past and Future.

g. Property Damage.

h. Dignitary Harms to his name and his reputation as an Attorney.

**Prayer For Remedies**

**228.** For these reasons, Plaintiff and Petitioner asks for judgment against Defendants and Respondents for the following:

a. An Order Mandating Payment of Just Compensation to Harel Talasazan.

b. Actual damages of 600,000.00.

c. Costs of this Suit.

d. All other relief the court, or the Court, deems appropriate.

## NINTH CAUSE OF ACTION
CIVIL RIGHTS (§ 1983 OF 42 UNITED STATES CODE) Against Defendants and Respondents:

ROBERT M. FARRELL, CLERK OF The District court of Massachusetts, Boston Division,
Maria R. Hamilton, Clerk of the Court of Appeals of the First Circuit located in Boston,
Honorable Denise Jefferson Casper, in her personal, administrative, and/or official capacities,
Lisa Hourihan, courtroom clerk, in her personal, administrative, and/or official capacities,
Haley Currie, in her personal, administrative, and official capacities,
DOE Judges 1-10 of the District Courts of the First Circuit, in his or her personal, administrative, and/or official capacities, inclusive,
Robin Carnahan in her personal, administrative, and official capacity as Administrator of the General Services Administration,

Maura Healey, the governor of the commonwealth of the state of Massachusetts, in her personal, administrative, and/or official capacities,

Curtis M. Wood, in his personal, official, and/or administrative capacities,

Jason Snyder, Commissioner of the Massachusetts Department of Revenue in his personal, administrative, and/or official capacity,

Robert Foley, Chief Operations Officer of the Massachusetts Department of Revenue, in his personal, administrative, and/or official capacity,

William Francis Gavin, secretary of state of the commonwealth of the state of Massachusetts, in his official, personal, and/or administrative capacities,

Stephen J. Murphy, Register of Deeds for Suffolk County, Massachusetts, and/or the First District of the Commonwealth of Massachusetts, or both said county and district, in his personal, administrative, and/or official capacities,

Maria C. Curtatone, Register of Deeds for the Southern Division of Middlesex County, Massachusetts, in her personal, administrative, and official capacities,

Kimberly Budd, Chief Justice of the Supreme Judicial Court of the Commonwealth of the State of Massachusetts, in her personal, administrative, and official capacities,

Gordon H. Piper, Chief Justice of the Land Court of the Commonwealth of Massachusetts, in his personal, administrative, and official capacities,

David Lowy, Associate Justice of the Supreme Judicial Court of the Commonwealth of the State of Massachusetts, in his personal, administrative, and/or official capacities,

Board of Bar Overseers of the Commonwealth of the State of Massachusetts, in its official, administrative, and fiduciary capacities,

Joseph Berman, general counsel of the board of bar overseers of the commonwealth of the state of Massachusetts, in his personal, official, and/or administrative capacities,

Dorothy Anderson in her personal, administrative, and/or official capacities,

David Sean Ferriero, in his personal, administrative, and/or official capacities,

Joy Shogan, in her personal, administrative, and/or official capacity,

Michelle Wu, Mayor of Boston, in her personal, administrative and/or official capacities,

Deborah Goldberg, treasurer and receiver general of Massachusetts, in her official, administrative, and/or personal capacities,

Amy Stewart, in her personal, official and/or administrative capacities,

Maura Doyle, in her personal, administrative and/or official capacities,

1  Michael Clifford, in his Personal, Administrative, and/or representative capacity,
2  Yehudah Weinhaus, in his personal, professional, and/or administrative capacities,
3  Susan M. Collins, in her personal and individual capacities,
   Ronald O'Hanley, in his personal and individual capacities,
4  Sushil K. Tuli, in his personal and individual capacities,
5  Jeanne A. Hulit, in her personal and individual capacities,
   Stephen J. Cronin, in his personal, administrative, fiduciary,
6  and/or official capacities,
   David Marks, in his personal, official, administrative,
7  professional, and/or administrative capacities,
   Attorney Poonam Patidar, also known as Bond Counsel, in her
8  administrative, professional, fiduciary, official and personal
   capacities, AND
9  DOES                                                        1-50

10 **229.** Talasazan repeats and fully incorporates by reference all
11
12 allegations, facts, supporting exhibits, and assertions contained
13 within the preceding Paragraph 1. up to and including Paragraph 229.
14 as if fully stated herein and set forth.
15 **230.** Defendants and Respondents are persons who, under color of
16
17 any statute, ordinance, regulation, custom, or usage, of the State
18 of Massachusetts or its Territory as defined since the founding of
19 the United States up to and including circa 1819, subject, or cause
20 to be subjected, Harel Talasazan and any similarly situated citizen
21 of the United States or other person within the jurisdiction
22 thereof to the deprivation of the rights, privileges, and
23 immunities secured by and within the United States Constitution
24 and laws.
25 **231.** As a direct and proximate cause of these deprivations,
26
27 Defendants and Respondents have injured Harel Talasazan and all
28 other persons similarly situated.

**232.** Defendants and Respondents are liable to compensate Harel Talasazan's injuries.

**233.** Defendants and Respondents are liable to compensate all other similarly situated persons' injuries.

**234.** As a result of the court in 045 ordering, adjudging, or decreeing Harel Talasazan's suspension from the practice of law without and wanting of jurisdiction, Defendants and Respondents have taken Harel Talasazan's property without just compensation.

**235.** Defendants and Respondents are liable to compensate Harel Talasazan for the taking of his property.

**236.** The remedies and relief that Harel Talasazan prays ordered, adjudged, and decreed pertains to the reckless indifference the Defendants and Respondents actions results in.

**237.** Defendants and Respondents must bear the consequences of the void title of the John Joseph Moakley United States Courthouse.

**238.** As the holder of the written unconditional order that acknowledges, agrees to, and accepts the void title of the John Joseph Moakley United States Courthouse, the land and building erected thereon, inclusive, serves no legitimate public use as required under the Fifth Amendment of the United States Constitution.

**239.** As a result, no person or entity is required to pay any fee but the Defendants and Respondents.

**240.** To the extent any notice provisions were required, Talasazan has satisfied his notice requirements.

**241.** As a direct and proximate result of Defendants' and Respondents' actions, Plaintiff and Petitioner Harel Talasazan suffered the following injuries and damages:

    i. Taking of Harel Talasazan's property without just compensation.

    j. Mental Anguish in the past and future.

    k. Lost Earnings.

    l. Loss of Earning Capacity.

    m. Physical Pain and Suffering.

    n. Loss of Consortium in the Past and Future.

    o. Property Damage.

    p. Dignitary Harms to his name and his reputation as an Attorney.

**Prayer For Remedies**

**242.** For these reasons, Plaintiff and Petitioner asks for judgment against Defendants and Respondents for the following:

    e. An Order Mandating Payment of Just Compensation to Harel Talasazan.

    f. Actual damages of 600,000.00.

    g. Costs of this Suit.

1          h. All other relief the court, or the Court, deems

2             appropriate.

3

4
                        TENTH CAUSE OF ACTION
5

CIVIL RIGHTS (§1983 OF 42 UNITED STATES CODE) Against Defendants
6    and Respondents:
     ROBERT M. FARRELL, CLERK OF The District court of Massachusetts,
7    Boston Division,
     Maria R. Hamilton, Clerk of the Court of Appeals of the First
8    Circuit located in Boston,
     Honorable Denise Jefferson Casper, in her personal,
9    administrative, and/or official capacities,
     Lisa Hourihan, courtroom clerk, in her personal, administrative,
10   and/or official capacities,
     Haley Currie, in her personal, administrative, and official
11   capacities,
     DOE Judges 1-10 of the District Courts of the First Circuit, in
12   his or her personal, administrative, and/or official capacities,
     inclusive,
13   Robin Carnahan in her personal, administrative, and official
     capacity as Administrator of the General Services Administration,
14   Maura Healey, the governor of the commonwealth of the state of
     Massachusetts, in her personal, administrative, and/or official
15   capacities,
     Curtis M. Wood, in his personal, official, and/or administrative
16   capacities,
     Jason Snyder, Commissioner of the Massachusetts Department of
17   Revenue in his personal, administrative, and/or official
     capacity,
18   Robert Foley, Chief Operations Officer of the Massachusetts
     Department of Revenue, in his personal, administrative, and/or
19   official capacity,
     William Francis Gavin, secretary of state of the commonwealth of
20   the state of Massachusetts, in his official, personal, and/or
     administrative capacities,
21   Stephen J. Murphy, Register of Deeds for Suffolk County,
     Massachusetts, and/or the First District of the Commonwealth of
22   Massachusetts, or both said county and district, in his personal,
     administrative, and/or official capacities,
23   Maria C. Curtatone, Register of Deeds for the Southern Division
     of Middlesex County, Massachusetts, in her personal,
24   administrative, and official capacities,
     Kimberly Budd, Chief Justice of the Supreme Judicial Court of the
25   Commonwealth of the State of Massachusetts, in her personal,
     administrative, and official capacities,
26

27

28

1 Gordon H. Piper, Chief Justice of the Land Court of the
Commonwealth of Massachusetts, in his personal, administrative,
2 and official capacities,
David Lowy, Associate Justice of the Supreme Judicial Court of
3 the Commonwealth of the State of Massachusetts, in his personal,
administrative, and/or official capacities,
4 Board of Bar Overseers of the Commonwealth of the State of
Massachusetts, in its official, administrative, and fiduciary
5 capacities,
6 Joseph Berman, general counsel of the board of bar overseers of
the commonwealth of the state of Massachusetts, in his personal,
7 official, and/or administrative capacities,
Dorothy Anderson in her personal, administrative, and/or official
8 capacities,
David Sean Ferriero, in his personal, administrative, and/or
9 official capacities,
Joy Shogan, in her personal, administrative, and/or official
10 capacity,
Michelle Wu, Mayor of Boston, in her personal, administrative
11 and/or official capacities,
Deborah Goldberg, treasurer and receiver general of
12 Massachusetts, in her official, administrative, and/or personal
13 capacities,
Amy Stewart, in her personal, official and/or administrative
14 capacities,
Maura Doyle, in her personal, administrative and/or official
15 capacities,
Michael Clifford, in his Personal, Administrative, and/or
16 representative capacity,
17 Yehudah Weinhaus, in his personal, professional, and/or
administrative capacities,
18 Susan M. Collins, in her personal and individual capacities,
19 andDOES 1-50

20 **243.** Talasazan repeats and fully incorporates by reference all

21 allegations, facts, supporting exhibits, and assertions contained

22
within the preceding Paragraph 1. up to and including Paragraph 242.
23
as if fully stated herein and set forth.
24
25 **244.** As detailed above, the full refund for any taxes that paid or

26 that was meant to pay the State of Massachusetts was refunded by a

27 written unconditional order signed by an official of the federal

28 government.

**245.** Talasazan is harmed by a Form 1099 G which had been sent by the Franchise Tax Board of the State of California to Liorah Sabbah, who is Harel Talasazan's ex wife in the United States but not in Israel, where Harel Talasazan and Liorah Sabbah had wed there in circa 2012.

**246.** Talasazan has not yet divorced Liorah Sabbah under the laws of the State of Israel because he had promised to pay her $360,000.00 when he and Liorah Sabbah wed.

**247.** Talasazan signed said promise to pay on a written contract by and between Harel Talasazan on the one hand, and Liorah Sabbah, on the other hand.

**248.** As a direct and proximate cause of these deprivations, Defendants and Respondents have injured Harel Talasazan.

**249.** Defendants and Respondents are liable to compensate Harel Talasazan's injuries.

**250.** As a direct and proximate cause of these deprivations, Defendants and Respondents are abridging Harel Talasazan's rights as defined in the Rules Enabling Act.

**251.** Defendants and Respondents abridged Talasazan's rights, as more detailed above, recklessly and with reckless indifference to Talasazan's rights secured under the fourth amendment, the fifth amendment, the eighth amendment, the thirteenth amendment, and the fourteenth amendment, inclusive, of the Constitution of the United States. (See *Rose v. Himley*, supra, Per Marshall, C.J.).

**252.** To the extent any notice provisions were required, Talasazan has satisfied his notice requirements.

**253.** As a direct and proximate result of Defendants' and Respondents' actions, Plaintiff and Petitioner Harel Talasazan suffered the following injuries and damages:

    q. Taking of Harel Talasazan's property without just compensation.

    r. Mental Anguish in the past and future.

    s. Lost Earnings.

    t. Loss of Earning Capacity.

    u. Physical Pain and Suffering.

    v. Loss of Consortium in the Past and Future.

    w. Property Damage.

    x. Dignitary Harms to his name and his reputation as an Attorney.

**Prayer For Remedies**

**254.** For these reasons, Plaintiff and Petitioner asks for judgment against Defendants and Respondents for the following:

    i. An Order Mandating Payment of Just Compensation to Harel Talasazan.

    j. Actual damages of 360,000.00 PLUS INTEREST.

    k. Costs of this Suit.

1       l. All other relief the court, or the Court, deems

2       appropriate.

3                        **ELEVENTH CAUSE OF ACTION**

4        CIVIL RIGHTS (§ 1985 OF 42 UNITED STATES CODE) Against
                       Defendants and Respondents:

5 ROBERT M. FARRELL, CLERK OF The District court of Massachusetts,

6 Boston Division,
Maria R. Hamilton, Clerk of the Court of Appeals of the First

7 Circuit located in Boston,
Honorable Denise Jefferson Casper, in her personal,

8 administrative, and/or official capacities,
Lisa Hourihan, courtroom clerk, in her personal, administrative,

9 and/or official capacities,
Haley Currie, in her personal, administrative, and official

10 capacities,
DOE Judges 1-10 of the District Courts of the First Circuit, in

11 his or her personal, administrative, and/or official capacities,

12 inclusive,
Robin Carnahan in her personal, administrative, and official

13 capacity as Administrator of the General Services Administration,
Maura Healey, the governor of the commonwealth of the state of

14 Massachusetts, in her personal, administrative, and/or official

15 capacities,
Curtis M. Wood, in his personal, official, and/or administrative

16 capacities,
Jason Snyder, Commissioner of the Massachusetts Department of

17 Revenue in his personal, administrative, and/or official

18 capacity,
Robert Foley, Chief Operations Officer of the Massachusetts

19 Department of Revenue, in his personal, administrative, and/or
official capacity,

20 William Francis Gavin, secretary of state of the commonwealth of
the state of Massachusetts, in his official, personal, and/or

21 administrative capacities,

22 Stephen J. Murphy, Register of Deeds for Suffolk County,
Massachusetts, and/or the First District of the Commonwealth of

23 Massachusetts, or both said county and district, in his personal,
administrative, and/or official capacities,

24 Maria C. Curtatone, Register of Deeds for the Southern Division
of Middlesex County, Massachusetts, in her personal,

25 administrative, and official capacities,
Kimberly Budd, Chief Justice of the Supreme Judicial Court of the

26 Commonwealth of the State of Massachusetts, in her personal,

27 administrative, and official capacities,

28

Gordon H. Piper, Chief Justice of the Land Court of the Commonwealth of Massachusetts, in his personal, administrative, and official capacities,
David Lowy, Associate Justice of the Supreme Judicial Court of the Commonwealth of the State of Massachusetts, in his personal, administrative, and/or official capacities,
Board of Bar Overseers of the Commonwealth of the State of Massachusetts, in its official, administrative, and fiduciary capacities,
Joseph Berman, general counsel of the board of bar overseers of the commonwealth of the state of Massachusetts, in his personal, official, and/or administrative capacities,
Dorothy Anderson in her personal, administrative, and/or official capacities,
David Sean Ferriero, in his personal, administrative, and/or official capacities
Joy Shogan, in her personal, administrative, and/or official capacity,
Michelle Wu, Mayor of Boston, in her personal, administrative and/or official capacities,
Deborah Goldberg, treasurer and receiver general of Massachusetts, in her official, administrative, and/or personal capacities,
Amy Stewart, in her personal, official and/or administrative capacities,
Maura Doyle, in her personal, administrative and/or official capacities,
Michael Clifford, in his Personal, Administrative, and/or representative capacity,
Yehudah Weinhaus, in his personal, professional, and/or administrative capacities,
Susan M. Collins, in her personal and individual capacities, and DOES 1-50

**255.** Talasazan repeats and fully incorporates by reference all allegations, facts, supporting exhibits, and assertions contained within the preceding Paragraph 1. up to and including Paragraph 254. as if fully stated herein and set forth.

**256.** Defendants and Respondents are in the State and Territory of Massachusetts up to and including circa 1819, when the state of Maine was the District of Maine of the State of Massachusetts.

**257.** Defendants and Respondents conspired to prevent, by force, intimidation, or threat, Harel Talasazan, who is currently an applicant to and/or potential candidate for a position as an executive assistant for a United States Supreme Court Justice, from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof.

**258.** Defendants and Respondents have and continue to induce by like means any officer of the United States to leave any State, district or place, where his or her duties as an officer are required to be performed.

**259.** Upon information and belief, and based thereon Talasazan alleges, Defendants and Respondents have caused injuries to Federal officials.

**260.** Defendants and Respondents have caused injuries to Talasazan in his person or property on account of his lawful discharge of the potential duties of his office, if offered, to injure Talasazan's property so as to molest, interrupt, hinder, and/or impede him in the potential discharge of his official duties if accepted.

**261.** Defendants and Respondents are far more numerous than two or more persons and are located in the State of Massachusetts among other states. Defendants and Respondents treat and indirectly control the State of Maine as if it is the district of Maine from the era of the colonies up to and including circa 1819.

**262.** Defendants and Respondents had conspired and continue to conspire to deter, by force, intimidation, or threat, Harel Talasazan access in any court of the First Circuit of the United States, from attending such courts therewithin, or from testifying to any matter pending therein but without and wanting of jurisdiction, freely, fully, and truthfully.

**263.** Defendants and Respondents had conspired and continue to conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in California, Massachusetts, Maine, and all territories encompassed in the First, Second, Third, and Fourth circuits of the federal circuit courts, with intent to deny to Harel Talasazan and any person similarly situated the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

**264.** Defendants and Respondents are far more numerous than two or more persons and engage in commercial transactions in the State of Massachusetts among other states and the territories encompassed in the First up to and including the Fourth, and the Ninth Circuit of the United States Federal Circuit Courts.

**265.** Defendants and Respondents treat and indirectly control the State of Maine as if it is the district of Maine from the era of the colonies up to and including circa 1819.

**266.** Upon information and belief, and based thereon Talasazan alleges, Defendants and Respondents had in disguise on the premises of another, for the purpose of depriving, either directly or indirectly, Harel Talasazan and all other similarly situated, the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws.

**267.** Defendants and Respondents had conspired and continue to conspire, to prevent by force, intimidation, or threat, Harel Talasazan who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice-President.

**268.** Defendants and Respondents proximately and legally caused, and are liable therefor, Harel Talasazan injuries to his person or property on account of such support or advocacy.

**269.** Defendants and Respondents conspiracy as set forth within this complaint and petition, had engaged therein, had done, or cause to be done, any act in furtherance of the object of such conspiracy, as set forth within this complaint, more detailed above.

**270.** Whereby Harel Talasazan is injured in his person and property.

**271.** Over and above this, Harel Talasazan is deprived of having and exercising any right or privilege of a citizen of the United States.

**272.** As a direct and proximate result of Defendants' and Respondents' actions, Plaintiff and Petitioner Harel Talasazan suffered the following injuries and damages:

    a. Taking of Harel Talasazan's property without just compensation.

    b. Mental Anguish in the past and future.

    c. Lost Earnings.

    d. Loss of Earning Capacity.

    e. Physical Pain and Suffering.

    f. Loss of Consortium in the Past and Future.

    g. Property Damage.

    h. Dignitary Harms to his name and his reputation as an Attorney.

**Prayer For Remedies**

**273.** For these reasons, Plaintiff and Petitioner asks for judgment against Defendants and Respondents for the following:

    a. An Order Mandating Payment of Just Compensation to Harel Talasazan.

    b. Actual damages of 300,000.00.

    c. Costs of this Suit.

d. All other relief the court, or the Court, deems appropriate.

**TWELFTH CAUSE OF ACTION**
**LIABILITY AND PENALTIES (§ 501 up to and including § 522 OF 12 UNITED STATES CODE)**
**Against Defendants and Respondents: Susan M. Collins, in her personal and individual capacities, Ronald O'Hanley, in his personal and individual capacities, Sushil K. Tuli, in his personal and individual capacities, and Jeanne A. Hulit, in her personal and individual capacities, Brian Thomas Moynihan in his personal, individual, administrative, and official capacities, and DOES 1-50**

**274.** Talasazan repeats and fully incorporates by reference all allegations, facts, supporting exhibits, and assertions contained within the preceding Paragraph 1. up to and including Paragraph 273. as if fully stated herein and set forth.

**275.** Upon information and belief and based thereon Talasazan alleges that at all relevant times, title to the land of and building erected on 600 Atlantic Avenue Boston, Massachusetts, commonly known as the Federal Reserve Bank of Boston had been in the name of and under the Commonwealth of Massachusetts. See Docket Entry Number 52, Exhibit 43, Pages 49-50.[29]

**276.** Upon information and belief and based thereon Talasazan alleges that at all relevant times the Bank of Japan had leased office space within said 600 Atlantic Avenue Boston, Massachusetts,

---

[29] https://ecf.mad.uscourts.gov/doc1/095011633961

commonly known as the Federal Reserve Bank of Boston but without the Board of Governors of the Federal Reserve's approval.

**277.** Upon information and belief and based thereon Talasazan alleges that at all relevant times the law firm Nutter McLennan and Fish LLP had leased office space within said 600 Atlantic Avenue Boston, Massachusetts, commonly known as the Federal Reserve Bank of Boston but without the Board of Governors of the Federal Reserve's approval. See Pages 637 up to and including 642 of Book 8967 recorded, published, and/or transmitted in the Suffolk County Registry of Deeds and/or the First District Register of Deeds or both of such.

**278.** Despite the Federal Reserve Board's headquarters being in Boston, see Section 223 of 12 United States Code, money order serial number 28315003285 in the amount of $402.00, detailed above, did not process there.

**279.** Consequently, the money order was processed through the Federal Reserve Board at or nearby Cleveland, Ohio and an IRS or Treasury building in Maine, even though Boston has both a Federal Reserve Board (in fact, the First District is headquartered in Boston) and an IRS building. See Section 223, supra.

**280.** Reference is made to Certificate of Title Number 92294 of the Massachusetts Land court case file number 37295 recorded, published and transmitted within Pages 94 and 95 of Book 457 on or about December 11, 1979 in the Suffolk County Registry of Deeds and/or the First District of Massachusetts, or both of such. The Federal

Reserve Bank of Boston, in the preceding certificate of title purports to own the land in fee simple by said certificate, however, upon information and belief and based thereon Talasazan alleges the said Bank was substituted for the original plaintiff, and does not have title in fee simple absolute up to and including the present date. See Ibid.

**281.** Reference is made to page 76 up to and including page 102 of Book 412 recorded in in the Suffolk County Registry of Deeds and/or the First District of Massachusetts, or both of such. More specifically, within pages 76 up to and including 79, a complaint that had been filed in the Suffolk County Superior Court of the State of Massachusetts, Docket Number 07553A captioned "The Salem Glass Co. v. The Federal Reserve Bank of Boston", the Plaintiff's remedies are directed primarily to the land, and said page 80 recorded there is a "transfer of certificate of title" of the Federal Reserve Bank of Boston so used to establish the purported title, when this is compared with Document Number 789937 and Certificate number 83275 of the same said registry or both of such, clearly, title to the Federal Reserve Bank is materially defective, and the end is illegitimate.

**282.** Defendants and Respondents Susan M. Collins, in her personal and individual capacities, Ronald O'Hanley, in his personal and individual capacities, Sushil K. Tuli, in his personal and individual capacities, and Jeanne A. Hulit, in her personal and individual capacities, have taken Talasazan's property by indebting

1  him to all but near impoverishment in exposing this diffuse abuse
2  of the federal treasury.

3  **283.** Defendants and Respondents Susan M. Collins, in her personal
4  and individual capacities, Ronald O'Hanley, in his personal and
5  individual capacities, Sushil K. Tuli, in his personal and
6  individual capacities, and Jeanne A. Hulit, in her personal and
7  individual capacities, materially breached the most basic and
8  rudimentary responsibilities attendant to these positions.
9

10 **284.** Directors or officers of any member bank shall knowingly
11 violate or permit any of the agents, officers, or directors of any
12 member bank to violate any of the provisions of sections 375, 375a,
13 375b, and 376 of this title or regulations of the board made under
14 authority thereof, or any of the provisions of sections 217, 218,
15 219, 220, 655, 1005, 1014, 1906, or 1909 of title 18, every
16 director and officer participating in or assenting to such
17 violation shall be held liable in his personal and individual
18 capacity for all damages which the member bank, its shareholders,
19
20 or any other persons shall have sustained in consequence of such
21 violation.

22 **285.** For these reasons, Plaintiff and Petitioner asks for judgment
23 against Defendants and Respondents for the following:
24

25       a. An Order Mandating each one of the Defendants and
26          Respondents of this Twelfth Cause of Action tender
27          $1,000.00 Payment of Just Compensation to Harel Talasazan
28

### THIRTEENTH CAUSE OF ACTION
**LIABILITY AND PENALTIES (§ 501 up to and including 522 OF 12 UNITED STATES CODE) Against Defendants and Respondents: David Lowy, Associate Justice of the Supreme Judicial Court of the Commonwealth of the State of Massachusetts, in his personal, administrative, and/or official capacities, Board  of Bar Overseers of the Commonwealth of the State of Massachusetts, in its official, administrative, and fiduciary capacities, Joseph Berman, general counsel of the board of bar overseers of the commonwealth of the state of Massachusetts, in his personal, official, and/or administrative capacities, Dorothy Anderson in her personal, administrative, and/or official capacities, Deborah Goldberg, treasurer and receiver general of Massachusetts, in her official, administrative, and/or personal capacities, Amy Stewart, in her personal, official and/or administrative capacities Maura Doyle, in her personal, administrative and/or official capacities, Brian Thomas Moynihan, in his personal, individual, administrative, and official capacities, and DOES 1-50**

**286.** Talasazan repeats and fully incorporates by reference all allegations, facts, supporting exhibits, and assertions contained within the preceding Paragraph 1. up to and including Paragraph 285. as if fully stated herein and set forth.

**287.** Defenant and Respondent is the Chief Executive Officer and Board of Trustees of a member bank.

**288.** Defendants and Respondents David Lowy, Associate Justice of the Supreme Judicial Court of the Commonwealth of the State of Massachusetts, in his personal, administrative, and/or official capacities, Board of Bar Overseers of the Commonwealth of the State of Massachusetts, in its official, administrative, and fiduciary capacities, Joseph Berman, general counsel of the board of bar overseers of the commonwealth of the state of Massachusetts, in his personal, official, and/or administrative capacities, Dorothy Anderson in her personal, administrative, and/or official

capacities, Deborah Goldberg, treasurer and receiver general of Massachusetts, in her official, administrative, and/or personal capacities, Amy Stewart, in her personal, official and/or administrative capacities, Maura Doyle, in her personal, administrative and/or official capacities, are affiliated parties (within the meaning of section 1813(u) of 12 United States Code (and/or title 12) with respect to Bank of America.

**289.** Defendants and Respondents of this Thirteenth Cause of Action within this Complaint had and continue to violate any of the following provisions of section 371c, 371c-1, 375, 375a, 375b, 376, or 503 of this 12 United States Code (and/or title 12) or any regulation issued pursuant thereto.

**290.** For these reasons, Plaintiff and Petitioner asks for judgment against Defendants and Respondents for the following:

    a) Defendants and Respondents shall forfeit and pay a civil penalty of not more than $5,000 for each day beginning from February 10, 2023 including and up to the present date during which such violations continue.

### FOURTEENTH CAUSE OF ACTION

### ACTION FOR QUIET TITLE

**CONDEMNATION AGAINST DEFENDANTS AND RESPONDENTS: Susan M. Collins, in her personal and individual capacities, Ronald O'Hanley, in his personal and individual capacities, Sushil K. Tuli, in his personal and individual capacities, and Jeanne A. Hulit, in her personal and individual capacities, Brian Thomas Moynihan in his personal, individual, administrative, and official capacities, David Lowy, Associate Justice of the Supreme Judicial Court of the Commonwealth of the State of Massachusetts,**

in his personal, administrative, and/or official capacities,
Board   of Bar Overseers of the Commonwealth of the State of
Massachusetts, in its official, administrative, and fiduciary
capacities, Joseph Berman, general counsel of the board of bar
overseers of the commonwealth of the state of Massachusetts, in
his personal, official, and/or administrative capacities, Dorothy
Anderson in her personal, administrative, and/or official
capacities,   Deborah Goldberg, treasurer and receiver general of
Massachusetts, in her official, administrative, and/or personal
capacities, Amy Stewart, in her personal, official and/or
administrative capacities Maura Doyle, in her personal,
administrative and/or official capacities, Maura Healey, the
governor of the commonwealth of the state of Massachusetts, in
her personal, administrative, and/or official capacities, Curtis
M. Wood, in his personal, official, and/or administrative
capacities, Jason Snyder, Commissioner of the Massachusetts
Department of Revenue in his personal, administrative, and/or
official capacity, Robert Foley, Chief Operations Officer of the
Massachusetts Department of Revenue, in his personal,
administrative, and/or official capacity, William Francis Gavin,
secretary of state of the commonwealth of the state of
Massachusetts, in his official, personal, and/or administrative
capacities, Stephen J. Murphy, Register of Deeds for Suffolk
County, Massachusetts, and/or the First District of the
Commonwealth of Massachusetts, or both said county and district,
in his personal, administrative, and/or official capacities,
Gordon H. Piper, Chief Justice of the Land Court of the
Commonwealth of Massachusetts, in his personal, administrative,
and official capacities, David Sean Ferriero, in his personal,
administrative, and/or official capacities, Joy Shogan, in her
personal, administrative, and/or official capacity, Michelle Wu,
Mayor of Boston, in her personal, administrative and/or official
capacities, and DOES 1-50 INCLUSIVE

**291.** Talasazan repeats and fully incorporates by reference all allegations, facts, supporting exhibits, and assertions contained within the preceding Paragraph 1. up to and including Paragraph **291.** as if fully stated herein and set forth.

**292.** This action is brought to take property on behalf of the United States of America under the power of eminent domain and to

determine just compensation to be paid to the owners and parties in interest.

**293.** Reference is made to the property records pertaining to the Federal Reserve Bank of Boston also known as the First District of the Federal Reserve as defined in Sections 222 up to and including 224 of 12 United States Code, as follows:

a) Pages 22 and 23 of Book 9025 of said Suffolk County Register of Deeds or First District Register of Deeds, or both of such, recorded, transmitted, and published; this includes but is not limited to the plan on file on roll 9025/22 referenced within said Page 22 of Book 9025; and, reference number 39272 filed within the address located at 1 City Hall Square Boston, Massachusetts.

b) Pages 636 et. Seq.[30] of Book 8967 of said Suffolk County Register of Deeds or First District Register of Deeds, or both of such, recorded, transmitted, and published.

c) All documents filed within Suffolk County Superior Court of Massachusetts Case Docket Number 07-1553 and Case Docket Number 07-1553A; and, Page 76 up to and including Page 101 of Book 412 of said Suffolk County Register of Deeds or First District Register of Deeds, or both of such, recorded, transmitted, and published.

---

[30] Due to exploits, viruses, interceptions, AND abuses Talasazan is unable to provide a copy at this time and reserves the right to do so.

COMPLAINT AND PETITION HT.V.02_20_2024

d) Transfer of Certificate of Title Number 83276 sealed and attested by the acting clerk of the Massachusetts Land Court September 8, 1972.

e) Original Certificate Number 92294 entered pursuant to a decree of the Massachusetts Land Court within case file number 37295 of said court and sealed and attested December 11, 1979.

f) Book 1888 Liber 89 et. Seq. (see footnote 27) recorded, published, and transmitted.

g) The LEASE TO THE BANK OF JAPAN AMONG OTHERS RECORDED, TRANSMITTED, AND PUBLISHED IN preceding Suffolk County Register of Deeds or First District Register of Deeds, or both of such; AND "a)" up to and including "f)" is inclusive.

**294.** This court has jurisdiction under the following federal laws cited:

h) The Fifth Amendment of the Constitution of the United States which says, in pertinent part, "nor shall private property be taken for public use without just compensation".

i) Article I, Section 10, Clause 3 of the United States Constitution.

j) 28 U.S.C. § 1346(a)(1).

k) Section 221 up to and including Section 522 of 12 United States Code.

l) An Act of Congress approved August 1, 1888, 25 Stat. 357, as amended, 40 U.S.C. § 257.

m) The Public Buildings Act of 1959, 73 Stat. 479, as amended, (40 U.S.C. §§ 602, 604(a).

n) The Federal Property and Administrative services Act of 1949, 63 stat. 377, as amended, (40 u.s.c. s 490(a) (12)).

o) The preceding "a)" up to and including "n)" is inclusive.

**295.** The authority for the taking is detailed as follows:

e) Quiet Title Act (QTA). 28 U.S.C.A. § 2409a,

f) Federal Rules of Civil Procedure Rule 70,

g) Federal Rules of Civil Procedure Rule 71.1, and

h) 28 U.S.C.A. §§ 1734, 1735

**296.** The property is to be used for the operation of the federal reserve bank of Boston also known as the First District of the Federal Reserve that serves the public for such purposes.

**297.** The property to be taken is located and addressed at 600 Atlantic Avenue Boston, Massachusetts and is described ambiguously as per the documents referenced within Paragraph "290." and sub paragraphs "a)" up to and including "f)" inclusive

and the cover page referencing "Atlantic Avenue" of the said Lis Pendens of District court for the District of Massachusetts, case No. 92-12833-WD (endorsed by the judge on Dec. 14, 1992, certified by the clerk on Dec. 23, 1992), recorded Jan. 11, 1993, at Book 17978, Page 41 up to and including 047 of said Suffolk County Register of Deeds or First District Register of Deeds, or both of such.

**298.** Massachusetts is a quick take state; there is no judicial proceeding necessary to initiate condemnation of private property. (See Mass. Gen. Laws ch. 79, § 7C; but see *Kirby Forest Indus. v. United States*, 467 U.S. 1, at pgs. 3-4 (1984) (describing the three methods the United States customarily employs when it takes property, and in more specific regard, the more expeditious procedure that is prescribed by 40 U.S.C. § 258a). An order of taking must be recorded, if the order of taking is not recorded by the taking authority it is tantamount to no taking or transfer of property ever occurred. *Radway v. Selectmen of Dennis*, 165 N.E. 410, 411 (Mass. 1929), 266 Mass. 329 (1929); see also William G. Blake (Ed.), *Law of Eminent Domain: 50 State Survey* 2011/2012, 1st ed. Therefore, title said Federal Reserve Bank of Boston also known as the First District of the Federal Reserve, more detailed above, is **VOID**. *Id.*

**299.** The interest to be acquired is fee simple absolute to the federal government.

**300.** The persons known to the plaintiff to have an interest in said property are: HAREL TALASAZAN, THE BOARD OF GOVERNORS OF THE FEDERAL RESERVE, AND THE FEDERAL RESERVE BANK OF BOSTON ALSO KNOWN AS THE FIRST DISTRICT OF THE FEDERAL RESERVE.

**301.** The persons and entities known to Plaintiff that have encroached on the said property and impinged on the rights of the federal sovereign are Defendants and Respondents:

Susan M. Collins, in her personal and individual capacities, Ronald O'Hanley, in his personal and individual capacities, Sushil K. Tuli, in his personal and individual capacities, and Jeanne A. Hulit, in her personal and individual capacities, Brian Thomas Moynihan in his personal, individual, administrative, and official capacities, David Lowy, Associate Justice of the Supreme Judicial Court of the Commonwealth of the State of Massachusetts, in his personal, administrative, and/or official capacities, Board of Bar Overseers of the Commonwealth of the State of Massachusetts, in its official, administrative, and fiduciary capacities, Joseph Berman, general counsel of the board of bar overseers of the commonwealth of the state of Massachusetts, in his personal, official, and/or administrative capacities, Dorothy Anderson in her personal, administrative, and/or official capacities,   Deborah Goldberg, treasurer and receiver general of Massachusetts, in her official, administrative, and/or personal capacities, Amy Stewart, in her personal, official and/or administrative capacities Maura Doyle, in her personal, administrative and/or official capacities, Maura Healey, the governor of the commonwealth of the state of Massachusetts, in her personal, administrative, and/or official capacities, Curtis M. Wood, in his personal, official, and/or administrative capacities, Jason Snyder, Commissioner of the Massachusetts Department of Revenue in his personal, administrative, and/or official capacity, Robert Foley, Chief Operations Officer of the Massachusetts Department of Revenue, in his personal, administrative, and/or official capacity, William Francis Gavin, secretary of state of the commonwealth of the state of Massachusetts, in his official, personal, and/or administrative capacities, Stephen J. Murphy, Register of Deeds for Suffolk County, Massachusetts, and/or the First District of the

Commonwealth of Massachusetts, or both said county and district, in his personal, administrative, and/or official capacities, Gordon H. Piper, Chief Justice of the Land Court of the Commonwealth of Massachusetts, in his personal, administrative, and official capacities, David Sean Ferriero, in his personal, administrative, and/or official capacities, Joy Shogan, in her personal, administrative, and/or official capacity, Michelle Wu, Mayor of Boston, in her personal, administrative and/or official capacities, INCLUSIVE

**302.** There may be other persons who have or claim an interest in the property and whose names could not be found after a reasonably diligent search. They are made parties to the action as "Does 1-50" INCLUSIVE.

**303.** WHEREFORE, Plaintiff and Petitioner requests and prays that:

1. A temporary restraining order issue to prevent defendant from converting or interfering with Plaintiff's property rights embodied in the check in the amount of $402.00 and $6.25, inclusive, in his possession;

2. A temporary restraining order issue to prevent defendants and respondents from violating or interfering with Sections 221 up to and including Section 541 of 12 United States Code;

3. A preliminary injunction be granted after notice to defendants and respondents to prevent the same from interfering with the public use requirement of what is supposed to be public lands;

4. The purported taking by Defendants and Respondents be declared VOID and of no effect as failing to record the order of taking or judgment with sufficient accuracy, care or custody;

5. The Premises purportedly taken by defendant be declared, in whole or in part, not necessary or conducive to the following "a)" up to and including "g)" below, inclusive, and therefore not a proper public purpose;

   a) the The Fifth Amendment of the Constitution of the United States which says, in pertinent part, "nor shall private property be taken for public use without just compensation";

b) Article I, Section 10, Clause 3 of the United States Constitution;

c) 28 U.S.C. § 1346(a)(1);

d) Section 221 up to and including Section 522 of 12 United States Code;

e) An Act of Congress approved August 1, 1888, 25 Stat. 357, as amended, 40 U.S.C. § 257;

f) The Public Buildings Act of 1959, 73 Stat. 479, as amended, (40 U.S.C. §§ 602, 604(a);

g) The Federal Property and Administrative services Act of 1949, 63 stat. 377, as amended, (40 u.s.c. s 490(a) (12))

6. The damages sustained by the Plaintiff and Petitioner be assessed Defendants and Respondents be ordered to pay such damages to Plaintiff and Petitioner; and

7. The court or, the United States Supreme Court, grant Plaintiff and Petitioner such other and further relief as the court may deem just and proper, or the Court may deem just and right.

304. I, HAREL TALASAZAN, RESIDE within the County of Los Angeles and the Central District, within the State of California. I am over the age of 18 and the Plaintiff and Petitioning party to the within action. My e-mail address is hareltala@gmail.com among other e-mail addresses, and my CURRENT RESIDENTIAL address is 535 North FULLER AVENUE Los Angeles, CA 90036. I certify that this

1   complaint is filed in good faith under the circumstances described

2   within this complaint, and more detailed in its footnotes, and it

3   is not frivolous nor being filed to cause any undue delay or

4   waste of resources based on the circumstances. Signed this 20th

5   day of February in Los Angeles, California.

6

7

8

9                        HAREL TALASAZAN, PLAINTIFF AND PETITIONER

10                                        HARELTALA@GMAIL.COM
                                          535 N FULLER AVENUE
11                                        LOS ANGELES, CA 90036
                                          (310) 254 - 4232
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1

CRTR2709-CR



**COMMONWEALTH OF MASSACHUSETTS**
**LAND COURT DEPARTMENT**
**Docket Report**

---

**04 MISC 299295 Mortgage Electronic Registration Systems, Inc. v. Freddura, Maria L**

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Servicemembers | **FILE DATE:** | 05/24/2004 |
| **ACTION CODE:** SS | | **CASE TRACK:** | |
| **DESCRIPTION:** SS - Complaint under Servicemembers Civil Relief Act | | | |
| **CASE DISPOSITION DATE:** 06/25/2004 | | **CASE STATUS:** | Closed |
| **CASE DISPOSITION:** | Disposed | **STATUS DATE:** | 06/25/2004 |
| **CASE JUDGE:** | UNASSIGNED, | **CASE SESSION:** | |
| | | **CITY/TOWN:** | Cambridge |

| PARTIES | |
|---|---|
| **Plaintiff**<br>Mortgage Electronic Registration Systems, Inc. | **Attorney**                                              651579<br>Hilary Alexis Wyche<br>FinanceIt Canada Inc.<br>Work Phone (647) 348-1961<br>Added Date: 05/24/2004 |
| **Defendant**<br>Freddura, Maria L. | |
| **Defendant**<br>Freddura, Paul R. | |

| INFORMATIONAL DOCKET ENTRIES | | | |
|---|---|---|---|
| **Date** | **Ref** | **Description** | **Judge** |
| 05/24/2004 | | Complaint under Soldiers' and Sailors' Civil Relief Act filed | |
| 05/24/2004 | | Appearance of HILARY A. WYCHE for  Mortgage Electronic Registration Systems, Inc. | |
| 05/28/2004 | | Order of Notice returnable 07/12/2004 , issued | |
| 06/25/2004 | | Motion of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.  to Dismiss Complaint, filed and allowed ( Breuer, Dep. Rec. ) | |
| 06/25/2004 | | Judgment Dismissing Complaint entered.  ( Scheier, C. J. ) | |
| 01/28/2005 | | CONV CASE OF BasCOT | |

EXHIBIT 2

20424

# COMMONWEALTH OF MASSACHUSETTS
## LAND COURT
### DEPARTMENT OF THE TRIAL COURT

15 TL 001051



City of Boston

The undersigned hereby represent(s):

*that*  the land hereinafter described was taken on ........December 18, 2012........
<br>(Date of Taking)

for non-payment of taxes by the City of Boston in the County of Suffolk by instrument dated ..December 18, 2012.. and recorded or registered on ....February 1, 2013.. (if registered) as Doc. No. ........................................ Cert. No. ........................................
<br>(if recorded) Book ......50922........................ Page ....232..........

*that*  (A) more than two years from the date of sale or instrument of taking (if before November 24, 1971), or
<br>(B) more than six months from the date of said sale or instrument of taking (if after November 24, 1971) have elapsed and no redemption has been made;

*that*  the proceedings aforesaid have been conducted according to law;

*that*  the deed was recorded within 60 days from date of sale;*

*that*  the assessed value of said land and buildings is $ ..........694,000.00.................................... ;

*that*  said land is described as a certain parcel of land situated in the City of Boston in the County of Suffolk and said Commonwealth, bounded;

(Description must be same as in tax deed or instrument of taking)

```
Assessors Parcel        12 NORTHERN AVENUE
06-02671-012            0 Sq. Ft.
```

*that*  the following are the names and addresses of all persons known to the undersigned who have any interest in said land other than the petitioner, to wit:

| Name | Address | Nature of Interest |
|---|---|---|
| CALAMARI COURT INC | | EQUITY OWNER |
| MARIA L FREDDURA | 2 NORTHERN AVE<br>BOSTON MA 02210 | |

For Title Reference, see Book OWNER IN POSSESSION SINCE 1955 Page

Wherefore your petitioner(s) pray(s) that the rights of all persons entitled to redeem from said proceedings may be foreclosed; that said Court enter a decree that the title of the petitioner to said land under said proceedings is absolute and that all rights of redemption are barred; and for such other and further relief as may seem meet and proper to said Court.

NAME ........................................................ BOSTON CITY HALL
<br>Collector-Treasurer     BOSTON MA
<br>Assistant

On this ........28th........ day of ............May............ 20 15 personally appeared before me the within named ........................................................ known to me to be the signer ........................ of the foregoing petition, and made oath that the statements therein contained so far as made of ....his.... own knowledge are true and so far as made upon information and belief that ....he.... believe s ........................ them to be true.

Before me,

N. MICHAEL PORTNOY
<br>Notary Public
<br>Commonwealth of Massachusetts
<br>My Commission Expires September 16, 2016

*(see over)                Notary Public

NOTE:
      \*60 days after July 12, 1933
      30 days before July 12, 1933

CAVEAT:
      Notice of this petition should be filed in the local registry upon the proper form (LCN2)
      as soon as petition is entered in this office.

No.

**Petition To Foreclose**

**Tax Lien**

Maura C. Egan 6/16/15 Rev 12/14/15
*Examiner*

James E. Mahoney Rate 12/14/15

LEFT DECREE ISSUE

_____
*Judge*

Kevin Foley
Assistant Corporation Counsel
BBO# 676124

BOSTON LAW DEPARTMENT

ROOM 615, CITY HALL

BOSTON, MA 02201

# COMMONWEALTH OF MASSACHUSETTS
## LAND COURT
### DEPARTMENT OF THE TRIAL COURT

15 TL 001051



City of Boston

LAND COURT
FILED

2015 JUN 12 PM 1:02

The undersigned hereby represent(s):

*that*   the land hereinafter described was taken on ......December 18, 2012................
(Date of Taking)

for non-payment of taxes by the City of Boston in the County of Suffolk by instrument
dated ...December 18, 2012... and recorded or registered on ...February 1, 2013...
(if registered) as Doc. No. ....................................... Cert. No. ...........................................
(if recorded) Book ......50922........................... Page ......232.............................

*that*   (A)  more than two years from the date of sale or instrument of taking (if before November 24, 1971), or

       (B)  more than six months from the date of said sale or instrument of taking (if after November 24, 1971) have elapsed and no redemption has been made;

*that*   the proceedings aforesaid have been conducted according to law;

*that*   the deed was recorded within 60 days from date of sale;*

*that*   the assessed value of said land and buildings is $ ......694,000.00.............................. ;

*that*   said land is described as a certain parcel of land situated in the City of Boston in the County of Suffolk and said Commonwealth, bounded;

(Description must be same as in tax deed or instrument of taking)

Assessors Parcel      12 NORTHERN AVENUE
06-02671-012         0 Sq. Ft.

*that*   the following are the names and addresses of all persons known to the undersigned who have any interest in said land other than the petitioner, to wit:

| Name | Address | Nature of Interest |
|---|---|---|
| CALAMARI COURT INC | | EQUITY OWNER |
| MARIA L FREDDURA | 2 NORTHERN AVE BOSTON MA 02210 | |

For Title Reference, see Book OWNER IN POSSESSION SINCE 1955 Page

    Wherefore your petitioner(s) pray(s) that the rights of all persons entitled to redeem from said proceedings may be foreclosed; that said Court enter a decree that the title of the petitioner to said land under said proceedings is absolute and that all rights of redemption are barred; and for such other and further relief as may seem meet and proper to said Court.

NAME _Michael Scott Inven_ ........................................ BOSTON CITY HALL
               Collector-Treasurer        BOSTON, MA
Assistant
    On this ....28th... day of ......May......................... 20 15
personally appeared before me the within named ....Michael J Hutchinson...
known to me to be the signer ............... of the foregoing petition, and made oath that the statements therein contained so far as made of ...his... own knowledge are true and so far as made upon information and belief that ..he... .....s..... believe ...s... .........them to be true.

                            Before me, ............................
                            *(see over)*       Notary Public

N. MICHAEL PORTNOY
Notary Public
Commonwealth of Massachusetts
My Commission Expires September 16, 2016

NOTE:    *60 days after July 12, 1933
          30 days before July 12, 1933

CAVEAT:  Notice of this petition should be filed in the local registry upon the proper form (LCN2)
         as soon as petition is entered in this office.

No.

Petition To Foreclose
Tax Lien

*Examiner*

LET DECREE ISSUE

*Judge*

Kevin Foley
Assistant Corporation Counsel
BBO# 676124

BOSTON LAW DEPARTMENT

ROOM 615, CITY HALL

BOSTON, MA 02201

Bk: 50922 Pg: 232

15 TL 001051



City of Boston

This instrument must be filed for record or registration within 60 days from its date

COMMONWEALTH OF MASSACHUSETTS

G. L. c. 60, § § 53 and 54

State Tax Form 301
Revised 3/2009

CITY OF BOSTON

Name of city or town

Office of the Collector of Taxes

2013 00012022

Bk: 50922 Pg: 232   Doc: TTG
Page: 1 of 1   02/01/2013 02:39 PM

## INSTRUMENT OF TAKING

I,__MEREDITH WEENICK__, Collector of Taxes for the City/Town of __BOSTON__, acting under General Laws Chapter 60, Sections 53 and 54, hereby take for the city/town the real property described below:

### DESCRIPTION OF PROPERTY

(The description must be sufficiently accurate to identify the property and must agree with the notice of taking. In the case of registered land, The Certificate of Title Number and the Registration Volume and Page must be given.)

| ASSESSORS | 12  NORTHERN AV |
|---|---|
| PARCEL ID | 0 SQ. FT. |
| 06-02671-012 | |

This land is taken because taxes, as defined in Chapter 60, Section 43, assessed on the property to

CALAMARI COURT INC
MARIA L. FREDDURA                                    for fiscal year____2012____were not paid within 14 days after a demand for payment was made on  CALAMARI COURT INC on _____MAY 18, 2012_____ . After notice of intention to take the land was given as required by law, they remain unpaid along with the interest and incidental expenses and cost to the date of taking as follows:

Fiscal Year _2012_ Taxes remaining unpaid          $ ____15,257.76____

**Attested hereto**          Interest to Date of Taking          $ ____1,610.76____

**Francis M. Roache**     Incidental Expenses and Costs to Date of Taking          $ ____34.00____

**Register of Deeds**      Total for which Land is Taken          $ ____16,902.52____

                                                                         Signature of Collector of Taxes

Executed as a sealed instrument on   DECEMBER 18, 2012             MEREDITH WEENICK

                                                                         Printed/Typed Name of Collector of Taxes

## THE COMMONWEALTH OF MASSACHUSETTS

Suffolk  ss,

On this _18TH_ day of __DECEMBER, 2012__ , before me, the undersigned notary public, personally appeared_MEREDITH WEENICK___, Collector-Treasurer of the City of Boston, Massachusetts, personally known to me to be the person whose name is signed on this document, and acknowledged that he/she signed the foregoing instrument voluntarily for the purpose therein expressed.

MICHAEL J. HUTCHINSON
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
MY COMMISSION EXPIRES 1/05/2018

                                                                         Signature of Notary Public

## THIS FORM APPROVED BY THE COMMISSIONER OF REVENUE

120424

# COMMONWEALTH OF MASSACHUSETTS
## LAND COURT
### DEPARTMENT OF THE TRIAL COURT



15 TL 001051

City of Boston

2015 JUN 12 PM 1:02

The undersigned hereby represent(s):

*that*   the land hereinafter described was taken on ......December 18, 2012......
(Date of Taking)

for non-payment of taxes by the City of Boston in the County of Suffolk by instrument
dated ..December 18, 2012... and recorded or registered on ......February 1, 2013......
(if registered) as Doc. No. .......... Cert. No. ..........
(if recorded) Book ....50922.... Page ....232....

*that*   (A)   more than two years from the date of sale or instrument of taking (if before November 24, 1971), or
(B)   more than six months from the date of said sale or instrument of taking (if after November 24, 1971) have elapsed and no redemption has been made;

*that*   the proceedings aforesaid have been conducted according to law;

*that*   the deed was recorded within 60 days from date of sale;*

*that*   the assessed value of said land and buildings is $ .....694,000.00.............. ;

*that*   said land is described as a certain parcel of land situated in the City of Boston in the County of Suffolk and said Commonwealth, bounded;

(Description must be same as in tax deed or instrument of taking)

Assessors Parcel          12 NORTHERN AVENUE
06-02671-012              0 Sq. Ft.

*that*   the following are the names and addresses of all persons known to the undersigned who have any interest in said land other than the petitioner, to wit:
Name                    Address                    Nature of Interest

CALAMARI COURT INC                                 EQUITY OWNER
MARIA L FREDDURA        2 NORTHERN AVE
                        BOSTON MA 02210

For Title Reference, see Book OWNER IN POSSESSION SINCE 1955 Page

Wherefore your petitoner(s) pray(s) that the rights of all persons entitled to redeem from said proceedings may be foreclosed; that said Court enter a decree that the title of the petitioner to said land under said proceedings is absolute and that all rights of redemption are barred; and for such other and further relief as may seem meet and proper to said Court.

NAME .......(signature)....... BOSTON CITY HALL
Collector-Treasurer          BOSTON MA
Assistant
On this ....28th.... day of ....May...., 20.15.
personally appeared before me the within named ....Michael J Hutchinson....
known to me to be the signer .......... of the foregoing petition, and made oath that the statements therein contained so far as made of ...his.... own knowledge are true and so far as made upon information and belief that ...he.... believe ...s.... them to be true.

Before me,
*(see over)          Notary Public

N. MICHAEL PORTNOY
Notary Public
Commonwealth of Massachusetts
My Commission Expires September 16, 2016

NOTE:
    *60 days after July 12, 1933
     30 days before July 12, 1933

CAVEAT:
    Notice of this petition should be filed in the local registry upon the proper form (LCN2) as soon as petition is entered in this office.

No.

Petition To Foreclose
Tax Lien

Examiner

LET DECREE ISSUE

Judge

Kevin Foley
Assistant Corporation Counsel
BBO# 676124

BOSTON LAW DEPARTMENT

ROOM 615, CITY HALL

BOSTON, MA 02201

| APPOINTMENT TO PREPARE TITLE EXAMINATION REPORT | DOCKET NUMBER 15 TL 001051 | Commonwealth of Massachusetts Land Court Department |
|---|---|---|

FILED

2016 FEB 10 PM 12:32



## REPORT

### City of Boston v. Maria L. Freddura Trustee of Calamari Court Inc

Pursuant to G. L. c. 60, section 66, I report below the names of all persons who may be interested and entitled to notice (with a reference to the sheet of this report showing the interest); and I annex sheets showing so much of the record title to the land affected by the complaint as in my opinion that section requires.

(within the period of this report)

Owner – of equity,       see Sheet No. _____       Mortgages,       see Sheet No. _____

Restrictions,       see Sheet No. _____       Other Interests,       see Sheet No. _____

Easements,       see Sheet No. _____       Attachments,       see Sheet No. _____

**Parties interested and entitled to notice:**       **(Reference Sheet No.)**

I was unable to find any starting point for this title. Furthermore, I could find no basis for this tax assessment. Could this be tax exempt Massport property ?

Plaintiff—has title under Sheet No. _____

Plaintiff— has— has not— recorded a notice of the complaint.

My examination ends   February 11, 2016
        (Date)

                                Land Court Examiner

Sheet No. 1

| Date Issued:  December 15, 2015 | Recorder:  Deborah J. Patterson |
|---|---|

| **APPOINTMENT TO PREPARE TITLE EXAMINATION REPORT** | DOCKET NUMBER<br><br>**15 TL 001051** | **Commonwealth of Massachusetts**<br>**Land Court Department** |
|---|---|---|

CASE NAME

### City of Boston v. Maria L. Freddura Trustee of Calamari Court Inc

| LAND COURT EXAMINER TO WHOM THIS APPOINTMENT IS ISSUED | COURT NAME & ADDRESS |
|---|---|
| James E. Mahoney<br>63 Broad Street<br>Weymouth, MA 02188-1712 | Land Court<br>Three Pemberton Square<br>Room 507<br>Boston, MA 02108<br><br>Telephone: (617) 788-7470 |

Please search the public records and examine the title to the land described in the enclosed complaint sufficiently to determine the person(s) who may be interested in the complaint and file in the case a report of your search, concluding with a list of all those persons and the nature of their interests, typed or legibly printed on the reverse side of this sheet. Rule 1:07(7) of the Supreme Judicial Court must be complied with before payment for these services can be made.

**YOUR REPORT MUST BE FILED WITHIN SIXTY (60) DAYS FROM THE DATE HEREOF. IF THE REPORT IS NOT RECEIVED BY THE COURT WITHIN SIXTY (60) DAYS, THE COURT WILL AUTOMATICALLY REVOKE THIS APPOINTMENT WITHOUT FURTHER NOTICE AND APPOINT ANOTHER LAND COURT EXAMINER TO EXAMINE TITLE IN THIS ACTION.**

By order of the Court.
Attest:

_Deborah J. Patterson_
Deborah J. Patterson
Recorder

## CERTIFICATION

To the Justices of the Land Court:

**In compliance with SJC Rule 1:07(7), I certify that I have provided the services requested and filed with the Recorder a statement of the amount of payment, and an itemization of my expenses,** all under the penalties of perjury.

My report, list of interested parties and their addresses are on the reverse side of this sheet.

Dated: _February 11, 2016_

_James E. Mahoney_
Land Court Examiner

### PLEASE SIGN AND USE REPORT SHEET ON REVERSE SIDE AS FRONT SHEET OF REPORT.

| Date Issued: December 15, 2015 | Recorder: Deborah J. Patterson |
|---|---|

# Assessing On-Line

« New search

|  |  | Map |
|---|---|---|
| **Parcel ID:** | | 0602671012 |
| **Address:** | | 12 NORTHERN AV BOSTON MA 02210 |
| **Property Type:** | | Commercial |
| **Classification Code:** | | 326 (Commercial Property / RESTRANT/SERVICE) |
| **Lot Size:** | | 0 sq ft |
| **Living Area:** | | 0 sq ft |
| **Owner on Thursday, January 1, 2015:** | | CALAMARI COURT INC |
| **Owner's Mailing Address:** | | 2 NORTHERN AVE BOSTON MA 02210 |
| **Residential Exemption:** | | No |
| **Personal Exemption:** | | No |

### Value/Tax
**Assessment as of Thursday, January 1, 2015, statutory lien date.**

| | |
|---|---|
| FY2016 Building value: | $846,500.00 |
| FY2016 Land Value: | $0.00 |
| FY2016 Total Assessed Value: | $846,500.00 |

**FY2016 Tax Rates** (per thousand):
| | |
|---|---|
| - Residential: | $11.00 |
| - Commercial: | $26.81 |

| | |
|---|---|
| FY2016 Gross Tax: | $22,694.67 |
| - Residential Exemption: | $0.00 |
| - Personal Exemption: | $0.00 |
| FY2016 Net Tax: | $22,694.67 |

### Abatements/Exemptions

To file an **Abatement** Application for FY2016 click here

This type of parcel is not eligible for a residential or personal exemption.

### Current Owners
1   CALAMARI COURT INC
2   MARIA L. FREDDURA

Owner information may not reflect any changes submitted to City of Boston Assessing after Dec 23, 2015.

### Value History

| Fiscal Year | Property Type | Assessed Value * |
|---|---|---|
| 2016 | Commercial | $846,500.00 |
| 2015 | Commercial | $694,000.00 |
| 2014 | Commercial | $600,500.00 |
| 2013 | Commercial | $595,500.00 |
| 2012 | Commercial | $478,000.00 |

* Actual Billed Assessments

View Quarterly Tax Bill and Payment Information for this parcel for FY2015 and FY2016.

Visit My Neighborhood for information on city services related to this parcel.

Questions? For CURRENT fiscal year tax bill Questions, contact the Taxpayer Referral & Assistance Center. For PRIOR fiscal year tax payments, interest charges, fees, etc. contact the Collector's office at 617-635-4131.



**William Francis Galvin**
Secretary of the Commonwealth of Massachusetts



# Corporations Division

## Business Entity Summary

ID Number: 562286978

Request certificate       New search

Summary for:  CALAMARI COURT, INC.

| | |
|---|---|
| The exact name of the Domestic Profit Corporation: | CALAMARI COURT, INC. |

**Entity type:**  Domestic Profit Corporation

| | | |
|---|---|---|
| Identification Number: 562286978 | Old ID Number: | |

**Date of Organization in Massachusetts:**
08-13-2002

| | |
|---|---|
| | Last date certain: |

Current Fiscal Month/Day: 12/31

**The location of the Principal Office:**

Address:  2 NORTHERN AVE

City or town, State, Zip code, Country:        BOSTON,  MA  02210  USA

**The name and address of the Registered Agent:**

Name:    MARIA L. FREDDURA

Address:  9 TREMONT STREET

City or town, State, Zip code, Country:        CAMBRIDGE,  MA  02139  USA

**The Officers and Directors of the Corporation:**

| Title | Individual Name | Address |
|---|---|---|
| PRESIDENT | MARIA L. FREDDURA | 9 TREMONT ST. CAMBRIDGE, MA 02139 USA |
| TREASURER | MARIA L. FREDDURA | 9 TREMONT ST. CAMBRIDGE, MA 02139 USA |
| SECRETARY | MARIA L. FREDDURA | 9 TREMONT ST. CAMBRIDGE, MA 02139 USA |
| DIRECTOR | MARIA L. FREDDURA | 9 TREMONT ST. CAMBRIDGE, MA 02139 |

**Assessing Information Center – Basic Data**

06/02671/012

12 NORTHERN AV

BOSTON, 02210

| | | | |
|---|---|---|---|
| Bldg Value: | 846,500 | Latest Transfer Date: | 1/2/2010 |

LATE ENTRY

| | | | | |
|---|---|---|---|---|
| Land Value: | 0 | Book/Page: | 33333333 | Sale price: |
| Total Value: | 846,500 | Land Use-Legal: | C | Gross TAX: 22,694.67 |
| Condo Unit #: | | Res Xmpt: | N | Tax Status: T |
| | | Lotsize: | | Clause: |
| 2 | Owners: | Title Code: | LE | Clause: |

Mailing Address (current):

1    CALAMARI COURT INC

2    MARIA L. FREDDURA

C/O THE DAILY CATCH SEAPORT

2 NORTHERN AVE

BOSTON MA 02210

PRINT

| 'L' (tax Info) | 'H' (Hist) | 'C' (Curr Value) | 'R' (Res Ex App) | 'P' (Pers Ex App) | EXIT |

| Ownership History | Ownership Comments | | Curr Value/ Disclosure | Comments |

# Memo

**To:** City of Boston

**Fr:** Marlene Ayash, Land Court Attorney

FILE COPY

**Da**: April 14, 2016

**Re**: 15 TL 001051 City of Boston v. Calimari Court Inc.

      Please advise:

The title examiner reports that he was unable to find a starting point for this deed - he also questions whether this could be "tax exempt Massport property ?"

[SEAL]

| WITHDRAWAL IN TAX LIEN CASE | DOCKET NUMBER 15 TL 001051 | Commonwealth of Massachusetts Land Court Department of the Trial Court  |
|---|---|---|

CASE NAME

City of Boston
_____, Plaintiff(s)

v.

Calamari Court Inc Maria L Freddura
_____, Defendant(s)

A Complaint was filed in this Court on June 12, 2015 in the above captioned case, seeking to foreclose tax lien(s) under certain tax deed(s) given by and/or certain tax taking(s) made by the Collector of Taxes for the City of Boston in Suffolk County, in the Commonwealth of Massachusetts. This certifies that, after proceedings according to law, and after Plaintiff's request was allowed by the Court, this Complaint has been withdrawn as to the following instrument(s):

| Land Type | Tax Taking Date | Book Number | Page Number | Document Number | Certificate of Title Number |
|---|---|---|---|---|---|
| Recorded | 12/18/2012 | 50922 | 232 | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

This notice of final disposition must be recorded and/or registered **by the Plaintiff** in the appropriate Registry of Deeds pursuant to G. L. c. 60, § 75.

**By the Court:  Deborah J. Patterson**

**Attest:**

| DATE ENTERED: | RECORDER: Deborah J. Patterson |
|---|---|
| 07/25/2023 | *Deborah J. Patterson* |

025WD (11-2018)    www.mass.gov/courts/landcourt    Printed: 07/25/2023 9:27:06 AM    Page 1 of 1

[SEAL]

| **WITHDRAWAL IN TAX LIEN CASE** | DOCKET NUMBER<br>15 TL 001051 | Commonwealth of Massachusetts<br>Land Court<br>Department of the Trial Court  |

CASE NAME

City of Boston
_____, Plaintiff(s)

v.

Calamari Court Inc Maria L Freddura
_____, Defendant(s)

A Complaint was filed in this Court on June 12, 2015 in the above captioned case, seeking to foreclose tax lien(s) under certain tax deed(s) given by and/or certain tax taking(s) made by the Collector of Taxes for the City of Boston in Suffolk County, in the Commonwealth of Massachusetts. This certifies that, after proceedings according to law, and after Plaintiff's request was allowed by the Court, this Complaint has been withdrawn as to the following instrument(s):

| Land Type | Tax Taking Date | Book Number | Page Number | Document Number | Certificate of Title Number |
|-----------|-----------------|-------------|-------------|-----------------|-----------------------------|
| Recorded  | 12/18/2012      | 50922       | 232         |                 |                             |
|           |                 |             |             |                 |                             |
|           |                 |             |             |                 |                             |
|           |                 |             |             |                 |                             |
|           |                 |             |             |                 |                             |

This notice of final disposition must be recorded and/or registered **by the Plaintiff** in the appropriate Registry of Deeds pursuant to G. L. c. 60, § 75.

**By the Court: Deborah J. Patterson**

Attest:

A TRUE COPY
ATTEST:
*Deborah J. Patterson*
RECORDER

| DATE ENTERED:<br>07/25/2023 | RECORDER: Deborah J. Patterson<br>*Deborah J. Patterson* |

Date Filed: 7/18/2023 7:30 AM
Land Court
Docket Number: 15 TL 001051

15-0201

# COMMONWEALTH OF MASSACHUSETTS

## LAND COURT
## DEPARTMENT OF THE TRIAL COURT

**Case No. 15TL001051**

### City of Boston

vs.

### Calamari Court Inc.,
### Maria L. Freddura

## MOTION TO WITHDRAW COMPLAINT TO FORECLOSE
## RIGHTS OF REDEMPTION

Now comes the above named petitioner and moves that the complaint in this case be withdrawn from further consideration of the Court.

Kevin Foley
Attorney for Petitioner
BBO No. 676124
Assistant Corporation Counsel

**ALLOWED** Deborah J. Patterson

RECORDER

DATE: 07/25/2023

TEL. 617-523-2660

LAW OFFICE

OF

**JAMES E. MAHONEY**

63 BROAD STREET

WEYMOUTH, MA 02188

LAND COURT
FILED

2016 FEB 10 PM 12: 32

Land Court
Three Pemberton Square - Room 507
Boston, MA. 02114

RE: Title Examination

Case No. 15 TL 001051                                      150
(City of Boston v. Maria L. Freddura, Trustee,
                        Calamari Court, Inc.)

PAID

CK. NO._____

DATE_____

EXHIBIT 3

City of **Boston**.gov

Home    311    Residents    Business    Visitors    Students    Government

## Assessing

- Home
- Letter from the Commissioner
- Assessing Online
- Abatement Procedures
- Assessed Values
- Betterments and Tax Bills
- Boat Excise
- Boat Mooring/ Docking Compliance Law/ Permits
- Circuit Breaker Income Tax Credit
- Exemptions
- Condo Conversion
- Data & Mapping Resources
- Forms
- Frequently Asked Questions
- Motor Vehicle Excise
- Municipal Liens
- Personal Property
- PILOT Task Force
- Property Classification
- Property Identification
- Proposition 2 1/2
- Real Estate Parcel Consolidation
- Real Estate Taxes Tax Bills and Payments
- Tax Rates
- Tax Deferral
- Taxpayer Referral & Assistance Center
- Triennial Revaluation

Assessing Department

City Hall Hours & Directions

311 Services

Select a Department

Contact Info

Email Notifications

| Parcel ID | Street # | Street name | Suffix | Unit # | |
|-----------|----------|-------------|--------|--------|---|
| | 1 | COURTHOUSE | | | Search |

Unable to find a match. Please refer to the search tips below and then search again

**Assessing On-Line Search Tips**

### Did you spell the street name correctly?
Check the spelling of the street name. In most cases the search will look for a similar match but this does not always guarantee a match.

### Is the street number correct?
Check to confirm that the street number is exact. Do not include apartment numbers or street number extensions, such as letters and dashes.

### What about directional addresses?
If you are searching for a street named 'West Second Street' try inputing 'W Second'. Do not use numeric values in the street name field.

### What about other abbreviations?
Some street names may include abbreviations. For example, 'Saint Rose' may be abbreviated 'St Rose'. Note that street names do not contain punctuation.

Visitors    Students    Government

| Parcel ID | | Street # | Street name | | Suffix | | Unit # | |
|---|---|---|---|---|---|---|---|---|
| | | 1 | COUR | | ○ | | | Search |

# No exact matches found. Found 27 approximately matching parcels among 27 results. Click on details for information on a specific parcel, or map to open a GIS viewer.
# Return to the previous page

| Parcel ID | Address | Owner | Value | Map | Details |
|---|---|---|---|---|---|
| 0302866000 | 15 COURT SQ | COURT SQUARE EQUITY PARTNERS LLC | $16,688,000 | Map | Details |
| 0302885000 | 1 COURT ST | SUFFOLK UNIVERSITY | $43,768,100 | Map | Details |
| 0302886000 | 17 COURT ST | VIETNAM VETERANS WORKSHOP | $13,307,000 | Map | Details |
| 0303198000 | 1 GARDEN COURT ST | ROSSI JOHN | $1,124,800 | Map | Details |
| 0303199000 | 1 GARDEN COURT CT | GALLO JOHN III TS | $2,299,900 | Map | Details |
| 0303207000 | 10 GARDEN COURT ST | ANZALONE FAMILY 2021 REALTY TRUST | $2,060,700 | Map | Details |
| 0303208000 | 12 GARDEN COURT ST | 315-317 HANOVER STREET LLC | $274,100 | Map | Details |
| 0400965038 | 15 HARCOURT ST Apt. 102 | ROKOFF DAVID L | $2,691,600 | Map | Details |
| 0400965040 | 15 HARCOURT ST Apt. 205 | CANEPARI LAUREN | $1,213,500 | Map | Details |
| 0400965042 | 15 HARCOURT ST Apt. 206 | SCHOBER PETER A | $1,216,700 | Map | Details |
| 0400965044 | 15 HARCOURT ST Apt. 306 | FTP REVOCABLE TRUST OF 2004 | $1,317,800 | Map | Details |
| 0400965046 | 15 HARCOURT ST Apt. 307 | GOLDER CARON S | $1,249,500 | Map | Details |
| 0400965048 | 15 HARCOURT ST Apt. 403 | MYRNA P NASISI 2017 TRUST | $1,227,300 | Map | Details |
| 0400965050 | 15 HARCOURT ST Apt. 404 | AJEMIAN MARIANNE | $1,266,300 | Map | Details |
| 0400965052 | 15 HARCOURT ST Apt. PH506 | CESTARI DEAN M | $2,365,200 | Map | Details |
| 1404654000 | 11 COURTLAND RD | JAIBAR FAUZIAH | $687,900 | Map | Details |
| 1404655000 | 15 COURTLAND RD | WILLIAMS EDITH L | $757,000 | Map | Details |
| 1404656000 | 17 COURTLAND RD | WILLIAM EDITH L ETAL | $138,800 | Map | Details |
| 1404661000 | 18 COURTLAND RD | PATTERSON JULIA V | $2,400 | Map | Details |
| 1404662000 | 12 COURTLAND RD | MOORE DAPHNE F | $921,500 | Map | Details |
| 1404663000 | 10 COURTLAND RD | MOORE ROY B ETAL | $1,042,900 | Map | Details |
| 2003965000 | 11 COURTNEY RD | VOSS SETH K | $1,265,500 | Map | Details |
| 2003965001 | 15 COURTNEY RD | MCKIE DEBORAH A TS | $641,100 | Map | Details |
| 2003966000 | 19 COURTNEY RD | SHAO GANG | $628,100 | Map | Details |
| 2004004000 | 16 COURTNEY RD | KILGANNON MICHAEL G | $579,600 | Map | Details |
| 2004005000 | 12 COURTNEY RD | CYNTHIA M BAKER TRUST | $602,100 | Map | Details |
| 2004085000 | 1 COURTNEY RD | CORNFORTH WHITNEY A | $1,026,800 | Map | Details |

Visitors        Students        Government

| Parcel ID | | Street # | Street name | Suffix | Unit # | |
|---|---|---|---|---|---|---|
| | | 12 | NORTHERN | | | Search |

## Found 2 distinct parcels among 2 results. Click on details for information on a specific parcel, or map to open a GIS viewer.
## Return to the previous page

| Parcel ID | Address | Owner | Value | Map | Details |
|---|---|---|---|---|---|
| 0602671010 | 12 NORTHERN AV | UNITED STATES OF AMERICA | $222,949,700 | Map | Details |
| 0602671012 | 12 NORTHERN AV | CALAMARI COURT INC | $1,232,700 | Map | Details |

City of **Boston**.gov

Home   311   Residents   Business   Visitors   Students   Government

## Assessing

- Home
- Letter from the Commissioner
- Assessing Online
- Abatement Procedures
- Assessed Values
- Betterments and Tax Bills
- Boat Excise
- Boat Mooring/ Docking Compliance Law/ Permits
- Circuit Breaker Income Tax Credit
- Exemptions
- Condo Conversion
- Data & Mapping Resources
- Forms
- Frequently Asked Questions
- Motor Vehicle Excise
- Municipal Liens
- Personal Property
- PILOT Task Force
- Property Classification
- Property Identification
- Proposition 2 1/2
- Real Estate Parcel Consolidation
- Real Estate Taxes Tax Bills and Payments
- Tax Rates
- Tax Deferral
- Taxpayer Referral & Assistance Center
- Triennial Revaluation

Assessing Department

City Hall Hours & Directions

311 Services

Select a Department ◇

## Assessing On-Line

* New search                                                    Map

| | |
|---|---|
| Parcel ID: | 0602671010 |
| Address: | 12 NORTHERN AV BOSTON MA 02110 |
| Property Type: | Exempt |
| Classification Code: | 0985 (Exempt Property Type / OTHER EXEMPT BLDG) |
| Lot Size: | 198,790 sq ft |
| Gross Area: | 1,032,240 sq ft |
| Year Built: | 2000 |
| Owner on Saturday, January 1, 2022: | UNITED STATES OF AMERICA |
| Owner's Mailing Address: | 12 NORTHERN AV BOSTON MA 02110 |
| Residential Exemption: | No |
| Personal Exemption: | No |

### Value/Tax
Assessment as of Saturday, January 1, 2022, statutory lien date.

| | |
|---|---|
| FY2023 Building value: | $152,463,700.00 |
| FY2023 Land Value: | $70,486,000.00 |
| FY2023 Total Assessed Value: | $222,949,700.00 |
| **FY2023 Tax Rates (per thousand):** | |
| - Residental: | $10.74 |
| - Commercial: | $24.68 |
| **FY2023 Gross Tax:** | $0.00 |
| Community Preservation: | $0.00 |
| - Residential Exemption: | $0.00 |
| - Personal Exemption: | $0.00 |
| FY2023 Net Tax: | $0.00 |

### Abatements/Exemptions

The deadline for filing an Abatement application for FY2023 was 2/1/2023. However, additional documentation for applications already on file is still being accepted.

This type of parcel is not eligible for a residential or personal exemption.

### Current Owner
1   UNITED STATES OF AMERICA

Owner information may not reflect any changes submitted to City of Boston Assessing after December 16, 2022.

### Value History

| Fiscal Year | Property Type | Assessed Value * |
|---|---|---|
| 2023 | Exempt | $222,949,700.00 |
| 2022 | Exempt | $219,939,900.00 |
| 2021 | Exempt | $177,170,600.00 |
| 2020 | Exempt | $178,669,700.00 |
| 2019 | Exempt | $186,350,900.00 |
| 2018 | Exempt | $184,336,700.00 |
| 2017 | Exempt | $175,672,700.00 |
| 2016 | Exempt | $128,854,000.00 |
| 2015 | Exempt | $113,297,500.00 |
| 2014 | Exempt | $109,037,300.00 |
| 2013 | Exempt | $91,312,500.00 |
| 2012 | Exempt | $79,275,100.00 |
| 2011 | Exempt | $79,275,100.00 |
| 2010 | Exempt | $80,039,900.00 |
| 2009 | Exempt | $89,040,900.00 |
| 2008 | Exempt | $103,117,800.00 |
| 2007 | Exempt | $103,117,800.00 |
| 2006 | Exempt | $80,762,500.00 |
| 2005 | Exempt | $67,237,400.00 |
| 2004 | Exempt | $1,773,200.00 |
| 2003 | Exempt | $1,773,200.00 |
| 2002 | Exempt | $1,419,400.00 |
| 2001 | Exempt | $1,419,400.00 |
| 2000 | Exempt | $1,026,000.00 |
| 1999 | Exempt | $1,026,000.00 |
| 1998 | Exempt | $1,026,000.00 |
| 1997 | Exempt | $956,000.00 |
| 1996 | Exempt | $956,000.00 |

* Actual Billed Assessments

View Quarterly Tax Bill and Payment Information for this parcel for FY2022 and FY2023.

View approved building permits associated with this parcel.

Questions? For CURRENT fiscal year tax bill Questions, contact the Taxpayer Referral & Assistance Center. For PRIOR fiscal year tax payments, interest

# ANALYZE **BOSTON**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| UNITED STATES OF AMERICA | VacLd | 0 | 1 Courthouse WAY | Boston | MA | | 02210 | 343182 |
| UNITED STATES OF AMERICA | Comm | 0 | 1 Courthouse WAY | Boston | MA | | 02210 | 343182 |
| UNITED STATES OF AMERICA | Comm | 0 | 1 Courthouse WAY | Boston | MA | | 02210 | 343182 |
| UNITED STATES OF AMERICA | VacLd | 0 | 12 Northern AVE | Boston | MA | | 02210 | 103862 |
| UNITED STATES OF AMERICA | Comm | 0 | 1 Courthouse WAY | Boston | MA | | 02210 | 343182 |

EXHIBIT 4

**Suffolk County - 20/20 Perfect Vision i2 Document Detail Report**

**Current datetime: 2/12/2023 8:45:24 PM**

| Doc# | Document Type | Town | Book/Page | File Date | Consideration |
|---|---|---|---|---|---|
| 12022 | INSTRUMENT OF TAKING | | 50922/232 | 02/01/2013 | |

**Property-Street Address and/or Description**

12 NORTHERN AVE TAX 2012

**Grantors**

CALAMARI COURT INC,   FREDDURA MARIA L

**Grantees**

**References-Book/Pg  Description  Recorded Year**

54630/116  NOT  2015

**Registered Land Certificate(s)-Cert#  Book/Pg**

Bk: 50922 Pg: 232

This instrument must be filed for record or registration within 60 days from its date

State Tax Form 301
Revised 3/2009

## COMMONWEALTH OF MASSACHUSETTS

_G.L. c. 60, § § 53 and 54_

### CITY OF BOSTON
Name of city or town
### Office of the Collector of Taxes

2013  00012022
Bk: 50922 Pg: 232    Doc: TTG
Page: 1 of 1    02/01/2013 02:39 PM

## INSTRUMENT OF TAKING

I, MEREDITH WEENICK , Collector of Taxes for the City/Town of BOSTON ,
acting under General Laws Chapter 60, Sections 53 and 54, hereby take for the city/town the real
property described below:

## DESCRIPTION OF PROPERTY

(The description must be sufficiently accurate to identify the property and must agree with the notice of taking. In the case of registered land, The
Certificate of Title Number and the Registration Volume and Page must be given.)

| ASSESSORS | 12  NORTHERN AV |
| PARCEL ID | 0 SQ. FT. |
| 06-02671-012 | |

This land is taken because taxes, as defined in Chapter 60, Section 43, assessed on the property to

CALAMARI COURT INC
MARIA L. FREDDURA                                                    for fiscal year     2012     were not
paid within 14 days after a demand for payment was made on CALAMARI COURT INC
on     MAY 18, 2012     . After notice of intention to take the land was given as required by
law, they remain unpaid along with the interest and incidental expenses and cost to the date of taking
as follows:

Attested hereto

Francis M. Roache

Francis M. Roache
Register of Deeds

| Fiscal Year 2012  Taxes remaining unpaid | $ | 15,257.76 |
| Interest to Date of Taking | $ | 1,610.76 |
| Incidental Expenses and Costs to Date of Taking | $ | 34.00 |
| Total for which Land is Taken | $ | 16,902.52 |

Signature of Collector of Taxes
MEREDITH WEENICK
Printed/Typed Name of Collector of Taxes

Executed as a sealed instrument on     DECEMBER 18, 2012

## THE COMMONWEALTH OF MASSACHUSETTS

Suffolk  ss,

On this 18TH day of     DECEMBER, 2012     , before me, the undersigned notary public,
personally appeared MEREDITH WEENICK , Collector-Treasurer of the City of Boston,
Massachusetts, personally known to me to be the person whose name is signed on this document,
and acknowledged that he/she signed the foregoing instrument voluntarily for the purpose therein
expressed.

MICHAEL J. HUTCHINSON
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
MY COMMISSION EXPIRES 1/05/2018

Signature of Notary Public

### THIS FORM APPROVED BY THE COMMISSIONER OF REVENUE

EXHIBIT 5

**Suffolk County - 20/20 Perfect Vision i2 Document Detail Report**

**Current datetime: 2/12/2023 6:07:20 PM**

| Doc# | Document Type | Town | Book/Page | File Date | Consideration |
|---|---|---|---|---|---|
| 50961 | NOTICE | | 54630/116 | 06/19/2015 | |
| **Property-Street Address and/or Description** | | | | | |
| 12 NORTHERN AVE | | | | | |
| **Grantors** | | | | | |
| CALAMARI COURT INC,  FREDDURA MARIA L | | | | | |
| **Grantees** | | | | | |
| **References-Book/Pg  Description  Recorded Year** | | | | | |
| 50922/232  TTG  2013 | | | | | |
| **Registered Land Certificate(s)-Cert#  Book/Pg** | | | | | |

Bk: 54630 Pg: 116

120424

No. _____001051_____ T.L.

# COMMONWEALTH OF MASSACHUSETTS

## LAND COURT DEPARTMENT
## OF THE TRIAL COURT

2015 00050961
Bk: 54630 Pg: 116    Page: 1 of 1
Recorded: 06/19/2015 09:56 AM
ATTEST:Francis M. Roache, Register
Suffolk County Registry of Deeds

TO ALL WHOM IT MAY CONCERN:

The City of Boston

hereby give notice that, on the _____June 12, 2015_____

filed in said Court a petition against* _____CALAMARI COURT INC_____

_____MARIA L. FREDDURA_____

to foreclose a tax lien acquired under a certain tax deed (or deeds) from the Collector of Taxes for the

City of Boston, in the County of Suffolk and said Commonwealth, to it dated _____18-Dec-2012_____, and

recorded with Suffolk Registry of Deeds in Book _____50922_____ Page _____232_____ said deed (or deeds)

covers a certain parcel of land situated in Boston in the County of Suffolk and said Commonwealth, which

is described as follows:

Assessors Parcel        12 NORTHERN AVENUE
06-02671-012            0 Sq. Ft.

City of Boston

*Name all respondents as in petition.
                        Assistant    Collector · Treasurer

EXHIBIT 6

ProSe

### United States District Court
### District of Massachusetts (Boston)
### CIVIL DOCKET FOR CASE #: 1:22-cv-11764-DJC

Talasazan v. Microsoft Corporation et al
Assigned to: Judge Denise J. Casper
Cause: 12:3410 Right to Financial Privacy Act

Date Filed: 10/14/2022
Jury Demand: None
Nature of Suit: 446 Civil Rights: Americans with
Disabilities - Other
Jurisdiction: Federal Question

**Plaintiff**

**Harel Talasazan**                    represented by **Harel Talasazan**
535 N Fuller Avenue
Los Angeles, CA 90036
(310) 254-4232
Email: hareltala@gmail.com
PRO SE

V.

**Defendant**

**Microsoft Corporation**               represented by **Paul B. Lewis**
DLA Piper US LLP
33 Arch Street
26th Floor
Boston, MA 02110-1447
(617) 406-6070
Email: paul.lewis@dlapiper.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Office of Bar Counsel**               represented by **David R. Marks**
Massachusetts Attorney General
Constitutional and Administrative Law Division
One Ashburton Place
Boston, MA 02108
617-963-2362
Fax: 617-727-5785
Email: david.marks@mass.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Board of Bar Overseers**              represented by **David R. Marks**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dorothy Anderson**  represented by **David R. Marks**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does 1-10**

**Defendant**

**Matthew Stewart**  represented by **David R. Marks**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

[Email All Attorneys]
[Email All Attorneys and Additional Recipients]

| Date Filed | # | Docket Text |
|---|---|---|
| 10/14/2022 | 1 | COMPLAINT against All Defendants, filed by Harel Talasazan. (Attachments: # 1 Civil Cover Sheet & Category Form, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6)(de Oliveira, Flaviana) (Entered: 10/14/2022) |
| 10/14/2022 | 2 | ELECTRONIC NOTICE of Case Assignment. Judge Denise J. Casper assigned to case. If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Judith G. Dein. (Finn, Mary) (Entered: 10/14/2022) |
| 10/14/2022 | 3 | Summons Issued as to Dorothy Anderson, Board of Bar Overseers, Does 1-10, Microsoft Corporation, Office of Bar Counsel. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (de Oliveira, Flaviana) (Entered: 10/14/2022) |
| 10/14/2022 | 4 | Filing fee/payment: $ 402.00, receipt number 100000673 for 1 Complaint (Phillips, Sophie) (Entered: 10/14/2022) |
| 11/02/2022 | 5 | Summons Issued as to Matthew Stewart. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (Paine, Matthew) (Entered: 11/02/2022) |
| 11/02/2022 | 6 | FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF against Does 1-25, Board of Bar Overseers, Office of Bar Counsel, Matthew Stewart, Microsoft Corporation, Dorothy Anderson, filed by Harel Talasazan. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4 - Part 1, # 5 Exhibit 4 - Part 2, # 6 Exhibit 4 - Part 3, # 7 Exhibit 4 - Part 4, # 8 Exhibit 5 - Part 1, # 9 Exhibit 5 - Part 2, # 10 Exhibit 6, # 11 Exhibit 7, # 12 Exhibit 8, # 13 Exhibit 9, # 14 Exhibit 10, # 15 Exhibit 11, # 16 Exhibit 12 - Part 1, # 17 Exhibit 12 - Part 2, # 18 Exhibit 13, # 19 Exhibit 14)(Paine, Matthew) (Entered: 11/03/2022) |
| 11/07/2022 | 10 | Letter/request (non-motion) from Harel Talasazan. (Dore, Samantha) (Entered: 11/09/2022) |

| 11/08/2022 | 7 | NOTICE of Inability to Electronic Service of Complaint, Return of Summonses by Harel Talasazan (Dore, Samantha) (Additional attachment(s) added on 11/8/2022: # 1 Amended Complaint) (Dore, Samantha). (Entered: 11/08/2022) |
|---|---|---|
| 12/05/2022 | 11 | NOTICE by Harel Talasazan (Currie, Haley) (Entered: 12/06/2022) |
| 12/09/2022 | 12 | Judge Denise J. Casper: ELECTRONIC ORDER entered granting in part and denying in part 8 Motion "Plaintiff Harel Talasazans Ex-Parte Motion for Clerk to Reissue Summonses, D. 8, is ALLOWED in part only to the extent that summonses shall reissue as to the named defendants: Microsoft Corporation, Office of Bar Counsel, Board of Bar Overseers, Dorothy Anderson, and Matthew Stewart. Talasazan shall have ninety days from the reissuance of summonses to serve these defendants. Summonses are issued in blank and are completed by Talasazan. The Clerk is directed to mail five summonses to Talasazan. Summonses as to "Doe" Defendants are vacated and no summonses shall issue as to those defendants unless and until they are identified, and if permitted to be joined in this action. See Fed. R. Civ. P. 15(a)(1)(2). All other and further relief is DENIED. While Talasazan is proceeding pro se, he is also a licensed attorney in Massachusetts. He is therefore presumed to have a basic knowledge of the Federal Rules of Civil Procedure, including Rule 4, and even though proceeding pro se, must follow the Federal Rules of Civil Procedure and the Local Rules of this Court. See Local Rule 83.5.5(d) ( A pro se party is required to comply with these local rules.). Talasazan is directed to Rule 4, which relates to service of process: the summons and complaint. Fed. R. Civ. P. 4(c)(1). Service of process under Rule 4 is not performed electronically and it is not undertaken by the Clerk. See Fed. R. Civ. P. 4(c)(2). Specifically, service on an individual is referenced in Rule 4(e), and state government at Rule 4(j)(2). The Court observes that these provisions provide that service may be accomplished under State law provisions as well. See id. A review of the docket indicates that, while summonses have issued as to the named defendants previously, see D. 3, 5, there is no indication on the docket that any defendant has been properly served, and none have appeared in this action. While the Court can point Talasazan to the Federal Rules, it is ultimately Talasazans responsibility to serve the defendants in accordance with the Federal Rules of Civil Procedure and Local Rules of this Court, including Fed. R. Civ. P. 4 and Local Rule 4.1." (PSSA, 5) (Entered: 12/09/2022) |
| 12/09/2022 | 13 | Summons Reissued as to All Defendants. **Counsel receiving this notice electronically should download this summons, complete one for each defendant and serve it in accordance with Fed.R.Civ.P. 4 and LR 4.1. Summons will be mailed to plaintiff(s) not receiving notice electronically for completion of service.** (Currie, Haley) (Entered: 12/09/2022) |
| 12/12/2022 | 14 | NOTICE (corrections) by Harel Talasazan re 11 Notice (Currie, Haley) (Entered: 12/14/2022) |
| 01/09/2023 | 15 | Note from Harel Talasazan with entirety of case in paper that was mailed to plaintiff on 12/9/2022. (Currie, Haley) (Entered: 01/09/2023) |
| 01/13/2023 | 16 | SUMMONS Returned Executed Microsoft Corporation served on 1/9/2023, answer due 1/30/2023. (Currie, Haley) (Entered: 01/13/2023) |
| 01/13/2023 | 17 | SUMMONS Returned Executed Dorothy Anderson served on 1/9/2023, answer due 1/30/2023. (Currie, Haley) (Entered: 01/13/2023) |
| 01/13/2023 | 18 | SUMMONS Returned Executed Office of Bar Counsel served on 1/9/2023, answer due 1/30/2023. (Currie, Haley) (Entered: 01/13/2023) |
| 01/13/2023 | 19 | SUMMONS Returned Executed Board of Bar Overseers served on 1/9/2023, answer due 1/30/2023. (Attachments: # 1 Cover Letter)(Currie, Haley) (Entered: 01/13/2023) |
| 01/18/2023 | 20 | SUMMONS Returned Executed as to The Office of the Attorney General by Harel Talasazan. (Attachments: # 1 Cover Letter)(Currie, Haley) (Entered: 01/18/2023) |

| 01/18/2023 | 21 | NOTICE of Appearance by David R. Marks on behalf of Dorothy Anderson, Board of Bar Overseers, Office of Bar Counsel, Matthew Stewart (Marks, David) (Entered: 01/18/2023) |
|---|---|---|
| 01/24/2023 | 22 | NOTICE of Appearance by Paul B. Lewis on behalf of Microsoft Corporation (Lewis, Paul) (Entered: 01/24/2023) |
| 01/24/2023 | 23 | CORPORATE DISCLOSURE STATEMENT by Microsoft Corporation. (Lewis, Paul) (Entered: 01/24/2023) |
| 01/25/2023 | 24 | Joint MOTION for Extension of Time to March 13, 2023 to File Answer re 6 Amended Complaint,, by Dorothy Anderson, Board of Bar Overseers, Microsoft Corporation, Office of Bar Counsel, Matthew Stewart. (Attachments: # 1 Affidavit, # 2 Affidavit)(Marks, David) (Entered: 01/25/2023) |
| 01/30/2023 | 25 | Letter to Mr. Lewis from Harel Talasazan. (Currie, Haley) (Entered: 01/30/2023) |
| 01/30/2023 | 26 | Plaintiff's Objection to the mailing of the Amended Complaint and Opposition re 24 Joint MOTION for Extension of Time to March 13, 2023 to File Answer re 6 Amended Complaint,, filed by Harel Talasazan. (Currie, Haley) (Entered: 01/30/2023) |
| 01/30/2023 | 27 | MEMORANDUM of Reasons and Authorities in Support by Harel Talasazan to 26 Plaintiff's Objection to the mailing of the Amended Complaint and Opposition re 24 Joint MOTION for Extension of Time to March 13, 2023 to File Answer re 6 Amended Complaint (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Cover Letter)(Currie, Haley) (Entered: 01/30/2023) |
| 02/06/2023 | 28 | MOTION to Supplement Exhibit 5 of The Plaintiff's Memorandum of Reasons and Authorities in Support of Objection to the Mailing of the First Amended Complaint and Opposition to the Defendant's Joint Motion to Enlarge Time to File Responsive Pleading by Harel Talasazan. (Attachments: # 1 Exhibit 5.1, # 2 Exhibit 5.2, (3) Exhibit 5.3, # 4 Cover Letter)(Modified 2/10 to separate exhibits into their own attachments)(Currie, Haley). (Entered: 02/06/2023) |
| 02/06/2023 | 29 | NOTICE of Change of Address by Harel Talasazan (Currie, Haley) (Entered: 02/06/2023) |
| 02/06/2023 | 30 | Request for notice of default of Defendants Office of Bar Counsel and Board of Bar Overseers (Fed. R. Civ. P. 55(a)) by Harel Talasazan. (Attachments: # 1 Affidavit, # 2 Exhibit 1, # 3 Cover Letter)(Currie, Haley) (Entered: 02/06/2023) |
| 02/09/2023 | 31 | Judge Denise J. Casper: ELECTRONIC ORDER entered re: 24 Motion for Extension of Time to Answer. Having considered Defendants' motion for extension of time to answer or otherwise respond to the complaint, D. 24, and Plaintiff's opposition to same, D. 27-28, the Court ALLOWS the motion and Defendants have until March 13, 2023 to answer or otherwise respond. (Hourihan, Lisa) (Entered: 02/09/2023) |
| 02/09/2023 | 32 | Judge Denise J. Casper: ELECTRONIC ORDER entered re: 28 Motion to Supplement. Motion to supplement is DENIED as moot in light of the ruling on D. 24. (Hourihan, Lisa) (Entered: 02/09/2023) |
| 02/09/2023 | 33 | Judge Denise J. Casper: ELECTRONIC ORDER entered re 30 Request for notice of default filed by Harel Talasazan. The motion for default is DENIED in light of the Court's ruling on D. 24.(Hourihan, Lisa) (Entered: 02/09/2023) |
| 02/09/2023 | 34 | Letter/request (non-motion) from Harel Talasazan. (Currie, Haley) (Entered: 02/10/2023) |
| 02/13/2023 | 35 | Plaintiff's Response to the Petition for Discipline from Harel Talasazan. (Attachments: # 1 Attachment 1, # 2 Attachment 2, # 3 Attachment 3)(Currie, Haley) (Entered: 02/13/2023) |
| 02/16/2023 | 36 | Letter from Harel Talasazan. (Currie, Haley) (Entered: 02/16/2023) |

| 02/17/2023 | 37 | Judge Denise J. Casper: ELECTRONIC ORDER entered. In response to Plaintiff Harel Talasazan's most recent letter, D. 36, and his inquiries of the Clerk's Office, the Court notes the following. By D. 31, dated February 9, 2023, the Court allowed Defendants' motion for extension to answer or respond to the complaint and gave Defendants until March 13, 2023 to do so. A copy of this ECF order, D. 31 and the others issued that day, D. 32-33, were mailed to Plaintiff on February 9, 2023. To the extent that Plaintiff was seeking subpoenas for discovery, the Court STAYS any such discovery until after either of the following: the Defendants file an answer and then the Court holds an initial scheduling conference; or, if Defendants file a responsive motion, then until after the Court holds a hearing regarding same.(Hourihan, Lisa) (Entered: 02/17/2023) |
|---|---|---|
| 02/21/2023 | 38 | Letter from Harel Talasazan. (Attachments: # 1 Envelope, # 2 Contents in envelope, # 3 Letter attached to envelope)(Currie, Haley) (Entered: 02/21/2023) |
| 02/28/2023 | 🔖 39 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Microsoft Corporation.(Lewis, Paul) (Entered: 02/28/2023) |
| 02/28/2023 | 40 | AFFIDAVIT in Support re 39 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Microsoft Corporation. (Attachments: # 1 Exhibit A)(Lewis, Paul) (Entered: 02/28/2023) |
| 02/28/2023 | 41 | MEMORANDUM in Support re 39 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Microsoft Corporation. (Lewis, Paul) (Entered: 02/28/2023) |
| 03/08/2023 | 42 | MOTION to Convert Defendant Microsoft Corporation's Fed. R. Civ. 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint for its Failure to State a Claim into a Motion for Summary Judgment or to Strike the Affidavit of Paul B. Lewis or to Enlarge Time to File Opposition to Defendant Microsoft's Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim by Harel Talasazan.(Currie, Haley) (Entered: 03/08/2023) |
| 03/08/2023 | 43 | MEMORANDUM in Support re 42 MOTION to Convert Defendant Microsoft Corporation's Fed. R. Civ. 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint for its Failure to State a Claim into a Motion for Summary Judgment or to Strike the Affidavit of Paul B. Lewis or filed by Harel Talasazan. (Currie, Haley) (Entered: 03/08/2023) |
| 03/13/2023 | 🔖 44 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM , MOTION to Dismiss for Lack of Jurisdiction ( Responses due by 3/27/2023) by Dorothy Anderson, Board of Bar Overseers, Office of Bar Counsel, Matthew Stewart.(Marks, David) (Entered: 03/13/2023) |
| 03/13/2023 | 45 | MEMORANDUM in Support re 44 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction filed by Dorothy Anderson, Board of Bar Overseers, Office of Bar Counsel, Matthew Stewart. (Marks, David) (Entered: 03/13/2023) |
| 03/16/2023 | 🔖 46 | MOTION for Protective Order by Dorothy Anderson, Board of Bar Overseers, Office of Bar Counsel, Matthew Stewart.(Marks, David) (Currie, Haley). Modified on 3/17/2023 : main document and memorandum and exhibit separated from entry and refiled. Please see 47 for correct filing (Currie, Haley). (Entered: 03/16/2023) |
| 03/17/2023 | 47 | MEMORANDUM in Support re 46 MOTION for Protective Order filed by Dorothy Anderson, Board of Bar Overseers, Office of Bar Counsel, Matthew Stewart. (Attachments: # 1 Exhibit A)(Currie, Haley) Modified on 3/22/2023 to remove defendant inadvertently added (Currie, Haley). (Entered: 03/17/2023) |
| 03/17/2023 | 48 | **ELECTRONIC NOTICE TO COUNSEL** re 46 MOTION for Protective Order : Pursuant to the CM/ECF Administrative Procedures Section (G) Number (4): Any memorandum of law or other attachment filed in support of a main document shall be filed as a separate document. For future filings, please make sure all memorandums in support and accompanying exhibits are filed correctly in their own separate entry using the correct event. (Currie, Haley) (Entered: 03/17/2023) |

| 03/17/2023 | 49 | Plaintiff's Objection to Docket Sheet Instruction and MOTION for Orderly Sequences Ruling and Corrected Docket Sheet filed by Harel Talasazan. (Currie, Haley) (Entered: 03/17/2023) |
|---|---|---|
| 03/17/2023 | 50 | MEMORANDUM in Support re 49 Plaintiff's Objection to Docket Sheet Instruction and MOTION for Orderly Sequences Ruling and Corrected Docket Sheet filed by Harel Talasazan. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Gmail Attachment)(Currie, Haley) (Entered: 03/17/2023) |
| 03/20/2023 | 51 | Opposition re 42 MOTION to convert Defendant Microsoft Corporation's Fed. R. Civ. 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint for its Failure to State a Claim into a Motion for Summary Judgment or to Strike the Affidavit of Paul B. Lewis or *to Enlarge Time to File Opposition to Defendant Microsoft's Motion to Dismiss Plaintiff's First Amended Complaint* filed by Microsoft Corporation. (Lewis, Paul) (Entered: 03/20/2023) |
| 03/27/2023 | 52 | Opposition re 44 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction filed by Harel Talasazan. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45, # 46 Exhibit 46, # 47 Exhibit 47, # 48 Exhibit 48, # 49 Exhibit 49, # 50 Exhibit 50, # 51 Exhibit 51, # 52 Exhibit 52, # 53 Exhibit 53) (Currie, Haley). (Entered: 03/27/2023) |
| 04/03/2023 | 53 | MOTION for Leave to Amend Opposition to State Defendants Motion to Dismiss for Failure to State a Claim Motion to Dismiss for Lack of Jurisdiction by Harel Talasazan. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Currie, Haley) (Entered: 04/03/2023) |
| 04/03/2023 | 54 | MOTION for Extension of Time to Oppose 46 MOTION for Protective Order by Dorothy Anderson, Board of Bar Overseers, Office of Bar Counsel, and Matthew Stewart by Harel Talasazan. (Attachments: # 1 Declaration)(Currie, Haley) (Entered: 04/03/2023) |
| 04/17/2023 | 55 | Emergency MOTION for Temporary Restraining Order and MOTION for Preliminary Injunction ( Responses due by 5/1/2023) by Harel Talasazan. (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order, # 3 Declaration of Harel Talasazan in Support of Motion for Injunctive Relief, # 4 Proposed Amended Declaration of Harel Talasazan, # 5 Duplicate of Emergency Motion, # 6 Duplicate Exhibit 1, # 7 Duplicate of Text of Proposed Order, # 8 Duplicate Declaration of Harel Talasazan in Support of Motion for Injunctive Relief, # 9 Duplicate Proposed Amended Declaration of Harel Talasazan, # 10 Cover Letter, # 11 Email Attachment, # 12 USPS Attachment, # 13 Public Notice Attachment)(Currie, Haley) (Entered: 04/17/2023) |
| 04/17/2023 | 56 | MOTION to Amend the Opposition and Memorandum of Reasons and Authorities in Support of Opposition to State Defendants Motion to Dismiss and the Affidavit in Support of Opposition to State Defendant's Motion to Dismiss by Harel Talasazan. (Attachments: # 1 Proposed Opposition and Memorandum of Reasons and Authorities in Support of Opposition to State Defendants Motion to Dismiss, # 2 Duplicate of Motion to Amend, # 3 Duplicate Proposed Opposition and Memorandum of Reasons and Authorities in Support of Opposition to State Defendants Motion to Dismiss)(Currie, Haley) (Entered: 04/17/2023) |

| 04/17/2023 | 57 | Opposition and Memorandum of Reasons and Authorities in Support of Opposition to State Defendants Motion to Dismiss re 44 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction filed by Harel Talasazan. (Attachments: # 1 Duplicate Opposition and Memorandum of Reasons and Authorities in Support of Opposition to State Defendants Motion to Dismiss)(Currie, Haley) (Entered: 04/17/2023) |
|---|---|---|
| 04/19/2023 | 58 | MOTION for Sanctions for Spoliation of Evidence by Harel Talasazan. (Attachments: # 1 Declaration in Support, # 2 Cover Letter)(Currie, Haley) (Entered: 04/19/2023) |
| 04/19/2023 | 59 | MEMORANDUM in Support re 58 MOTION for Sanctions for Spoliation of Evidence filed by Harel Talasazan. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Currie, Haley) (Entered: 04/19/2023) |
| 04/21/2023 | 60 | Judge Denise J. Casper: ELECTRONIC ORDER entered granting 54 MOTION for Extension of Time to File Response/Reply as to 46 MOTION for Protective Order , Responses due by 4/21/2023 (Hourihan, Lisa) (Entered: 04/21/2023) |
| 04/21/2023 | 61 | Judge Denise J. Casper: ELECTRONIC ORDER entered re: 42 Motion to Convert Defendant Microsoft Corporation's Fed. R. Civ. 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint for its Failure to State a Claim into a Motion for Summary Judgment. Having considered Plaintiff Mr. Talasazan's motion to "convert" Defendant Microsoft's motion to dismiss into a motion for summary judgment, and having considered the opposition to same, D. 51, the Court DENIES that motion. In light of this ruling, the Court gives Plaintiff until May 5, 2023 to file an opposition to D. 39, Microsoft's motion to dismiss. Failure to do so by this time will likely result in dismissal of the claims against this defendant.(Hourihan, Lisa) (Entered: 04/21/2023) |
| 04/21/2023 | 62 | Judge Denise J. Casper: ELECTRONIC ORDER entered re: 49 Motion Objection to Docket Sheet Instruction and MOTION for Orderly Sequences Ruling and Corrected Docket Sheet filed by Harel Talasazan.<br><br>Plaintiff's objection to the docket sheet and for other relief regarding same is DENIED. (Hourihan, Lisa) (Entered: 04/21/2023) |
| 04/21/2023 | 63 | Judge Denise J. Casper: ELECTRONIC ORDER entered re: 53 Motion for Leave to Amend Opposition to State Defendants Motion to Dismiss for Failure to State a Claim Motion to Dismiss for Lack of Jurisdiction by Harel Talasazan.<br><br>Plaintiff's motion to amend his opposition to the state Defendants' motion to dismiss, D. 39 is ALLOWED and the Court will consider D. 53 in the resolution of D. 39.(Hourihan, Lisa) (Entered: 04/21/2023) |
| 04/21/2023 | 64 | Objection and MOTION to Permit Filing of Opposition to Motion for Protective Order After Date of Entry of Order by Harel Talasazan.(Currie, Haley) (Entered: 04/21/2023) |
| 04/25/2023 | 65 | Letter re: Proposed Amendments to Local Rule 67.3 Disbursement of Registry Funds from Harel Talasazan. (Attachments: # 1 Proposed Amendments to Local Rule 67.3, # 2 Cover Letter, # 3 Envelope)(Currie, Haley) (Entered: 04/25/2023) |
| 04/28/2023 | 66 | Objection and Taking Exception Pursuant to Fed.R.Civ.P.83 by Harel Talasazan. (Currie, Haley) (Entered: 04/28/2023) |
| 05/01/2023 | 67 | Opposition re 55 MOTION for Temporary Restraining OrderMOTION for Preliminary Injunction filed by Dorothy Anderson, Board of Bar Overseers, Office of Bar Counsel, Matthew Stewart. (Marks, David) (Entered: 05/01/2023) |
| 05/04/2023 | 68 | NOTICE Pursuant to Fed. R. Civ. P. 5.1 by Harel Talasazan (Currie, Haley) (Entered: 05/04/2023) |

| 05/05/2023 | 69 | Opposition and Memorandum of Reasons and Authorities in Support of Opposition re 44 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MOTION to Dismiss for Lack of Jurisdiction filed by Harel Talasazan. (Attachments: # 1 Cover Letter with Attachments) (Currie, Haley) (Entered: 05/05/2023) |
|---|---|---|
| 05/05/2023 | 70 | Opposition and Memorandum of Reasons and Authorities in Support of Opposition re 39 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Harel Talasazan. (Attachments: # 1 Declaration of Harel Talasazan in Support of Opposition to Defendant Microsoft's Motion to Dismiss, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5)(Currie, Haley) (Entered: 05/05/2023) |
| 05/12/2023 | 71 | MOTION to Take Judicial Notice in Support of Granting Plaintiff Temporary Restraining Order, Injunctive Relief, and Sanctions by Harel Talasazan. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5) (Pacho, Arnold) (Entered: 05/12/2023) |
| 05/15/2023 | 72 | NOTICE of Change of Address by Harel Talasazan (Currie, Haley) (Entered: 05/15/2023) |
| 05/22/2023 | 73 | MOTION requesting Judicial Notice be Taken in support of Granting Plaintiff Temporary Restraining Order, Injunctive Relief, and Sanctions by Harel Talasazan. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10)(Currie, Haley) (Entered: 05/22/2023) |
| 05/22/2023 | 74 | Letter from Harel Talasazan. (Attachments: # 1 Attachment)(Currie, Haley) (Entered: 05/22/2023) |
| 05/30/2023 | 75 | Letter/request (non-motion) from Harel Talasazan. (Attachments: # 1 Envelope)(Currie, Haley) (Entered: 05/30/2023) |

Harel Talasazan
535 N Fuller Avenue
Los Angeles, CA 90036

```
MIME-Version:1.0
From:ECFnotice@mad.uscourts.gov
To:CourtCopy@localhost.localdomain
Bcc:
--Case Participants: Paul B. Lewis (hector.rivera@us.dlapiper.com, kara.race-
moore@us.dlapiper.com, maryann.souza@us.dlapiper.com, paul-lewis-0899@ecf.pacerpro.com,
paul.lewis@dlapiper.com, sherry.faulkner@us.dlapiper.com), David R. Marks
(adlawefilings@state.ma.us, david.marks@mass.gov),
--No Notice Sent:

Message-Id:<10371598@mad.uscourts.gov>
Subject:Activity in Case 1:22-cv-11764-DJC Talasazan v. Microsoft Corporation et al Order
on Motion to Dismiss for Failure to State a Claim
Content-Type: text/html
```

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### United States District Court

### District of Massachusetts

#### Notice of Electronic Filing

The following transaction was entered on 6/21/2023 at 12:02 PM EDT and filed on 6/21/2023
**Case Name:**      Talasazan v. Microsoft Corporation et al
**Case Number:**    1:22-cv-11764-DJC
**Filer:**
**Document Number:** 78(No document attached)

**Docket Text:**
**Judge Denise J. Casper: ELECTRONIC ORDER entered re: [39] Motion to Dismiss for Failure to State a Claim; [44] Motion to Dismiss for Failure to State a Claim; [44] Motion to Dismiss for Lack of Jurisdiction; [46] Motion for Protective Order; [55] Motion for TRO; [55] Motion for Preliminary Injunction; [56] Motion to Amend.**

**Plaintiff Harel Talasazan ("Talasazan") filed this lawsuit *pro se* against Defendants Microsoft Corporation ("Microsoft"), and the Massachusetts Office of Bar Counsel ("OBC"), the Massachusetts Board of Bar Overseers ("BBO"), Dorothy Anderson ("Anderson") and Matthew Stewart ("Stewart") (collectively, the "State Defendants") asserting claims under Articles III and IV and the Fifth, Sixth and Fourteenth Amendments of the Constitution (Counts I, II, III, IV), Title II of the Americans with Disabilities Act (Count V) and 12 U.S.C. § 3401 *et seq.* under § 1988 (Counts VI, VII and VIII). D. 6. Microsoft, D. 39, and the State Defendants, D. 44, have moved to dismiss for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction. The State Defendants have also moved**

for a protective order quashing Talasazan's request for production of documents. D. 46. Talasazan moved for temporary restraining order and preliminary injunction. D. 55. Talasazan also moved to amend his opposition to the motion to dismiss of the State Defendants, D. 56, which the Court ALLOWS *nunc pro tunc*, and has considered D. 56-1 in the resolution of that motion to dismiss. Having considered the motion papers and various oppositions and for the reasons stated below, the Court ALLOWS Microsoft's motion to dismiss, D. 39, ALLOWS the State Defendants' motion to dismiss, D. 44, DENIES as moot the State Defendants' motion for protective order, D. 46, and DENIES Talasazan's motion for temporary restraining order and preliminary injunction. D. 55.

The Court accepts the allegations in the amended complaint as true for the purposes of resolving the pending motions to dismiss. Talasazan, a Massachusetts attorney, is permanently and totally deaf in his left ear because of a traumatic head injury he sustained on or about May 12, 2007. D. 6 ¶¶ 15–16. On or about August 8, 2018, he moved with his wife from Boston to Los Angeles. Id. ¶ 17. On or about August 5, 2021, Talasazan was notified that the OBC was formally investigating his physical and mental fitness to be an attorney and certain incidents of alleged misconduct. Id. ¶¶ 23, 35. On September 23, 2021, Anderson and Stewart deposed Talasazan via video conferencing using Microsoft Teams. Id. ¶ 25. Talasazan viewed the video recording of the remote deposition shortly after receiving it and "immediately noticed that the video had been cut out or trimmed such that the portion of the time during the deposition involving" certain objections Talasazan made, "among other things, were removed from the video." Id. ¶ 68.

On or about December 7, 2021, the OBC subpoenaed Talasazan's bank records which, by later agreement, was limited to his IOLTA records. Id. ¶¶ 61–64. On or about May 5, 2022, Anderson subpoenaed Talasazan's business checking account records. Id. ¶ 74. On June 13, 2022, Talasazan was again invited to participate in a remote deposition via Microsoft Teams with Anderson and Stewart, scheduled for July 7, 2022. Id. ¶ 80. On June 30, 2022, Talasazan requested reasonable accommodations from Anderson for the July 7 deposition, but Talasazan did not receive a response regarding this request. Id. ¶ 84. Anderson canceled the July 7 remote deposition on July 5, 2022. Id. ¶ 85. On September 26, 2022, Talasazan received a petition for discipline against him from the OBC. Id. ¶ 86.

*Talasazan Fails to State a Claim for Relief Against Microsoft.* Although Talasazan brings each of his eight claims against every named Defendant, the complaint contains no allegations that implicate Microsoft in a legally cognizable way. Microsoft's only factual connection to Talasazan's claims appears to be that the State Defendants used the Microsoft Teams platform to conduct his remote deposition. This fact is insufficient to state a claim for relief against Microsoft because it does not give rise to a "reasonable inference that [Microsoft] is liable for the misconduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)); García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013) (noting that a complaint must provide sufficient factual allegations for a court to find the claim "plausible on its face" to state a claim for relief) (quoting Iqbal, 556 U.S. at 678).

In his opposition, Talasazan claims that he is entitled to relief under an Agreement for Professional Services ("the Agreement") between the State Defendants and Microsoft. D. 6-3. Talasazan argues that he can recover from Microsoft for the State Defendants' alleged misconduct because Microsoft is obligated to indemnify the State Defendants against third party claims under the Agreement. D. 70 at 11–14. This argument fails for at least two reasons. As a preliminary matter, the Agreement expired on June 30, 2021. D. 6-3 at 8. The remote deposition occurred on September 23, 2021, so the State Defendants' alleged

misconduct, insofar as it relates to the use of Microsoft Teams, occurred after the Agreement expired.  Even assuming *arguendo* that the Agreement was still in force by the time of the remote deposition, Talasazan would not have standing to enforce it.  The Agreement is governed by Massachusetts law, D. 6-3 at 14 (stating "[t]his Agreement will be governed by the laws of Customer's state...").  It is well established that "[u]nder Massachusetts law, only intended beneficiaries, not incidental beneficiaries, can enforce a contract."  Harvard L. Sch. Coal. for C.R. v. President & Fellows of Harvard Coll., 413 Mass. 66, 71 (1992).  Talasazan must point to "clear and definite" evidence that the contracting parties intended him both to benefit from and possess the right to enforce the indemnity provision.  Landry v. Transworld Systems, Inc., 485 Mass. 334, 342 (2020) (citation omitted).  Here, there is no evidence that the parties intended Talasazan to benefit from and possess the right to enforce the indemnity provision of the Agreement.  The indemnity provision of the Agreement states, in relevant part, that "Microsoft will defend against any third-party claim, and will indemnify and hold harmless [the Commonwealth of Massachusetts] for any damages finally adjudicated or amounts provided in an approved settlement, and arising from such claim, to the extent it (I) alleges that any Fix or Services Deliverable made available by Microsoft for a fee and used within the scope of Section 3 of this Agreement... misappropriates a trade secret or directly infringes a patent, copyright, or trademark or other proprietary right of a third party, or (II) results from personal injury damages or tangible property damages."  D. 6-3 at 12.  Talasazan has not brought such claims and such indemnification is not applicable here.  For all of these reasons, the Court allows Microsoft's motion to dismiss.

*Talasazan Fails to State a Claim for Relief Against the State Defendants.*  The State Defendants move to dismiss the amended complaint on the basis of, among other things, the Younger abstention doctrine.  Younger v. Harris, 401 U.S. 37 (1971).  Younger requires that federal courts not intervene in "ongoing, originally state-initiated *civil* or even *administrative* proceedings that satisfy three conditions:  (1) the proceedings are judicial (as opposed to legislative) in nature; (2) they implicate important state interests; and (3) they provide an adequate opportunity to raise federal constitutional challenges."  Johnson v. Bd. of Bar Overseers of Mass., 324 F. Supp. 2d 276, 282 (D. Mass. 2004) (emphasis in original) (quoting Bettencourt v. Bd. of Registration in Med., 904 F.2d 772, 777 (1st Cir. 1990)).

Here, all three elements of the Younger doctrine are met.  First, Talasazan's claims relate to Massachusetts' attorney discipline procedure, which are "judicial in nature."  Id. at 283 (quoting Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 433 (1982)).  Second, Massachusetts has an "extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses."  Id. (quoting Middlesex, 457 U.S. at 434).  Finally, Talasazan will have the opportunity to raise his constitutional claims in the courts of the Commonwealth because "Massachusetts law expressly guarantees to any aggrieved party the right of judicial review of administrative decisions."  Id. at 283–284 (citing Mass. Gen. L. c. 30A, § 14(7)); see Bd. of Locomotive Eng'rs v. Massachusetts Comm'n Against Discrimination, 695 F. Supp. 1321, 1323 (D. Mass. 1988) (noting that "it cannot be doubted that the courts of the Commonwealth... will give federal constitutional issues... the closest scrutiny").

"Nonetheless, even where, as here, all three requirements of Younger are satisfied, 'a federal court may nonetheless intervene to halt [ ] an ongoing state judicial proceeding if the plaintiff demonstrates bad faith, harassment, or any other unusual circumstance.'"  Johnson, 324 F. Supp. 2d at 284 (quoting Brooks v. New Hampshire Supreme Court, 80

F.3d 633, 639 (1st Cir. 1996)) (internal quotation marks omitted). "To invoke the 'bias' exception to the <u>Younger</u> abstention doctrine, <u>Brooks</u> first requires a plaintiff to seek to recuse allegedly biased judges in the state proceeding." <u>Id.</u> (quoting <u>Brooks</u>, 80 F.3d at 640). "Second, [Talasazan] must offer 'some evidence that abstention will jeopardize [his] due process right to an impartial adjudication.'" <u>Id.</u> (quoting <u>Brooks</u>, 80 F.3d at 640). Talasazan argues that he will not be afforded an adequate opportunity to be heard should this case be dismissed. D. 69 at 5. The complaint does not, however, allege that Talasazan has sought the recusal of any state officials in his disciplinary proceedings. <u>Cf.</u> <u>Johnson</u>, 374 F. Supp. 2d at 284 (concluding that Massachusetts attorney subject to disciplinary charges who "sought recusal of the Special Hearing Officer, the Board Chair, and Bar Counsel" satisfied first element of the bias exception). Even assuming <i>arguendo</i> that Talasazan does seek the recusal of certain BBO or OBC officials in his disciplinary proceedings, satisfying the first element of the bias exception, the allegations in the complaint do not satisfy the second element.

"To implicate due process, claims of general institutional bias must be harnessed to a further showing, such as a potential conflict of interest, or a pecuniary stake in the outcome of the litigation." <u>Johnson</u>, 374 F. Supp. 2d at 284 (quoting <u>Brooks</u>, 80 F.3d at 640). The complaint does not contain plausible factual allegations that any state officials involved in his disciplinary proceedings "stand to gain or lose anything or have any particularized interest that might tend to undermine their impartiality." <u>Id.</u> (citing <u>Brooks</u>, 80 F.3d at 640). The bias exception to the <u>Younger</u> abstention doctrine, therefore, does not apply. Accordingly, the Court applies the <u>Younger</u> abstention doctrine to Talasazan's claims for equitable relief against the State Defendants. The <u>Younger</u> abstention doctrine does not apply, however, to Talazasan's claims for damages, D. 6 ¶ 152, because he will not have the opportunity to make these claims in the state proceeding. <u>See</u> <u>Johnson</u>, 374 F. Supp. 2d at 285 (dismissing attorney's civil rights claims only to the extent that she sought equitable relief because she could not seek damages in BBO disciplinary proceedings) (citing <u>Deakins v. Monaghan</u>, 484 U.S. 193, 202 (1988)).

Talasazan's claims for damages must nevertheless be dismissed under the Eleventh Amendment. "The Board of Bar Overseers and the Office of Bar Counsel are both... arms of the state, subject to the Eleventh Amendment bar against suits for money damages in federal court." <u>Id.</u> at 286. "The individuals named are also immune from suit based on their actions taken in their official capacities." <u>Id.</u> (citing <u>Bettencourt</u>, 904 F.2d at 777). Although a state "may waive its sovereign immunity by consenting to be sued in federal court," <u>id.</u> (quoting <u>Maysonet–Robles v. Cabrero</u>, 323 F.3d 43, 49 (1st Cir. 2003)), there has been no such waiver here. Accordingly, the Court dismisses Talasazan's claims for money damages against the State Defendants. For all of these reasons, the Court allows the State Defendants' motion to dismiss. Given this ruling, the Court does not reach the other grounds that the State Defendants raise in support of their motion to dismiss.

As to Talasazan's motion for temporary restraining order and preliminary injunction, D. 55, that motion is denied since that motion fails at least as to the requisite showing of a reasonable likelihood of success on the merits of his claims. When a complaint is subject to dismissal for failure to state a claim, a plaintiff cannot demonstrate likelihood of success and a preliminary injunction will not issue. <u>See, e.g.,</u> <u>Hicks v. Ryan</u>, No. 13-cv-10709-RGS, 2013 WL 1992679, at *15 (D. Mass. May 9, 2013).

For all of these reasons, the Court ALLOWS Microsoft's motion to dismiss, D. 39,

**ALLOWS State Defendants' motion to dismiss, D. 44, DENIES as moot State Defendants' motion for protective order given the Court's other rulings, D. 46, and DENIES Talasazan's motion for temporary restraining order and preliminary injunction.  D. 55.**

**(Hourihan, Lisa)**

**1:22-cv-11764-DJC Notice has been electronically mailed to:**

David R. Marks     david.marks@mass.gov, AdlawEFilings@state.ma.us

Paul B. Lewis     paul.lewis@dlapiper.com, hector.rivera@us.dlapiper.com, kara.race-moore@us.dlapiper.com, maryann.souza@us.dlapiper.com, paul-lewis-0899@ecf.pacerpro.com, sherry.faulkner@us.dlapiper.com

**1:22-cv-11764-DJC Notice will not be electronically mailed to:**

Harel Talasazan
535 N Fuller Avenue
Los Angeles, CA 90036

## Orders on Motions

<u>1:22-cv-11764-DJC Talasazan v.
Microsoft Corporation et al</u>

ProSe

### United States District Court

### District of Massachusetts

## Notice of Electronic Filing

The following transaction was entered on 6/21/2023 at 12:04 PM EDT and filed on 6/21/2023
**Case Name:**          Talasazan v. Microsoft Corporation et al
**Case Number:**      <u>1:22-cv-11764-DJC</u>
**Filer:**
**Document Number:** 79(No document attached)

**Docket Text:**
**Judge Denise J. Casper: ELECTRONIC ORDER entered re: [58] Motion for Sanctions.
Plaintiff Mr. Talasazan has moved for an order imposing sanctions against the State
Defendants (and their counsel) for allegedly failing "to preserve electronically stored
information and for spoliation of evidence." D. 58 at 1. Having considered the merits of
Plaintiff's motion papers and given the Court's allowance of the State Defendants' motion to
dismiss, the Court DENIES this motion. (Hourihan, Lisa)**

**1:22-cv-11764-DJC Notice has been electronically mailed to:**

David R. Marks    david.marks@mass.gov, AdlawEFilings@state.ma.us

Paul B. Lewis    paul.lewis@dlapiper.com, hector.rivera@us.dlapiper.com, kara.race-
moore@us.dlapiper.com, maryann.souza@us.dlapiper.com, paul-lewis-0899@ecf.pacerpro.com,
sherry.faulkner@us.dlapiper.com

**1:22-cv-11764-DJC Notice will not be electronically mailed to:**

Harel Talasazan
535 N Fuller Avenue
Los Angeles, CA 90036

**Orders on Motions**

1:22-cv-11764-DJC Talasazan v.
Microsoft Corporation et al

ProSe

## United States District Court

### District of Massachusetts

**Notice of Electronic Filing**

The following transaction was entered on 6/21/2023 at 12:08 PM EDT and filed on 6/21/2023
**Case Name:**       Talasazan v. Microsoft Corporation et al
**Case Number:**     1:22-cv-11764-DJC
**Filer:**
**Document Number:** 80(No document attached)

**Docket Text:**
**Judge Denise J. Casper: ELECTRONIC ORDER entered re: [64] Motion Objection and MOTION to Permit Filing of Opposition to Motion for Protective Order After Date of Entry of Order by Harel Talasazan; [71] Motion to Take Judicial Notice; [73] Motion to Take Judicial Notice. Plaintiff's objection and motion to permit opposition to the motion for protective order, D. 64 is DENIED as moot in light of the Court's ruling on D. 46. Plaintiff's motions for judicial notice are DENIED as moot in light of the rulings on D. 39, 44 and 55. (Hourihan, Lisa)**

**1:22-cv-11764-DJC Notice has been electronically mailed to:**

David R. Marks    david.marks@mass.gov, AdlawEFilings@state.ma.us

Paul B. Lewis    paul.lewis@dlapiper.com, hector.rivera@us.dlapiper.com, kara.race-moore@us.dlapiper.com, maryann.souza@us.dlapiper.com, paul-lewis-0899@ecf.pacerpro.com, sherry.faulkner@us.dlapiper.com

**1:22-cv-11764-DJC Notice will not be electronically mailed to:**

Harel Talasazan
535 N Fuller Avenue
Los Angeles, CA 90036

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

**HAREL TALASAZAN**


**V.**                                              **CIVIL ACTION NO. 22-11764-DJC**


**MICROSOFT CORP., ET AL**


**ORDER OF DISMISSAL**


CASPER, D.J.

      In accordance with the ECF Order dated June 21, 2023, the Court Orders that Defendants'

Motion to Dismiss is Allowed and the above-entitled action be and hereby is DISMISSED.


June 21, 2023                                      /s/ Lisa M. Hourihan
                                                   Deputy Clerk

EXHIBIT 7

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                    SUPREME JUDICIAL COURT
                                FOR SUFFOLK COUNTY
                                No. BD-2023-045


IN RE: HAREL TALASAZAN

ORDER OF NOTICE

On the foregoing information seeking the suspension of the lawyer, it is hereby ORDERED that the Office of Bar Counsel give notice to the said lawyer to appear before a Justice of the Supreme Judicial Court to be holden at Boston within and for the County of Suffolk on Wednesday, the twenty-first day of June, 2023, at 02:00 pm, in Courtroom Two, John Adams Courthouse, Second Floor, One Pemberton Square, Boston, Massachusetts, 02108, by serving the lawyer with an attested copy of said information and of this order thereon forthwith that the lawyer may then show cause why the relief sought in the information should not be granted.

By the Court, (Lowy, J.)

/s/ Maura S. Doyle

Maura S. Doyle
Clerk of Court

Entered:  May 22, 2023

A true copy Attes:


May 22, 2023 /s/ Amy C. Stewart
            Assistant Clerk

EXHIBIT 8

**Suffolk County - 20/20 Perfect Vision i2 Document Detail Report**

**Current datetime: 7/6/2023 10:24:29 AM**

| Doc# | Document Type | Town | Book/Page | File Date | Consideration |
|------|---------------|------|-----------|-----------|---------------|
| 124 | ORDER OF TAKING | | 17978/41 | 01/11/1993 | 3.00 |

**Property-Street Address and/or Description**

ATLANTIC AVE,   NORTHERN AVE,   BOSTON

**Grantors**

UNITED STATES OF AMERICA,  FAN PIER LAND COMPANY,  HBC ASSOCIATES,  CARPENTER FAN PIER ASSOCIATES LP,
MASSACHUSETTS COMMONWEALTH OF

**Grantees**

**References-Book/Pg  Description  Recorded Year**

19033/311  AMD  1994

**Registered Land Certificate(s)-Cert#  Book/Pg**

**124**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 92-12833-WD |
| | ) |
| 4.56 ACRES OF LAND, AND 0.78 | ) |
| ACRES OF LAND, MORE OR LESS, | ) |
| SITUATE IN SUFFOLK COUNTY, | ) |
| COMMONWEALTH OF MASSACHUSETTS; | ) |
| FAN PIER LAND COMPANY; HBC | ) |
| ASSOCIATES; CARPENTER FAN | ) |
| PIER ASSOCIATES LIMITED | ) |
| PARTNERSHIP; and THE COMMONWEALTH | ) |
| OF MASSACHUSETTS, | ) |
| | ) |
| Defendants. | ) |

<u>LIS PENDENS</u>

Notice is hereby given that on the 25th day of November, 1992 a Complaint for Condemnation was filed in the United States District Court for the District of Massachusetts, which is a condemnation proceeding brought on behalf of the United States of America to condemn land in Suffolk County for public use.  The land involved is described in Schedule "A", attached hereto and made a part hereof, and is delineated in map marked Schedule "C", attached to Complaint in Condemnation.

The authorities for the taking of the land are under and in accordance with the Act of Congress approved August 1, 1888, 25 Stat. 357, as amended, 40 U.S.C. § 257; the Public Buildings Act of 1959, 73 Stat. 479, as amended, (40 U.S.C. §§ 602, 604(a); the Federal Property and Administrative Services Act of 1949, 63 Stat. 377, as amended, (40 U.S.C. § 490(a)(12)); and the Congressional enactment under Pub. L. 101-509, of November 5,

*17978 - 042*

1990, 104 Stat. 1406, wherein the authority and funding for land acquisition and construction of a courthouse was provided.

The public use for which said land is taken is the construction and operation of a new United States courthouse. The said land has been selected for acquisition by the United States of America for said purposes, and for such other uses as may be authorized by Congress or by Executive Order.

The estates hereby taken for said public use are set forth in Schedule "A" annexed hereto and made a part hereof.

In order to give due notice of such suit, the United States of America is causing these presents to be executed by its United States Attorney.

This 18th day of November, 1992.

UNITED STATES OF AMERICA,
Plaintiff

A. JOHN PAPPALARDO
United States Attorney

By: _____
GEORGE B. HENDERSON II
Assistant U.S. Attorney
1107 J.W. McCormack POCH
Boston, MA  02109
(617) 223-9403

JOY RYAN
Attorney, U.S. Department of
    Justice
Environment and Natural Resources
    Division
P.O. Box. 561
Ben Franklin Station
Washington, D.C.  20044
(202) 272-4756

2

17978 043

# COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.

## OATH

The undersigned George B. Henderson, II, Assistant United States Attorney, on his oath declares that the proceeding referred to hereinabove affects the title to the land and building thereon as described above.

GEORGE B. HENDERSON, II

Dated:  December 3 , 1992

Then personally appeared the above-named George B. Henderson, II, Assistant United States Attorney, and acknowledged the foregoing to be true to the best of his knowledge, information and belief, and to be his free act and deed on behalf of the United States of America.

Subscribed to and sworn before me this 3rd day of December, 1992.

Notary Public

My Commission expires: 10/24/97

The above styled action constitutes a claim of right to title to real property or the use and occupation thereof or the buildings thereon.

SO ORDERED AND ENDORSED:

United States District Judge

Dated: December 14, 1992

I HEREBY ATTEST AND CERTIFY ON Dec. 23-92
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN MY OFFICE AND IN MY LEGAL CUSTODY.
ROBERT J. SMITH, JR.
CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BY _____ Deputy

3

17978    044

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 92-12833-WD |
| | ) |
| 4.56 ACRES OF LAND, AND 0.78 | ) |
| ACRES OF LAND, MORE OR LESS, | ) |
| SITUATE IN SUFFOLK COUNTY, | ) |
| COMMONWEALTH OF MASSACHUSETTS; | ) |
| FAN PIER LAND COMPANY; HBC | ) |
| ASSOCIATES; CARPENTER FAN | ) |
| PIER ASSOCIATES LIMITED | ) |
| PARTNERSHIP; and THE COMMONWEALTH | ) |
| OF MASSACHUSETTS, | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF SERVICE

I, George B. Henderson, II, being duly sworn, depose and say:

1. The attached <u>Lis Pendens</u> relates to the above-captioned civil condemnation action which is an <u>in rem</u> proceeding against real property.

2. On this date, I have served the notice of the allowance of the Ex Parte Motion for Endorsement of Notice of Lis Pendens by causing a copy of the attached <u>Lis Pendens</u> to be mailed by certified mail addressed to:

John A.D. Gilmore, Esq.
Hill & Barlow
One International Place
Boston, MA 02110-2607

Attorney for Fan Pier Land Company and HBC Associates

and

*1797 045*

Stuart T. Rossman, Esq.
Assistant Attorney General
131 Tremont Street
Trial Division
Boston, MA 02111

Attorney for the Commonwealth of Massachusetts

Signed under the pains and penalties of perjury this 23rd day of December, 1992.

George B. Henderson, II
Assistant U.S. Attorney

Then personally appeared the above-named George B. Henderson, II, Assistant United States Attorney, and acknowledged the foregoing to be true to the best of his knowledge, information and belief, and to be his free act and deed on behalf of the United States of America.

Subscribed to and sworn before me this 23rd day of December, 1992.

Notary Public

My Commission expires: 10/24/97

2



## SCHEDULE A

Two (2) parcels of land situated in the City of Boston, County of Suffolk, Commonwealth of Massachusetts, being more particularly bounded and described as follows:

### LOT 1A

Fee Simple Absolute Title, together with all riparian rights associated therewith, in certain land more particularly bounded and described as:

BEGINNING at a stone bound marking an angle point in the Northeasterly line of Northern Avenue, said point being about 863.41 feet from a point of curvature of a corner rounding into Atlantic Avenue, said distance being measured along the center line of Northern Avenue.

THENCE running:

N 61 degrees 23' 30" W, along the said Northeasterly line of Northern Avenue, a distance of 99.71 feet, to a point on the abandoned pierhead and bulkhead line of 1916;

THENCE       northeasterly along said abandoned pierhead and bulkhead line, on a curve to the right, having a radius of 910.00 feet, an arc length of 836.04 feet, to a point;

THENCE       S 31 degrees 53' 30" W, through land of the grantor, a distance of 667.55 feet, to a point on the aforesaid Northeasterly line of Northern Avenue;

THENCE       N 58 degrees 06' 30 " W, along said Northeasterly line of Northern Avenue, a distance of 345.29 feet, to the POINT OF BEGINNING.

Said parcel containing 198,790.35 square feet, more or less, or 4.5636 acres, more or less, and being a portion of the premises conveyed by the Fan Yards Nominee Trust as grantor, to the Fan Pier Land Company Inc., as grantee, by deed dated May 20, 1992.

### LOT 1B

A perpetual and assignable nonexclusive easement and right-of-way for the benefit of Lot 1A described above, to locate, construct, operate, use, maintain, and repair a roadway, pedestrian way, light fixtures and sidewalk, with utility lines in, under, upon, over, and across said Lot 1B, together with the right to trim, cut, fell, and remove therefrom all trees, underbrush,

1

1797 / 047

obstructions, buildings, and any other vegetation, structures, or obstacles within the right-of-way; subject to and excluding however, existing easements of record for public roads and highways, public utilities and pipelines, if any; and reserving to the landowner(s), its heirs, executors, administrators, successors and assigns, the right to use the surface of said land within Lot 1B as access to their adjoining land.

This nonexclusive easement shall automatically extinguish and expire upon the condition, and only to the extent, that said Lot 1B is accepted by the City of Boston as a public way.

Said Lot 1B is bounded and described as follows:

BEGINNING at a point on Northeasterly line of Northern Avenue, said point being the Southwest corner of Lot 1A, hereinbefore described;

THENCE running:

N 31 degrees 53' 30" E, through land of grantor, a distance of 667.55 feet, to a point on the abandoned pierhead and bulkhead line of 1916, said point being the Northeast corner of Lot 1A, hereinbefore described;

THENCE    Northeasterly, along said abandoned pierhead and bulkhead line of 1916, on a curve to the right, having a radius of 910.00 feet, an arc length of 56.87 feet, to a point;

THENCE    S 31 degrees 53' 30" W, by other land of the grantor, a distance of 694.63 feet, to a point on the aforementioned Northeasterly line of Northern Avenue;

THENCE    N 58 degrees 06' 30 " W, along said Northeasterly line of Northern Avenue, a distance of 50.00 feet, to the POINT OF BEGINNING.

Said Lot 1B contains 34,070.38 square feet, more or less, or 0.7821 acres, more or less, and being a portion of the premises conveyed by the Fan Yards Nominee Trust as grantor, to the Fan Pier Land Company Inc., as grantee, by deed dated May 20, 1992.

The above described Lots 1A and 1B are shown on a plan attached hereto and titled, "Plan of Land, Northern Avenue, Boston, Massachusetts, Suffolk County, prepared for General Services Administration," Scale: 1"=40' dated October 15, 1991 by Cullinan Engineering Co., Inc., Auburn - Boston, Massachusetts.

(End Of Schedule A)

EXHIBIT 9

NEOPOST

FIRST-CLASS MAIL

US POSTAGE $009.96⁰

ZIP 02110
041M11468080

7019 0160 0000 7752 0799

**OFFICE OF THE BAR COUNSEL**
99 HIGH STREET
BOSTON, MASSACHUSETTS 02110-2320

Harel Talasazan
535 N. Fuller Avenue
Los Angeles, CA 90036

Re: 1:22-CV-11764-DJC   Re: Bd-2023-[047S?]
on empfered court Counsel

Lower Mortgeri,
Unperfect invoice;
= Send IN/portal info

RECEIVED: 05/27/2023

ELECTRONIC/PDF FORMAT REJECTED

ALL RIGHTS AMONG OTHER THINGS RESERVED

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Harel Talasazan
535 N. Fuller Ave.
Los Angeles, CA
90036

2. Article Number
(Transfer from service label)

7019 0160 0000 7752 0799

PS Form 3811, February 2004    Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____
    ☐ Agent
    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

102595-02-M-1540